John L. Haller, California Bar No. 61392
Susan . Meyer, California Bar No. 204931
GORDON & REES LLP
101 West Broadway, Suite 1600
San Diego, CA 92101
619-696-6700
619-696-7124 FAX
jhaller@gordonrees.com
smeyer@gordonrees.com
vcafferky@gordonrees.com

Attorneys for Defendant,
CAS ENTERPRISES, INC.
D/B/A KREG TOOL COMPANY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOON PARK, an individual,<br><br>Plaintiff,<br><br>VS.<br><br>CAS ENTERPRISES, INC., an Iowa corporation; d/b/a KREG TOOL COMPANY<br><br>Defendant. | CIVIL NO. 08-CV-0385 DMS NLS<br><br>DEFENDANT CAS ENTERPRISES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR CHANGE OF VENUE UNDER 28 U.S.C. § 1404(a)<br><br>DATE: MAY 30, 2008<br><br>TIME: 1:30 P,M,<br><br>PLACE: COURTROOM 10<br><br>JUDGE: HON. DANA M. SABRAW<br><br>MAGISTRATE JUDGE: HON. NITA L. STORMES |

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant CAS Enterprises, Inc. d/b/a Kreg Tool Company ("Kreg Tool") herein submits its Memorandum of Law in support of its motion for change of venue under 28 U.S.C. § 1404(a).

## I.

## BACKGROUND / SUMMARY OF ARGUMENT

This case alleging patent infringement was brought by Joon Park, an individual ("Park"). Park alleges that Kreg Tool's Model K3 pocket hole jig, infringes Park's U.S. Patent No. 6,637,988 ("the '988 patent") and U.S. Patent No. 7,134,814 ("the '814 patent").

The K3 is a pocket hole jig, which is a woodworking tool that is manufactured and sold by Kreg Tool [Sommerfeld Decl., ¶ 7]. A pocket hole jig is a woodworking tool that enables a craftsman to join boards with screws very quickly with only a few steps. Pocket hole jigs are commonly used to make cabinets, furniture, decks and can be used in nearly any situation where two boards need to be joined together [Sommerfeld Decl., ¶ 7].

Craig Sommerfeld, the founder of Kreg Tool, invented the first pocket hole jig in 1983 [Sommerfeld Decl., ¶ 4]. Kreg Tool has sold various makes and models of pocket hole jigs since at least 1989 [Sommerfeld Decl., ¶ 6]. Kreg Tool developed and sold many models of pocket hole jigs in the last twenty years, and has designed numerous prototype jigs. All of this work was done in the State of Iowa, and all prototypes are located in Iowa [Sommerfeld Decl., ¶ 6].

In April of 2007 Kreg Tool contacted Park; to inquire if he would be interested in selling the '988 and '814 patents [Sommerfeld Decl., ¶ 8]. The parties were unable to come to an agreement, and had no further communication until the commencement of this lawsuit [Sommerfeld Decl., ¶ 8].

None of the parties to this lawsuit has any significant contacts with the Southern District of California. Park by his own admission resides in the Central District of California [Complaint ¶ 1]. Park has never made or sold any type of pocket hole jig, much less a jig that practices any claim of either the '988 patent or the '814 patent [Sommerfeld Decl., ¶ 22]. Kreg Tool is an Iowa corporation based in Huxley, Iowa [Sommerfeld Decl., ¶ 9]. The K3 is designed and manufactured in Iowa [Sommerfeld Decl., ¶¶ 10 and 11]. All of Kreg Tool's witnesses are in

Iowa [Sommerfeld Decl., ¶ 14].

After commencement of this case Park brought two additional patent cases *Park v. CMT* Case No. 08-cv-0668, and *Park v. Penn State Industries* Case No. 08-cv-0667. There is no relationship or association between Kreg Tool's allegedly infringing K3 product, and the alleged infringing products of Penn State or CMT [Sommerfeld Decl., ¶ 15].

Kreg Tool moves that this action be transferred to the Southern District of Iowa under 28 U.S.C. § 1404(a).

## II.

## ARGUMENT

### A. FOR THE CONVENIENCE OF PARTIES AND WITNESSES AND IN THE INTEREST OF JUSTICE, THIS MATTER SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF IOWA.

28 U.S.C. § 1404(a) provides, in regard to a change of venue, that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The movant has the burden of demonstrating that a transfer is appropriate. *Ravelo Monegro v. Rosa*, 211 F.3d 509, 511 (9th Cir. 2000), *Central States, Se. & Sw. Areas Healthy & Welfare Fund v. Guarantee Trust Life Ins. Co.* 8 F. Supp.2d 1008, 1010 (N.D. Ohio 1998).

The factors to be considered under § 1404(a) are similar to those weighed by courts in determining *forum non conveniens* motions; however, transfers pursuant to § 1404(a) may be granted "upon a lesser showing of inconvenience." *Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 99 L. Ed. 789, 75 S. Ct. 544 (1955).

The purpose of the transfer of venue provision is "to prevent the waste of 'time, energy and money' and 'to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616, 11 L.Ed.2d 945, 84 S. Ct. 805 (1964) *quoting Continental Grain Co. v. Barge F.B.L.*, 364 U.S. 19, 26-27, 80 S. Ct. 1470, 4 L.Ed.2d 1540 (1960).

"In ruling on a motion to transfer under § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential

witnesses, as wells as other public interest concerns, such as systemic integrity and fairness, which come under the rubric of interests of justice." *Nathan v. Boeing Co.*, 116 F.3d 422, 423 (9th Cir. 1997) Quoting…*Cherokee Export Co. v. Chrysler International Corp.*, 1998 WL 57279 at 2 (6th Cir. 1998) (citing *Moses v. Business Card Espress, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) quoting *Stewart Org., Inc. v. Ricoh Corp.* 487 U.S. 22, 30, 108 S. Ct. 2239, 101 L.Ed.2d 22 (1988)). "The court is also called upon to 'weight a number of other case specific factors." *Cherokee*, 1998 WL 57279 at 2, *citing Stewart*, 487 U.S. at 29. These factors include:

> the nature of the suit; the place of the events involved; the relative ease of access to sources of proof; the nature and materiality of testimony to be elicited from witnesses who must be transported; the respective courts' familiarity with applicable law and the condition of their dockets; and the residences of the parties.

*Decker Coal Co. v. Commonwealth Edison Co.*, 85 F.2d 834, 840 (9th Cir. 1986); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 1999); *Midwest Motor Supply Co, Inc. v. Kimball*, 761 F. Supp. 1316, 1318 (S.D. Ohio 1991); *see also Shapiro v. Merrill Lynch & Co.*, 634 F. Supp. 587, 589 (S.D. Ohio 1986).

1. <u>This Suit Could Have Been Brought in the Southern District of Iowa</u>

Section 1404 first requires that a civil action may only be transferred "to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A corporate defendant resides "in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c).

Kreg Tool does not dispute that it would be subject to personal jurisdiction in the proposed transferee district of the Southern District of Iowa. Further, as this patent infringement case is brought under the federal patent laws, the transferee court would have had subject matter jurisdiction. Thus, Park's suit could have been brought in the Southern District of Iowa.

/ / / / /

/ / / / /

2. Plaintiff's Choice of Forum May Be Disregarded

Traditionally, a plaintiff's choice of forum was given significant consideration in the transfer of venue analysis. Since the enactment of § 1404(a), however, plaintiff's choice of forum has diminished in significance. *Anchorwall Systems, Inc. v. R & D Concrete Products, Inc.*, 55 F. Supp. 2d 871, 874-75 (N.D. Ill. 1999); *see also Ardco, Inc. v. Page, Ricker, Felson Marketing*, 1992 U.S. Dist. LEXIS 14299, 1992 WL 246862, at 6 (N.D. Ill 1992).

None of the parties resides in the Southern District of California. Park is a resident of the Central District of California. Kreg Tool is an Iowa corporation, with all of its facilities located in the southern district of Iowa [Sommerfeld Decl., ¶¶ 9, 10 and 11]. Park does not make use or sell any product in the Southern District of California [Sommerfeld Decl., ¶ 22]. Thus, Park's choice of venue should be attributed little weight, *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1147 (9th Cir. 2001)*; Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 260 (1981); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).

Furthermore, in patent infringement cases, "the district court ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production." *Ricoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473, 481 n. 17 (D.N.J. 1993); *see also Laitram Corp. v. Morehouse Indus., Inc.*, 1994 U.S. Dist. LEXIS 3492, 31 U.S.P.Q.2d 1697 (E.D. La. 1994). "For that reason, district courts may disregard plaintiff's choice of forum in cases involving claims of patent infringement." *Laitram*, at 12-13; *Ricoh*, 817 F. Supp. at 481 (holding that "when the central facts of a lawsuit occur outside the forum state, a plaintiff selection of that forum is entitled to less deference.") As explained in more detail below, the hub of activity in this patent infringement case is in the Southern District of Iowa.

3. The Balance of Convenience Factors Favors Transfer to the Southern District of Iowa

The factors that should be considered in determining the most appropriate and convenient venue include: the relative ease of access to sources of proof; and the availability of compulsory process for attendance of witnesses; and the cost of obtaining attendance of willing, witnesses; the possibility of view of premises, if view would be appropriate to the action; and all other practical

problems that make trial of a case easy, expeditious and inexpensive, *Gulf Oil Corp.* 330 U.S. at 508. Clearly all of these factors weigh in favor of transferring this case to the Southern District of Iowa.

Under the patent law of the United States, "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States … during the term of the patent therefore, infringes the patent." 35 U.S.C. § 271(a). In this case the alleged infringing product, the Kreg Tool Model K3 was designed, and is manufactured and shipped from Iowa [Sommerfeld Decl., ¶¶ 10 and 11]. The sales of the K3 in the Southern District of California are minimal (i.e. less than 1% of total sales) [Sommerfeld Decl., ¶¶ 20 and 21]. Kreg Tool has identified at least fifteen potential witnesses, all of whom work and reside in Iowa [Sommerfeld Decl., ¶ 14]. Plaintiff Park does not reside in the Southern District of California [Complaint ¶ 1]; Park resides in Glendale, California which is located in Los Angeles County, which is in the Central Judicial District of California. Park does not make or sell any type of pocket hole jig in the Southern District of California or any other jurisdiction [Sommerfeld Decl., ¶ 22]. The vast bulk of the physical and other evidence is located in Iowa [Sommerfeld Decl., ¶¶ 10, 11, 12, 13 and 14]. .

A number of courts have recognized in patent cases that:

> practicality and convenience are best served when a patent case is prosecuted where the alleged acts of infringement occurred and the defendant has a regular and established place of business so as to facilitate the production and investigation of books, records and other data necessary to the discovery and trial techniques employed in the patent field.

*Ardco*, 1992 U.S. Dist. LEXIS at 16-17, *quoting Spound v. Action Industries, Inc.*, 369 F. Supp. 1066, 1069 (N.D. Ill. 1974); *see also Anchor Wall Systems*, 55 F. Supp.2d at 875; *Laitram Corp. v. Hewlett-Packard Company*, 120 F. Supp.2d 607, 609 (E.D. La. 2000); *Laitram Corp.*, 1994 U.S. Dist. LEXIS at 12-14; *LG Elec., Inc. v. Asustek Computers*, 126 F. Supp.2d 414, 423 (E.D. Va. 2000); *Coloplast A/S v. Amoena Corp.*, 1992 U.S. Dist. LEXIS 17587 (S.D. NY 1992); *Scholz Research & Dev., Inc. v. Kurzke*, 720 F. Supp. 710, 713 (N.D. Ill. 1989); *Magee v. Essex-tec*

*Corp.*, 704 F. Supp. 543, 547-8 (D. Del. 1988); *Hy-Gain Elec. Corp. v. Conrac Corp.*, 418 F.Supp. 582, 584 (S.D. N.Y. 1976).

In non-patent cases courts have recognized the prudence of trying a case in the district that is the center of the accused activity. *Jamhour v. Scottsdale Ins. Co.*, 211 F. Supp.2d 941 (D. Ohio 2002) (granting transfer because the majority of witnesses resided in, and the subject property was located in the transferee district); *Mead Corp. v. Oscar J. Boldt Constr. Co.*, 508 F. Supp. 193, 199 (D. Ohio 1981)(granting transfer to the district where the cause of action accrued); *Midwest Motor Supply Co., Inc.*, 761 F. Supp. at 1319.

In applying these principles of law to this case, the balance of conveniences weighs in favor of transfer to the Southern District of Iowa. Kreg Tool is an Iowa corporation that maintains its offices, research and development facilities, sales management offices, and significant tangible assets in Huxley, Iowa, in the Southern District of Iowa [Sommerfeld Decl., ¶¶ 10 and 11]. The bulk of relevant evidence will come from Kreg Tool's facilities in Huxley, Iowa. All of Kreg Tool's business records pertaining to the design, manufacture and sale of the Model K3 are located in Huxley, Iowa [Sommerfeld Decl., ¶ 12]. All of Kreg Tool's officers and the substantial majority of its employees reside within the Southern District of Iowa [Sommerfeld Decl., ¶ 13]. The Kreg Tool Model K3 is manufactured in Iowa [Sommerfeld Decl., ¶¶ 9 and 13]. The Kreg Tool Model K3 was designed in Iowa, and all predecessor product prototypes are located in Huxley, Iowa [Sommerfeld Decl., ¶¶ 6 and 10]. *See Ardco, Inc.*, 1992 U.S. Dist. LEXIS 14229 at 17-18; *Laitram*, 1994 U.S. Dist. LEXIS 3492 at 12-13.

Except for a small proportion of its overall sales, Kreg Tool maintains no significant contacts with the Southern District of California [Sommerfeld Decl., ¶¶ 16, 17, 18 and 19]. Kreg Tool has no property, employees, bank accounts or telephone listings in the Southern District California [Sommerfeld Decl., ¶¶ 18 and 19]. *See Coloplast AIS v. Amoena*, 25 USPQ2d 1549 (S.D. N.Y. 1992)

In this patent infringement case, the discovery inquiry will necessarily focus on Kreg Tool's allegedly infringing product, including its design, its manufacture, its testing, and its use. The inquiry may also include promotion, marketing, and sales.

Park's patent infringement case, in contrast, only must focus on the patents. Park will not have the discovery production burden Kreg Tool will have. Park does not sell a pocket hole jig product in the Southern District of California and does not reside there.

Park may argue that he expects to have to defend against a claim by Kreg Tool that his patents are invalid and unenforceable. Issued patents are presumed to be valid and enforceable and Kreg Tool will be bearing the high burden of proving invalidity and unenforceability by clear and convincing evidence. *Smith Kline Diagnostics, Inc. v. Helena Labs Corp.*, 859 F.2d 878 (Fed. Cir. 1988), *See also Ardco*, 1992 U.S. Dist. LEXIS at 19-20 (refusing to assign importance to patent owner's claim that it will have to defend against a claim of patent invalidity).

Thus, clearly the "center of gravity" for this case is in the Southern District of Iowa because the relative considerations focus on Kreg Tool's allegedly infringing conduct. *See Laitram Corp.*., 120 F.Supp.2d at 609-10 (E.D. La. 200); *Laitram Corp. v. Morehouse Indus.*, 31 USPQ2d 1697 (E.D. La. 1994).

4. <u>An Important Public Interest Factor, the Speed with which the Parties Will Go to Trial Also Weighs in favor of Transferring the Case to the Southern District of Iowa</u>

The factor of which jurisdiction will provide a speedier trial weigh in favor of transferring the case to the Southern District of Iowa. The real issue to be considered is whether a trial may be speedier in another court because of its less crowded docket, *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1337 (9th cir. 1984); *Starnes v. McGuire*, 512 F.2d 918, 932 (D.C.Cir.1974); *Foster v. Litton Industries, Inc.*, 431 F.Supp. 86, 88 (S.D.N.Y.1977).

The U.S. Courts keep detailed case statistics, and the statistics regarding the total number of cases filed, as well as the as the time from filing to trial in civil cases, in the two districts argue strongly in favor of transferring this case to the Southern District of Iowa [Haller Decl. Exhibits A & B].

In 2004 7,964 cases were filed in the Southern District of California, whereas in that same year only 1,415 cases were filed in the Southern District of Iowa. In 2005 6,566 cases were filed in the Southern District of California, whereas in that same year only 1,368 cases were filed in the

/ / / / /

Southern District of Iowa. In 2006 6,645 cases were filed in the Southern District of California, whereas in that same year only 1,227 cases were filed in the Southern District of Iowa.

More importantly the time from filing a civil case to that case going to trial also argues in favor transferring the case to the Southern District of Iowa. In 2004 the median time from filing a civil case, to trial of that case in the Southern District of California was 30 months, whereas in that same year the median time from filing a civil case, to trial of that case in the Southern District of Iowa was 19 months. In 2005 the median time from filing a civil case, to trial of that case in the Southern District of California was 25.4 months, whereas in that same year the median time from filing a civil case, to trial of that case in the Southern District of Iowa was 19 months. In 2006 the median time from filing a civil case, to trial of that case in the Southern District of California was 33 months, whereas in that same year the median time from filing a civil case, to trial of that case in the Southern District of Iowa was 24 months.

It would appear clear that the parties will receive a speedier trial in the Southern District of Iowa.

5. <u>The Filing of So-Called related Cases Should Have no bearing on the Court's Decision</u>

After commencement of this case Park brought two additional patent cases *Park v. CMT* Case No. 08-cv-0668, and *Park v. Penn State Industries* case No. 08-cv-0667. There is no relationship or association between Kreg Tool's K3 product, and the alleged infringing products of Penn State or CMT [Sommerfeld Decl., ¶ 15].

The parties are not related, Kreg Tool is an Iowa corporation with its place of business located in Huxley, Iowa, Penn State is a Pennsylvania corporation with its place of business located in Philadelphia, Pennsylvania and CMT is North Carolina corporation with its place of business located in Greensboro, North Carolina. Since there is no relationship or association between the Kreg Tool product and the Penn State and CMT products at issue in the allegedly related cases, the defense witnesses and other evidence will not be the same. Finally, in the allegedly related cases, as in this case, none of the parties, including the Plaintiff, Joon Park, reside in or have any significant contacts with the Southern District of California. The presence of these

allegedly related cases should have no bearing on the Court's decision on Kreg Tool's venue motion.

**III.**

**CONCLUSION**

Conducting this case in the Southern District of Iowa would promote the goals of making the case easy, expeditious, and inexpensive. Because this case involves claims of patent infringement the vast majority of witnesses, documents, and other evidence reside in the Southern District of Iowa at the location of the alleged infringer. This point is further bolstered by the fact the Plaintiff is not making or selling a product which practices the claims of the patents at issue. Furthermore it seems clear that the parties will receive an earlier trial date in the Southern District of Iowa. For the convenience of the parties and witnesses, and in the interests of justice, this case should be transferred to the Southern District of Iowa.

Respectfully submitted,

GORDON & REES LLP
John L. Haller, California Bar No. 61392

Dated: May 1, 2008

/s/ John L. Haller
John L. Haller L. Haller
Counsel for Defendant
CAS ENTERPRISES, INC.
D/B/A KREG TOOL COMPANY

Table of Contents

Page

I. BACKGROUND / SUMMARY OF ARGUMENT .......... 1

II. ARGUMENT .......... 2

A. FOR THE CONVENIENCE OF PARTIES AND WITNESSES AND IN THE INTEREST OF JUSTICE, THIS MATTER SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF IOWA. .......... 2

1. This Suit Could Have Been Brought in the Southern District of Iowa .......... 3

2. Plaintiff's Choice of Forum May Be Disregarded .......... 4

3. The Balance of Convenience Factors Favors Transfer to the Southern District of Iowa .......... 4

4. An Important Public Interest Factor, the Speed with which the Parties Will Go to Trial Also Weighs in favor of Transferring the Case to the Southern District of Iowa .......... 7

5. The Filing of So-Called related Cases Should Have no bearing on the Court's Decision .......... 8

III. CONCLUSION .......... 9

Table of Authorities

Page

**Cases**

*Anchorwall Systems, Inc. v. R & D Concrete Products, Inc.*,
55 F. Supp. 2d 871 (N.D. Ill. 1999) ........ 4, 5

*Ardco, Inc. v. Page, Ricker, Felson Marketing*,
1992 U.S. Dist. LEXIS 14299,
1992 WL 246862 (N.D. Ill 1992)........ 4, 5, 6, 7

*Central States, Se. & Sw. Areas Healthy & Welfare Fund v. Guarantee Trust Life Ins. Co.*
8 F. Supp.2d 1008 (N.D. Ohio 1998)........ 2

*Cherokee Export Co. v. Chrysler International Corp.*,
1998 WL 57279 (6th Cir. 1998)........ 3

*Coloplast A/S v. Amoena Corp.*,
1992 U.S. Dist. LEXIS 17587 (S.D. NY 1992) ........ 5

*Coloplast AIS v. Amoena*,
25 USPQ2d 1549 (S.D. N.Y. 1992) ........ 6

*Continental Grain Co. v. Barge F.B.L.*,
364 U.S. 19,
80 S. Ct. 1470,
4 L.Ed.2d 1540 (1960) ........ 2

*Decker Coal Co. v. Commonwealth Edison Co.*,
85 F.2d 834 (9th Cir. 1986)........ 3

*Foster v. Litton Industries, Inc.*,
431 F.Supp. 86 (S.D.N.Y.1977)........ 7

*Gates Learjet Corp. v. Jensen*,
743 F.2d 1325 (9th cir. 1984)........ 7

*Gulf Oil Corp. v. Gilbert*,
330 U.S. 501 (1947)........ 4, 5

*Hy-Gain Elec. Corp. v. Conrac Corp.*,
418 F.Supp. 582 (S.D. N.Y. 1976)........ 6

*Jamhour v. Scottsdale Ins. Co.*,
211 F. Supp.2d 941 (D. Ohio 2002)........ 6

*Jones v. GNC Franchising, Inc.*,
211 F.3d 495 (9th Cir. 1999)........ 3

*Laitram Corp. v. Hewlett-Packard Company*,
120 F. Supp.2d 607 (E.D. La. 2000) ........ 5, 7

*Laitram Corp. v. Morehouse Indus., Inc.*,
1994 U.S. Dist. LEXIS 3492,
31 U.S.P.Q.2d 1697 (E.D. La. 1994) ........ 4, 5, 6, 7

Table of Authorities
(continued)

Page

*LG Elec., Inc. v. Asustek Computers*, 126 F. Supp.2d 414 (E.D. Va. 2000) ..... 5

*Lueck v. Sundstrand Corp.*, 236 F.3d 1137 (9th Cir. 2001) ..... 4

*Magee v. Essex-tec Corp.*, 704 F. Supp. 543 (D. Del. 1988) ..... 6

*Mead Corp. v. Oscar J. Boldt Constr. Co.*, 508 F. Supp. 193 (D. Ohio 1981) ..... 6

*Midwest Motor Supply Co, Inc. v. Kimball*, 761 F. Supp. 1316 (S.D. Ohio 1991) ..... 3, 6

*Moses v. Business Card Espress, Inc.*, 929 F.2d 1131 (6th Cir. 1991) ..... 3

*Nathan v. Boeing Co.*, 116 F.3d 422 (9th Cir. 1997) ..... 3

*Norwood v. Kirkpatrick*, 349 U.S. 29, 99 L. Ed. 789, 75 S. Ct. 544 (1955) ..... 2

*Park v. CMT* Case No. 08-cv-0668 ..... 2, 8

*Park v. Penn State Industries* Case No. 08-cv-0667 ..... 2, 8

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981) ..... 4

*Ravelo Monegro v. Rosa*, 211 F.3d 509 (9th Cir. 2000) ..... 2

*Ricoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473 (D.N.J. 1993) ..... 4

*Scholz Research & Dev., Inc. v. Kurzke*, 720 F. Supp. 710 (N.D. Ill. 1989) ..... 5

*Shapiro v. Merrill Lynch & Co.*, 634 F. Supp. 587 (S.D. Ohio 1986) ..... 3

*Smith Kline Diagnostics, Inc. v. Helena Labs Corp.*, 859 F.2d 878 (Fed. Cir. 1988) ..... 7

*Spound v. Action Industries, Inc.*, 369 F. Supp. 1066 (N.D. Ill. 1974) ..... 5

Table of Authorities
(continued)

Page

*Starnes v. McGuire*,
512 F.2d 918 (D.C.Cir.1974) ..... 7

*Stewart Org., Inc. v. Ricoh Corp.*
487 U.S. 22,
108 S. Ct. 2239,
101 L.Ed.2d 22 (1988) ..... 3

*Van Dusen v. Barrack*,
376 U.S. 612,
11 L.Ed.2d 945,
84 S. Ct. 805 (1964) ..... 2

**Statutes**

28 U.S.C. § 1391(c) ..... 3

28 U.S.C. § 1400(b) ..... 3

28 U.S.C. § 1404(a) ..... 1, 2, 3, 4

35 U.S.C. § 271(a) ..... 5

Table of Authorities
(continued)

Page

PROOF OF SERVICE

I, Vickie Caffereky, declare that I am over the age of eighteen (18) years and not party to the case. I am employed in the County of San Diego, where the mailing occurs; and my business address is Gordon & Rees LLP, 101 West Broadway, Suite 1600, San Diego, California 92101.

On May 1, 2008, the following documents described as:

NOTICE OF MOTION AND MOTION FOR CHANGE OF VENUE

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CHANGE OF VENUE

DECLARATION OF TODD SOMMERFELD IN SUPPORT OF MOTION FOR CHANGE OF VENUE

DECLARATION OF JOHN L. HALLER IN SUPPORT OF MOTION FOR CHANGE OF VENUE

ORDER GRANTING MOTION FOR CHANGE OF VENUE [as e-mailed to Chambers)

Served by way of the Court's Notice of Electronic Filing on all attorneys who have provided their e-mail addresses to the court:

Paul Adams
adamspatentlaw@gmail.com

There are no other parties or counsel who need to be served by mail.

I declare on penalty of perjury under the laws of the United States of America that the foregoing is true and correct and executed on May 1, 2008, in the City of San Diego, State of California.

______________________________