Paul Adams (Bar No. 42,146)
THE ADAMS LAW FIRM
California Address
550 West C Street, Suite 2000
San Diego, California 92101
Telephone: 619-241-4810
Facsimile: 619-955-5318

Paul Adams
THE ADAMS LAW FIRM
901 Rio Grande Blvd. NW, Suite H262
Albuquerque, NM 87104
Telephone: 505-222-3145
Facsimile: 505-222-3147
adamspatentlaw@gmail.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JOON PARK, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No.: 08-cv-0385 |
| | ) | |
| v. | ) | **PLAINTIFF'S OPPOSITION TO MOTION TO TRANSFER VENUE UNDER § 1404(a)** |
| | ) | |
| CAS ENTERPRISES, INC., an Iowa Corporation d/b/a KREG TOOL COMPANY, | ) | |
| | ) | Hearing: May 30, 2008 |
| | ) | Time: 1:30 p.m. |
| Defendant. | ) | Place: Courtroom 10 |

## TABLE OF CONTENTS


I. BRIEF STATEMENT OF REASONS FOR OPPOSITION . . . . . . . . . . . . . . . . . 3

II. MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . 4

III. FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IV. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

A. The Plaintiff's Choice of Forum Should Rarely Be Disturbed . . . . . . . . . . . . . . . . 7

B. Transfer Should Not Be Ordered When It Would Simply Shift the Convenience of One Party to Another . . . . . . . . . . . . . . . . . . . . . . 8

C. Judicial Economy as Well as Other Public Factor Benefits Will Result if Venue is Retained in this Court . . . . . . . . . . . . . . . . . . . . 10

D. There is No Basis for Transfer of the Case Found in the Requirement that Documents or Physical Evidence Must be Transported . . . . . . . . . . . . . . . . 12

E. The Evidence Offered by Defendant With Respect to Witness Convenience is Inadequate and Fails to Tip the Balance in Favor of Transfer . . . . . . . . . . . . . . . . 13

F. Early Trial Favors This Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

G. Given the Relative Size of the Litigants and the Favor of Other Factors, Justice Will Best Be Served by Retaining This Case in San Diego . . . . . . . . . . . . . . . . 17

V. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Plaintiff, Joon Park ("Park"), by and through his attorney opposes the motion of CAS Enterprises, Inc. d/b/a Kreg Tool Company ("Kreg Tool") for a transfer of his patent infringement case to the Southern District of Iowa. Defendant has manifestly failed to carry its burden of proof required to merit exercise of the Court's discretion to transfer. Plaintiff admits that the initial condition of 28 U.S.C. §1404(a), namely, that the suit could have been brought in the Southern District of Iowa, is satisfied.

## I. BRIEF STATEMENT OF REASONS FOR OPPOSITION

This court has great discretion in deciding a motion to transfer. The discretion should be exercised based on the individual facts of each case concerning convenience and fairness. The factors to be considered by the court were laid down in an early Supreme Court case that in the course of more than 50 years attracted additional factors applied by various courts.

Contrary to Defendant's suggestion, Plaintiff's choice of forum carries significant weight. The Supreme Court has cautioned that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Thus the Defendant has a great burden of proof expressed by some courts as requiring "clear and convincing" evidence. A plaintiff's choice of forum is accorded less weight when the plaintiff chooses a forum other than his home forum. This Court should be considered Plaintiff's home forum for the reasons explained by Plaintiff although technically the Central District of California is Plaintiff's home forum.

A transfer in this case would simply shift the inconvenience of Defendant to equal or greater inconvenience of Plaintiff and that is not the purpose of Section 1404(a). If the case is retained here, judicial economy will be served because of the related cases that involve the same two patents as in this case. If these cases are tried in three different forums, there will be a waste of judicial resources and the possibility of inconsistent interpretations of the claims of the patents. There is no advantage in transferring the case to Iowa on the basis of the presence of documents or physical evidence because these may be easily transported as recognized in recent case law. Nor is there any basis for transfer

relating to the location of witnesses, whether willing or unwilling, because the witnesses listed by Defendant are substantially within Defendant's control. Subpoenas will not be required and thus there is no advantage for transfer to the Iowa court with respect to Defendant's witnesses. The testimony of those witnesses is not adequately described in any event to enable an assessment of the importance of the witnesses' testimony. Some courts have recognized that little consideration should be given to non-critical witnesses whose testimony at trial can be presented through video deposition.

Because this Court has Local Patent Rules and the Iowa court does not, this case can be more expeditiously handled in this Court with less judicial resources required and the potential for early settlement or summary adjudication. Nor is there any preference for the Iowa court based on court congestion. Finally, Plaintiff testifies to his highly limited financial resources. Courts have recognized that under the "fairness" consideration, Plaintiff's choice of forum should be accorded greater weight when suing a relatively large corporation. To transfer venue would unjustly aggravate and disadvantage the financial position of Plaintiff to seek relief.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff's Memorandum is divided into a factual background and argument.

## III. FACTUAL BACKGROUND

Plaintiff, Joon Park, is a mechanical engineer and the sole inventor of the two patents in suit that cover woodworking tools. (Park Decl., ¶ 2) He was long employed by Hughes Aircraft Co. and took early retirement in 1999. (Park Decl., ¶ 3) He is the sole or one of the joint inventors in 17 patents most of which were assigned to Hughes Aircraft. (Id.) In addition to the two patents in suit, two other of his patent relate to woodworking jigs. Mr. Park after his retirement unfortunately was involved in several unsuccessful businesses which depleted his savings as well as some of the equity in his home. His wife, who is a pharmacist, is now the sole provider for the two of them. (Park Decl., ¶ 4)

Mr. Park has expressed his view that the location of the suit in San Diego makes it extremely convenient for him because it is within driving distance. (Park Decl., ¶ 8) After

discussing the advantages and disadvantages of filing the patent infringement case in the Central District of California or the Southern District of California, principally based on the fact that the Southern District of California has Local Patent Rules, Mr. Park concluded that this Court would be most convenient for him. (Id.)

Plaintiff does not believe that there are any factual witnesses that Plaintiff will call whose convenience should be considered. (Park Decl., ¶ 7) On the other hand, the witnesses identified by Mr. Sommerfeld in the declaration attached to the motion are nearly all current or ex-employees of Kreg Tool and it is highly likely that, upon proper payment of travel expenses, these witnesses would voluntarily appear at the trial in San Diego. At the present time, it does not appear that there are any witnesses whose presence at trial may require a subpoena.

The accused woodworking tool in this suit, Kreg Tool Model K3, is relatively small, and can fit into a carrying case the size of an ordinary brief case. (Newman Decl. Exhibit 1) The number of documents is small and can easily be transported particularly using optical storage medium.

There are no Local Patent Rules in the Southern District of Iowa or the Central District of California Federal District courts. (Newman Decl., ¶ 2) The time to trial in this Court and the Iowa court is relatively the same.

As stated in the Park declaration, Plaintiff selected this forum for two compelling reasons: Plaintiff believes that Federal District Courts that have Local Patent Rules permit a patent infringement case to be conducted more expeditiously and thus less expensively, and, this Court is within convenient driving distance for Plaintiff, the nearest other Court with Local Patent Rules sits in the San Francisco area.

## IV. ARGUMENT

A motion under Section 1404(a) is addressed to the sound discretion of the court. Van Dusen v. Barrack, 376 U.S. 612, 622, 84 S.Ct. 805, 812 (1964). Although there are a number of factors that courts have taken into account in exercising their discretion, it is recognized that such exercise should be informed by “individualized, case-by-case

consideration of convenience and fairness." Id.

The burden of proof of the defendant on a motion to transfer is "clear and convincing evidence." Worldcom Technologies, Inc. v. ICC Inteleca Communications, 37 F.Supp.2d 633, 637 (S.D.N.Y. 1999); Hall v. South Orange, 89 F.Supp.2d 488, 494 (S.D.N.Y. 2000).

Courts have used a wide variety of factors in exercising their discretion. Certain factors have been dictated, though not exclusively, by the Supreme Court. In Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839 (1947), the Court proposed the factors that should be accounted for in applying the common law doctrine of *forum non conveniens*. Those factors were carried over into later Section 1404(a) analyses though the latter gives the court more discretion to transfer than the common law doctrine did to dismiss. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 253, 102 S.Ct. 252, 265 (1982). The factors as identified in Gulf Oil were divided into public and private factors. The latter included "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises . . . ; and all other practical problems that make trial of a case easy, expeditious and inexpensive." Gulf Oil, 330 U.S. at 508, 67 S.Ct. at 843. The Court also stated that enforceability of a judgment may also be included in the private factors and cautioned the lower courts that they should weigh the "relative advantages and obstacles to a fair trial." Id. The Court described the public factors as including "[a]dministrative difficulty when litigation is piled up in congested centers." It also mentioned the burden of jury duty on local citizens, but as well the local interest in "having localized controversies decided at home." Id. And it noted that the lower courts may consider the familiarity of the selected forum or the transferee forum with state law where applicable. The latter two factors, of course, have no application in a patent infringement lawsuit. A very similar list of factors is set forth in Lueck v. Sundstrand Corp., 236 F.3d 1137, 1147 (9th Cir. 2001).

The Supreme Court also recognized Plaintiff's choice of forum which has been

considered in virtually every motion to transfer case and consistently given great weight as explained in the following section. Its language was strong: "But unless the balance is **strongly** in favor of the defendant, the plaintiff's choice of forum should **rarely** be disturbed." Id. (Emphasis added)

**A. The Plaintiff's Choice of Forum Should Rarely Be Disturbed**

In this Circuit, plaintiff's choice of forum is entitled to "greater deference" when it chooses its home forum. Lueck, 236 F.3d at 1143 (citing Piper Aircraft, supra.). The court also stated: "Ordinarily, a plaintiff's choice of forum will not be disturbed unless the 'private interest' and the 'public interest' factors strongly favor trial in a foreign country." Id. at 1145.

Lower courts have used various word formulas to express the heavy weight to be given to plaintiff's choice of forum. The phrases amount to something only slightly less than dispositive at least when the other factors are essentially in balance. Spiegelberg v. Collegiate Licensing Co., 402 F.Supp. 786, 789 (S.D. Tex. 2005) ("As a general rule, the Plaintiff's choice of forum is entitled to substantial deference."); Ricoh Co., Ltd. v. Aeroflex Inc. AMI, 279 F.Supp.2d 554, 556-57 (D. Del. 2003) ("It is the movant's burden to establish the need for transfer, and 'the plaintiff's choice of venue [will] not be lightly disturbed'.") (Citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995)); Banjo Buddies, Inc. v. Renofsky, 156 F.Supp.2d 22, 24 (D. Maine 2001) ("In the First Circuit, 'there is a strong presumption in favor of the plaintiff's choice of forum.") (Citing Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000)); Milwaukee Electric Tool Corp. v. Black & Decker (N.A.), Inc., 392 F.Supp.2d 1062, 1064 (W.D. Wis. 2005) ("As a general rule, plaintiff's choice of forum is entitled to great deference and its choice should not be set aside lightly.); Samsung SDI Co., Ltd. v. Matsushita Electric Industrial Co., 524 F.Supp.2d 628, 631 (W.D. Pa. 2006) ("Ordinarily, a plaintiff's choice of forum is accorded great weight. See Shutte v. Armco Steel Corp.. 431 F.2d 22, 25 (3d Cir. 1970) (stating that a plaintiff's choice of forum is a paramount consideration and should not be lightly

disturbed).”); Samsung Electronics Co. Ltd. v. Rambus, Inc.. 386 F.Supp.2d 708, 716 (E.D. Va. 2005) (“In analyzing the propriety of a transfer, plaintiff’s choice of forum is typically entitled to substantial weight; . . . .”); Mentor Graphics Corp. v. Quickturn Design Systems, Inc., 77 F.Supp.2d 505, 509 (D. Del. 1999) (“Although the decision to transfer a case is subject to the court’s discretion, a plaintiff’s choice of forum is a ‘paramount’ consideration that is not to be ‘lightly disturbed’.”).

In many of the above-cited cases, the court has qualified its statement with respect to the deference due to plaintiff’s choice of forum by stating that the choice is given less weight if the forum is not that of the plaintiff’s residence or principal office location. Technically, the Southern District of California is not the forum in which Plaintiff resides, but to differentiate between the Central District of California and the Southern District of California with respect to convenience and the choice of forum of the plaintiff, would be to sacrifice substance to form. As set forth above, there are good reasons why Plaintiff chose this forum rather than the Central District which is somewhat closer in miles to Plaintiff’s home. With only slight exaggeration, given the traffic congestion in Los Angeles, the difference in automobile travel time is minor. Plaintiff’s declaration stresses that driving to San Diego is an “easy” drive. Thus, any argument of Defendant that Plaintiff’s selection is not its home forum should be given short shrift.

It is also true that where defendant can show that a plaintiff has chosen a forum simply to vex and harass the defendant, the choice of forum should be given little weight. But there has been no such allegation here by Kreg Tool nor could there be. This factor weighs highly in favor of retaining the case in San Diego and the court is urged to do so.

**B. Transfer Should Not Be Ordered When It Would Simply Shift the Convenience of One Party to Another**

When two parties are located in different sections of the country, the suit must be brought in the forum of one of the two areas simply to satisfy personal jurisdiction requirements. That means, that one of the two parties will be inconvenienced. If Kreg Tool had brought a declaratory judgment action in Iowa, it would be Plaintiff who would

be inconvenienced if forced to try the case in that jurisdiction. Since one of the two parties must be inconvenienced, it is a comparative matter to be weight in the context of Plaintiff's preference, which as indicated above, should not be lightly disturbed. In Spiegelberg v. Collegiate Licensing Co., 402 F.Supp.2d at 789 the court observed: "Further, courts should not transfer a case 'if the only practical effect is to shift inconvenience from the moving part to the non-moving party." (Citing Goodman Co., L.P. v. A&H Supply Co., 396 F.Supp.2d 766, 776 (S.D. Tex. 2005). See also, Walter Kidde Portable Equipment v. Universal Security Instruments, Inc., 304 F.Supp.2d 769, 748 (N.D. N.C. 2004) ("Further, a court should not transfer venue if the transfer 'would simply shift the inconvenience from one party to another'." (Citing Tools USA & Equip. Co. v. Champ Frame Straightening Equip., Inc., 851 F.Supp. 719, 721 (N.D. N.C. 1993)); IP Innovations L.L.P. v. Lexmark International, Inc., 289 F.Supp.2d 952, 955 (N.D. Ill. 2003) ("It is axiomatic that a motion to transfer cannot be used simply to shift the one party's inconvenience on to another party."); KCJ Corp. v. Kinetic Concepts, Inc., 18 F.Supp.2d 1212, 1214 (D. Kan. 1998) ("It is not sufficient for defendants to show that the claim arose elsewhere, (citation omitted) nor will the Court order transfer if the result is merely to shift the inconvenience from one party to the other."); Samson SDI Co. Ltd. v. Matsushita Electric Industrial Co., 524 F.Supp.2d at 631-32 ("Defendant's preference is entitled to considerably less weight than Plaintiff's, as the purpose of a venue transfer is not to shift inconvenience from one party to another." (Citing EVCO Technology, 379 F.Supp.2d at 730)).

Plaintiff does not deny that Defendant will be subjected to some inconvenience in trying the case here in San Diego but that would equally be true if Plaintiff was forced to try the case in Iowa. These cases illustrate that the parties, from a comparative convenience viewpoint, do not approach the balancing scale with equal weight. Plaintiff has first choice and selected this forum and should not be denied the selection unless Defendant's inconvenience would overwhelm that of Plaintiff if the latter is forced to the Iowa forum.

**C. Judicial Economy as Well as Other Public Factor Benefits Will Result if Venue is Retained in this Court**

Kreg Tool argues that as of the date of its motion there was no relationship between Kreg Tool, and the other two Defendants named by Plaintiff, Penn State Industries and CMT. That is not relevant. Plaintiff does not suggest that they are related otherwise Plaintiff would have instituted a single suit with multiple defendants. Yet Defendant is quiet with respect to whether the **issues** in the three separate cases are related. Defendant summarily states that the defense witnesses and other evidence will not be the same. But that of course is only true with respect to the infringement question. As in all patent litigation, in addition to infringement, the two most important issues are validity and interpretation of the patent claims. Indeed, from the point-of-view of the time required of the court, claim construction, including the Markman hearing, is likely to equal the time required for motions and/or trial with respect to validity and infringement.

This is not the most complicated technology. Nevertheless, there is a learning curve for the Court and there will be time spent quite aside from the legal issues on understanding the problem solved by the patent, its benefit and advantages, and how these have been purloined by Defendant. If this case is transferred to Iowa, Plaintiff submits that it is likely that this Court will also transfer the Penn State and CMT cases as well. That would result in three patent cases involving the identical validity and claim construction issues tried in three separate courts. That means three judges will have to become familiar with the technology, rather than one. Moreover, three separate claim constructions surely exacerbate the possibility of at least two if not three inconsistent judgments. Since the early Gulf Oil case it has been recognized that an important factor in deciding a motion to transfer is its impact on the judiciary and its continuing struggle to manage overcrowded dockets. The concern was reiterated in 1960 in Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26, 80 S.Ct. 1470, 1474 (1960) where the court stated: "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time,

energy and money that § 1404(a) was designed to prevent." In Data Treasury Corp. v. First Data Corp., 243 F.Supp.2d 591, 594 the court observed that:

> Since *Continental Grain*, a number of courts, including the Fifth Circuit, have held that the existence of related litigation in a transferee court is a factor that weighs strongly in favor of transfer. (Citations omitted) Piecemeal litigation in the complex and technical area of patent and trademark law is especially undesirable. (Citations omitted) In such cases, the 'interest of justice' may dictate transfer even if the convenience of the parties and witnesses calls for a different result.

See also, Encyclopaedia Britannica, Inc. v. Magellan Navigation, Inc., 512 F.Supp.2d 1169, 1177 (W.D. Wis. 2007) ("All three cases involve common questions of law and fact. . . . Since the same or related patents are at issue it is probable that defendants from all cases will depose the same persons and request the same documents and technical drawings from plaintiff . . . . if this case is not transferred and consolidated there is the risk that the same patents will be interpreted differently creating inconsistent claim construction rulings, piecemeal litigation and inconsistent judgments."); Samsung SDI Co. Ltd. v Matshushita Electric Industrial Co., 524 F.Supp.2d at 634 ("Certainly there would be a learning curve for a federal judge to understand the basic workings of plasma display technology. Engaging in that learning curve once, with one judge, is understandably more efficient and inexpensive than having to educate two judges."); Fuji Photo Film Co. Ltd. v. Lexar Media, Inc., 415 F.Supp.2d 370, 376 (S.D.N.Y. 2006) ("Litigating related claims in the same tribunal allows for more efficient pretrial discovery, avoids duplicitous litigation, prevents inconsistent results, and saves time and expense for both parties and witnesses."); Zoltar Satellite Systems,. Inc. v. LG Electronics Mobile Communications Co., 402 F.Supp.2d 731, 735 (E.D. Tex.).

Of course, it is possible that CMT or Penn State may present a better case for a

transfer to their home jurisdictions, but of course they face the same argument as advanced immediately above -- judicial economy and its significant weight in deciding any motion to transfer. In many of the cases cited above, the court was transferring a case to another forum where a related case existed; but we submit that the same logic and rationale applies where the multiple cases are in a single forum and one or more of the defendants seeks transfer to a foreign forum. Plaintiff submits that the relatedness of these cases is in itself sufficient reason to deny the motion to transfer.

### D. There is No Basis for Transfer of the Case Found in the Requirement that Documents or Physical Evidence Must be Transported

Kreg Tool argues, more or less, that the "vast bulk of physical and other evidence is located in Iowa" (Memorandum, p. 5) and that its business records pertaining to design, manufacture and sale of the Model K3 jig are located in Huxley, Iowa. (Memorandum, p. 6) It is somewhat difficult to conceive how there could be any massive amounts of records relating to research, design and development for this woodworking tool that can literally be carried in one hand. This is not a Boeing 747, nor a refinery, nor even an automobile. It will be a simple matter to carry the physical accused devices, as well as any prototypes to which Kreg Tool refers in its motion, into a courtroom without undue expense or effort. While document production may be required for experts to analyze details of the physical construction of these devices, it is beyond comprehension that all of the drawings that comprise the K3 jig could not be contained on a single CD or DVD.

For many years, courts have given due consideration to the proximity of the normal storage location of documents and to the possibility that large machines may need to be inspected or even brought into the courtroom. But that is a by-gone era problem that fortunately succumbed to advances in technology. If a large machine must be demonstrated to a jury, it is done through a videotape presentation and if necessary demonstrative graphics which are certainly more enlightening than touching and observing the actual machine. Plaintiff notes that on the internet site www.kregtool.com, there is a

video to demonstrate to potential customers how the Kreg tool is set up, operated and its advantages and benefits as explained in the Park patents. The jury will be perfectly informed by such video and will have the additional benefit of seeing the actual device. It is likely that only experts will need to review documents.

Many courts have commented on the fact that the weight given to produce documents and physical exhibits in earlier cases is no longer necessary. In Zoltar, 402 F.Supp.2d at 738, the court stated: "However, due to advances in the copying, storage, and transfer of data, the accessibility and location of sources of proof is given little weight in the § 1404(a) transfer analysis." See also, ADE Corp. v. KLA-Tencor Corp., 138 F.Supp.2d 565, 572 (D. Del. 2001) ("With new technologies for storing and transmitting information, the burden of gathering and transmitting documents 3,000 miles is probably not significantly more than it is to transport them 30 miles."); Advanceme, Inc. v. Rapidpay LLC, 450 F.Supp.2d 669, 675 (E.D. Tex. 2006) ("Typically, documents and other records are easily transportable in paper or electronic form."); Milwaukee Electric Tool Corp., 392 F.Supp.2d at 1064 ("However, technological advancements have diminished traditional concerns to ease of access to sources of proof and the cost of obtaining attendance of witnesses.").

The necessity of transporting documents and/or physical exhibits should be accorded little if any weight in determining the balance of interest between the parties.

**E. The Evidence Offered by Defendant With Respect to Witness Convenience is Inadequate and Fails to Tip the Balance in Favor of Transfer**

Defendant provides only vague statements with respect to potential witnesses. In the attached declaration of Todd Sommerfeld, the CEO of Defendant, he identified 15 witnesses almost all of whom are employees or ex-employees of Kreg Tool. There is no description as to what these witnesses will testify about. No explanation as to why these witnesses could be critical in the suit. Nor does Kreg Tool even state that these witnesses are not willing to attend a trial in San Diego if their travel expenses are covered. The

witnesses are not categorized as willing or unwilling and an argument made that appearance by the unwilling witnesses must be by compulsory process. In nearly every aspect that pertains to the convenience of witnesses as a factor in favor of transfer, the case law is contrary to the position advocated by Kreg Tool.

As stated in Lueck, 236 F.3d at 1146: "We have said previously that a court's focus should not rest on the number of witnesses or quantity of evidence in each locale. Rather, a court should evaluate 'the materiality and importance of the anticipated [evidence and] witnesses' testimony and then determine their accessibility and convenience to the forum'. Gates Learjet Corp. v. Jensen, 843 F.2d 1325, 1335-36 (9th Cir. 1984)."

It is not true that the convenience of witnesses is the "primary consideration" in the balancing of the factors. ADE Corp., 138 F.Supp.2d at 569, 570-71. The ADE Corp. court went on to state: "Rather than starting with a presumption that witnesses may not appear and concluding the case should be transferred based on that assumption, it may make more sense to look at the facts and circumstances of each witness to see whether a subpoena is necessary." In State Street Capital Corp. v. Dente, 855 F.Supp. 192, 198 (S.D. Tex. 1994) the court stated: "Moreover, it is the convenience of non-party witnesses, rather than that of party witnesses, that is the more important factor and is accorded greater weight in the transfer of venue analysis." Even if certain witnesses are beyond compulsion, Defendant must prove that they will not appear voluntarily. Samsung Electronics Co., Ltd., 386 F.Supp.2d at 718. The Samsung case further states that a movant's burden is to "proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience." Id. "Witness convenience is 'not merely a battle of numbers favoring the party that can provide the longest list of witnesses it plans to call'." Id. at 718-19. The court further noted that merely stating that a witness resides beyond the forum subpoena power "does little to assist the court in weighing the convenience of the witnesses and the necessity of compulsory process."

If a witness is unavailable for trial, deposition testimony may be sufficient. As the

court stated in Anderson v. Century Products Co., 943 F.Supp. 137. 149 (D. N.H. 1996): "[L]oss of live testimony of less central witnesses is not so great a price for honoring plaintiff's choice." See also, Milwaukee Electric Tool Corp., 392 F.Supp.2d at 1064. ("Further, defendant does not address why it cannot obtain the testimony of these witnesses through deposition.")

As the Court is undoubtedly aware, it is highly likely that the most critical witnesses in this patent infringement case will be experts and the convenience of experts is never taken into account in determining what is the most appropriate forum. In Samsung Electronics Co. Ltd., 386 F.Supp.2d at 720 the court addressed the issue of experts as follows: "Also, it is appropriate to keep in mind that much of the infringement trial will be accomplished on the basis of expert testimony. These experts will be retained and reasonably can be expected to be here to present live testimony on the issues of infringement." That being the case, perhaps the most important factor with respect to witness convenience and cost is air travel accessibility of the San Diego airport versus the airport in Des Moines, Iowa (approximately 20 miles from Huxley, Defendant's principal place of business).

Plaintiff submits that Defendant has failed to establish a favorable factor wit respect to witnesses for lack of details and explanatory material with respect to the 15 witnesses identified in the affidavit of Todd Sommerfeld.. This factor is neutral or at the worst, slightly in favor of Defendant.

**F. Early Trial Favors This Court**

It need hardly be argued that Plaintiff is desirous of bringing this matter to a conclusion as rapidly as possible. Defendant appears to favor early trial as well. One of the greatest contributors to an early and expeditious trial is the existence of Local Patent Rules. In Symbol Technologies, Inc. v. Metrologic Instruments, Inc., 450 F.Supp.2d 676, 679 (E.D. Tex.2006), the trial judge asked trial counsel why his client located in the Eastern District of New York chose to file the case in the Eastern District of Texas. Counsel's reply was straightforward and addressed the practicalities of forum selection in

a patent infringement case. He pointed to Local Patent Rules as an important consideration. For small clients like those before this Court, early disclosures of the parties' infringement and validity positions is highly conducive to settlement, reduced discovery, and the possibility of terminating the case on a summary basis. Plaintiff submits that in the instant case, as is true in many patent cases, a Markman hearing may be dispositive of the entire case. Local Patent Rules greatly facilitate an orderly Markman process. Moreover, the mere fact that a district court has Local Patent Rules suggests that the judges on that court have greater familiarity and experience with patent cases and how they may be kept in bounds.

An often overlooked observation was made by the court in Milwaukee Electric Tool Corp., 392 F.Supp.2d. at 1065 where the court stated relative to a speedy trial: "Further, the relative speed with which an action may be resolved is particularly important in a patent infringement action 'where rights are time sensitive and delay can often erode the value of the patent monopoly'." (Citing Broadcom Corp. v. Microtune, Inc., 2004 WL 503942 at *3 (W.D. Wis. 2004))

In measuring the speed at which a case may come to trial, Plaintiff agrees that the congestion of the court may be a factor, though at least one court disagreed. GTE Wireless, Inc. v. QualCom, Inc., 71 F.Supp.2d 517, 520 (E.D. Va. 1999) ("Docket conditions, although relevant, are a minor consideration when all other reasonable and logical factors would result in a transfer (or retention) of venue.") Defendant cites the total number of cases filed in this Court and in the Southern District of Iowa where the ratio is more than 5:1. But that statistic is misleading since there are three judges in Iowa and 13 judges in this Court. a ratio of more than 4:1. Individual actions per judge are much more telling. On an individual basis, the number of filings of civil cases per judge is 218 versus 216 in Southern Iowa. Even more pertinent, is that the number of pending cases per judge in this Court is 303, as opposed to 414 in Iowa. The judges here (including both civil and criminal) have significantly more dispositions by almost 50% per judge compared to the Iowa court.

Unfortunately, the most relevant factor, the number of months from filing to trial for the Southern District of Iowa is not provided for 2007 but was 24 months in 2006 and 19 months in 2005. By comparison, time to trial in this Court was 24 months in 2007 and 33 months in 2006, 25 months in 2005 and 30 months in 2004. The fluctuation in the number of months to trial in this Court suggests that the statistics may be less convincing than might originally appear. As stated in Mentor Graphics Corp., 77 F.Supp.2d at 514, regarding the statistics: "While the statistics presented by Mentor thus weigh against transfer, they do so only slightly. Statistics such as those presented here may vary from year to year and can be affected by a variety of factors." The variation in time to trial in this Court suggests that these statistics are aberrational rather than representative of current conditions.

For these reasons, Plaintiff submits that the time to trial actually favors retention of jurisdiction in this Court.

**G. Given the Relative Size of the Litigants and the Favor of Other Factors, Justice Will Best Be Served by Retaining This Case in San Diego**

It should not be forgotten that amidst all the factors discussed in the various cases the overriding consideration as stated in Van Dusen, 376 U.S. at 622, 84 S.Ct. at 812 is in addition to convenience, "fairness." As set forth above and in the declaration of Joon Park, Mr. Park is in a tenuous financial condition. As stated in Berman v. Informix Corp., 30 F.Supp.2d 653, 659 (S.D.N.Y. 1998): "Where disparity exists between the parties, such as an individual plaintiff suing a large corporation, the relative means of the parties may be considered." See also, Pall Corp. v. PTI Technologies, Inc., 992 F.Supp. 196, 200 (E.D.N.Y. 1998) ("The court may also consider in determining whether to transfer whether a disparity between the parties exists with respect to their relative means, such as in the case of an individual plaintiff suing a large corporation."); Hernandez v. Grabbel Van Lines. 761 F.Supp. 983, 989 (E.D.N.Y. 1991).

Surely Defendant will argue that it is not a "large corporation," but on a relative

basis, Kreg Tool is large in financial muscle compared to Plaintiff.

Finally, the Ninth Circuit recently affirmed the weight to be accorded to plaintiff's choice: "As we explained recently a plaintiff need not select the optimal forum for his claim, but only a forum that is not so oppressive and vexatious to the defendant 'as to be out of proportion to plaintiff's convenience'." Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1180 (9th Cir. 2006) ("Citing Ravelo Monegro v. Rosa, 121 F.3d 509, 514 (9th Cir. 2000)).

## V. CONCLUSION

For the reasons set forth above, it is respectfully requested that this Court deny Defendant's motion for a transfer of venue from this Court to the Southern District of Iowa.

Dated this 16th day of May, 2008.

**THE ADAMS LAW FIRM**

By s: Paul Adams
Paul Adams, (Bar No. 42,146)
550 West C Street, Suite 2000
San Diego, California 92101
Telephone: 619-241-4810
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 16, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

John L. Haller
Susan Meyer
Gordon & Rees LLP
101 West Broadway, Suite 1600
San Diego, CA 92101
ihaller@gordonrees.com
smeyer@gordonrees.com

s: Paul Adams
Paul Adams