# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOON PARK, Plaintiff, vs. CAS ENTERPRISES, INC dba KREG TOOL COMPANY, Defendant. | CASE NO. 08-cv-0385 DMS (NLS) **ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE** |

Pending before the Court is Defendant's Motion to Transfer Venue under 28 U.S.C. § 1404(a), which was submitted without oral argument on Thursday, May 29, 2008, pursuant to Local Civil Rule 7.1(d)(1). The motion is denied.

Plaintiff, who resides in Los Angeles, filed his complaint alleging patent infringement on February 29, 2008. Defendant resides in Iowa, where he manufactures the allegedly infringing "pocket hole jig" at issue in this case. Defendant argues the lawsuit has no connection with the Southern District of California, and requests that the action be transferred to the Southern District of Iowa, which is where the accused device was developed, manufactured and sold. Plaintiff argues he chose this forum because of its geographical proximity to his home, as well as the existence of Local Rules governing patent cases.

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C.

§ 1404(a). Traditionally, in patent infringement actions, "as a general rule, the preferred forum is that which is the center of gravity of the accused activity." *Ricoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473, 482 (D. N.J. 1993). Many courts adopted this "center of gravity" rule because it was easier to "facilitate the production and investigation of books, records, and other data necessary to the discovery and trial techniques employed in the patent field." *Ardco, Inc. v. Page, Ricker, Felson Marketing*, 1992 U.S. Dist. LEXIS 14299 at 16-17, quoting *Spound v. Action Industries, Inc.,* 369 F. Supp. 1066, 1069 (N.D. Ill. 1974).

However, more recent decisions have recognized that "due to advances in the copying, storage, and transfer of data, the accessibility and location of sources of proof is given little weight in the § 1404(a) transfer analysis." *Zoltar Satellite Sys. v. LG Elects. Mobile Communs. Co.,* 402 F. Supp. 2d 731 (E.D. Tex. 2005). *See also ADE Corp. v. KLA-Tencor Corp*, 138 F. Supp. 2d 565, 572 (D. Del. 2001) ("With new technologies for storing and transmitting information, the burden of gathering and transmitting documents 3,000 miles is probably not significantly more than it is to transport them 30 miles."); *Advanceme, Inc. v, Rapidpay LLC*, 450 F. Supp. 2d 669, 675 (E.D. Tex. 2006)("Typically, documents and other records are easily transportable in paper or electronic form.").

Accordingly, even in patent cases, the Court is left with the usual Section 1404(a) considerations: "the convenience of the parties and witnesses," and "the interest of justice." 28 U.S.C. § 1404(a); *Koh v. Microtek, Int'l, Inc.*, 250 F. Supp. 2d 627 (E.D. Va. 2003) ("Of course, the so-called "center of activity" approach to resolution of venue issues in patent cases does not supplant the traditional change of venue analysis prescribed by § 1404(a) and the established jurisprudence applying it...[r]ather, the center of gravity approach is best regarded as a shorthand reference to the convenience of witness and access to evidence components of the well-settled precepts for applying § 1404(a)."). The party requesting the transfer has the burden of showing "a clear balance of inconveniences" against it if the action remains in the original venue. *Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

In addition to its contention that Iowa is the "center of gravity," Defendant argues it would be less convenient for its witnesses to travel to San Diego from their homes in Iowa, and that the docket in Iowa is less crowded, leading to a shorter time to trial. (Mot. at 7-8). These arguments are addressed

in turn.

Generally, a plaintiff's choice of forum is entitled to greater deference when the plaintiff has chosen his home forum. *Piper Aircraft v. Reyno*, 454 U.S. 235, 255 (1981). This is because "[w]hen the home forum has been chosen, it is reasonable to assume the choice is convenient. When the plaintiff is foreign, however, the assumption is much less reasonable. *Id.* at 255-56. In the instant case, although the plaintiff does not reside in the Southern District of California, this district is within driving distance of his residence near Los Angeles, and is the nearest district to him with Local Patent Rules. Accordingly, although this district is not Plaintiff's home forum, it is reasonable to assume his choice is convenient. The Court therefore affords Plaintiff's choice some deference. *See Lueck v. Sundstrand Corp.,* 236 F.3d 1137, 1143 (9th Cir. 2001). ("[A] foreign plaintiff's choice deserves less deference. But...less deference is not the same thing as no deference.").

Defendant has not argued Iowa is a convenient forum for Plaintiff. Instead, Defendant identifies fifteen witnesses located in Iowa, from whom it expects to elicit testimony. It notes than nine such witnesses are non-employees of Kreg Tool, and thus are "individuals over whom Kreg Tool has no control." (Reply at 4). While the availability of compulsory process to compel the attendance of unwilling witnesses is an important factor to be considered in determining the appropriate forum, *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947), Defendant stops short of representing that any of these nine witnesses are unwilling to travel to San Diego for a trial. In addition, Defendant makes no mention of the materiality of these witness's expected testimony. Thus, the Court declines to determine that these nine witnesses are (1) unavailable and (2) so integral to Defendant's case to warrant shifting the inconvenience from Defendant to Plaintiff. *See Koh*, 250 F. Supp. 2d at 636 (it is the movant's burden to "proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience.") *See also Spiegelberg v. Collegiate Licensing Co.,* 402 F. Supp. 2d 786, 789 (S.D. Tex. 2005) (Courts generally do not transfer a case "if the only practical effect is to shift inconvenience from the moving party to the non-moving party.")

Next, while the court may consider docket conditions when deciding a motion to transfer, the time-to-trial statistics presented by Defendant did not convince the Court that transfer is warranted.

In fact, judicial efficiency will be increased by retaining the claim in this district, as Plaintiff has filed two additional lawsuits in this district alleging violations of the same patents. (Case Nos. 08-cv-0667 and 08-cv-0668). This Court therefore will be required to construe and determine the validity of these patents in all three cases. Requiring the Southern District of Iowa to undertake the same analysis in the context of this action only would be inefficient.

For these reasons, Defendant's motion to transfer is respectfully denied.

**IT IS SO ORDERED.**

DATED: June 9, 2008

HON. DANA M. SABRAW
United States District Judge