Frank S. Farrell
Admitted *pro hac vice*
F.S. FARRELL, LLC
7101 York Avenue South, Suite 153
Edina, MN 55435
Telephone: 952-921-3260
Facsimile: 952-216-0106
e-mail: frank@fsfarrell.com

John L. Haller, California Bar No. 61392
Susan . Meyer, Califlrnia Bar Number 204931
GORDON & REES LLP
101 West Broadway, Suite 1600
San Diego, CA 92101
619-696-6700
619-696-7124 FAX
jhaller@gordonrees.com, vcafferky@gordonrees.com
smeyer@gordonrees.com

Attorneys for Defendant,
CAS ENTERPRISES, INC. dba KREG TOOL COMPANY

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOON PARK, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CAS ENTERPRISES, INC., an Iowa corporation, d/b/a KREG TOOL COMPANY,<br><br>Defendant.<br><br>CAS ENTERPRISES, INC., an Iowa corporation, d/b/a KREG TOOL COMPANY,<br><br>Counterclaimant,<br><br>vs. | CIVIL NO. 08-CV-0385 DMS NLS<br><br>DEFENDANT CAS ENTERPRISES' FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

| | |
|---|---|
| JOON PARK, an individual, | ) |
| | ) |
| Counterclaim Defendant. | ) |
| | ) |
| | ) |

CAS Enterprises, Inc. d/b/a Kreg Tool Company (hereinafter "Kreg Tool") through its undersigned counsel, answers the allegations of Plaintiff's Complaint (hereinafter "the Complaint") filed by Plaintiff Joon Park (hereinafter "Park") as follows. Except as expressly stated hereafter, Kreg Tool denies each allegation contained in the Complaint.

## THE PARTIES

1. In response to Paragraph 1 of the Complaint, Kreg Tool lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore can neither admit nor deny the same.

2. Kreg Tool admits the allegations in Paragraph 2 of the Complaint.

## JURISDICTION

3. Kreg Tool admits that the Court has jurisdiction over actions arising under the Patent Laws. Except as admitted, Kreg Tool denies the allegations of Paragraph 3 of the Complaint.

## BACKGROUND FACTS

4. In response to Paragraph 4 of the Complaint, Kreg Tool admits that U.S. Patent No. 6,637,988 (hereinafter "the '988 patent") is entitled as alleged and was issued as alleged. Kreg Tool is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4 of the Complaint, and therefore denies the same.

5. In response to Paragraph 5 of the Complaint, Kreg Tool admits that U.S. Patent No. 7,134,814 (hereinafter "the '814 patent") is entitled as alleged and was issued as alleged. Kreg Tool is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 5 of the Complaint, and therefore denies the same.

6. In response to Paragraph 6 of the Complaint, Kreg Tool admits that one of its attorneys contacted Park and offered to buy the '988 and '814 patents. Kreg Tool denies the remaining allegations of Paragraph 8 of the Complaint.

**INFRINGEMENT ALLEGATIONS**

7. In response to Paragraph 7 of the Complaint, Kreg Tool incorporates its answers in Paragraphs 1 through 6 above.

8. Kreg Tool denies the allegations of Paragraph 8 of the Complaint.

9. Kreg Tool denies the allegations of Paragraph 9 of the Complaint.

10. Kreg Tool denies the allegations of Paragraph 10 of the Complaint.

11. Kreg Tool denies the allegations of Paragraph 11 of the Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Invalidity, 35 U.S.C. § 102)**

1. The '988 patent and the '814 patent shall hereinafter be collectively referred to as "The Patents-in-Suit". The Patents-in-Suit, and at least one claim thereof, are invalid for failure to meet at least one of the requirements of patentability set forth in the patent laws, including, but not limited to, 35 U.S.C. § 102.

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

**SECOND AFFIRMATIVE DEFENSE**

**(Invalidity, 35 U.S.C. § 103)**

2. The Patents-in-Suit, and at least one claim thereof, are invalid for failure to meet at least one of the requirements of patentability set forth in the patent laws, including, but not limited to, 35 U.S.C. § 103.

**THIRD AFFIRMATIVE DEFENSE**

**(Invalidity, 35 U.S.C. § 112)**

3. The Patents-in-Suit, and each claim thereof, are invalid for failure to meet at least one of the requirements of patentability set forth in the patent laws, including, but not limited to, 35 U.S.C. § 112.

**FOURTH AFFIRMATIVE DEFENSE**

**(35 U.S.C. § 287)**

4. Plaintiff's claims for relief are barred, in whole or in part, pursuant to 35 U.S.C. § 287.

**FIFTH AFFIRMATIVE DEFENSE**

**(Laches)**

5. Plaintiff's claims for relief are barred, in whole or in part, by the doctrines of waiver, estoppel, acquiescence and/or laches.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

6. The Complaint is barred, in whole or in part, for failing to state a claim upon which relief can be granted.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Misuse)**

7. Plaintiff's enforcement of the asserted patents constitutes patent misuse.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Inequitable Conduct '988 patent)**

8. With respect to the Park's claim of infringement of the '988 patent, Kreg Tool is informed and believes and, on that basis, alleges that Park's '988 patent is unenforceable as a result of the inequitable conduct of Park and/or his agent in the prosecution of the '988 patent. Kreg Tool alleges that said inequitable conduct consisted of intentional misrepresentations and omissions, including, without limitation the following:

a. The sworn statement signed by Park on or about November 15, 2001, stated in pertinent part, "I have reviewed and understand the content of the attached specification, including the claims: that I do not know and do not believe the same was ever known or used in the United States of America before my invention thereof, or patented or described in any printed publication in any country before my invention thereof or more than one year prior to this application: that the same was not in public use or on sale in the United States of America more than one year prior to this application; .... That I acknowledge my duty to disclose information of which I am aware which is material to the examination of this application as defined in Title 37 CFR, Section 1.56(a)".

b. Park, and or one or more individuals associated with the filing and prosecution of the '988 patent failed to disclose U.S. Patent 5,579,571 ('571 patent) to the examiner. Park is the inventor of the '571 patent. The '571 patent was highly material to the examination of the '988 patent. Nevertheless, no individual

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

associated with the filing and prosecution of the '988 patent cited these material references during the prosecution of the '988 patent, as required under 37 C.F.R. § 1.56.

c. Park, and/or one or more individuals associated with the filing and prosecution of the '988 patent, knew and failed to disclose, that more than one year prior to the date of the application of the '988 patent, Kreg Tool had made, sold, and offered for sale, pocket hole drilling tools, including Kreg Tool's model K2, M1, M2, Mini Kreg Jig and Rocket pocket hole jigs. The fact that the K2, M1, M2, Mini Kreg Jig and Rocket pocket hole jigs were made, sold and offered for sale more than one year prior to the date of the application of the '988 patent, was highly material to the examination of the '988 patent. Nevertheless, no individual associated with the filing and prosecution of the '988 patent cited these material references during the prosecution of the '988 patent, as required under 37 C.F.R. § 1.56.

d. Park, and/or one or more individuals associated with the filing and prosecution of the '988 patent, knew and failed to disclose, that prior to the date of the application of the '988 patent, Kreg Tool had made, sold, and offered for sale, its model K2000 pocket hole jig. The fact that the K2000 pocket hole jig was made, sold and offered for sale prior to the date of the application of the '988 patent, was highly material to the examination of the '988 patent. Nevertheless, no individual associated with the filing and prosecution of the '988 patent cited these material references during the prosecution of the '988 patent, as required under 37 C.F.R. § 1.56.

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

**NINTH AFFIRMATIVE DEFENSE**

**(Inequitable Conduct '814 patent)**

9. With respect to the Park's claim of infringement of the '814 patent, Kreg Tool is informed and believes and, on that basis, alleges that Park's '814 patent is unenforceable as a result of the inequitable conduct of Park and/or his attorneys and agents in the prosecution of the '814 patent. Kreg Tool alleges that said inequitable conduct consisted of intentional misrepresentations and omissions, including, without limitation the following:

a. The sworn statement signed by Park on or about September 23, 2003, stated in pertinent part, "I acknowledge the duty to disclose information which is material to patentability 37 CFR § 1.56, including for continuation-in-part applications, material information which became available between the filing date of the prior application and the national or PCT international filing date of the continuation-in-part application."

b. Park, and or one or more individuals associated with the filing and prosecution of the '814 patent failed to disclose U.S. Patent 5,579,571 ('571 patent) to the examiner. Park is the inventor of the '571 patent. The '571 patent was highly material to the examination of the '814 patent. Nevertheless, no individual associated with the filing and prosecution of the '814 patent cited these material references during the prosecution of the '814 patent, as required under 37 C.F.R. § 1.56.

c. Park, and or one or more individuals associated with the filing and prosecution of the '814 patent, knew and failed to disclose, that more than one year prior to the date of the application of the '814 patent, Kreg Tool had made, sold, and offered for sale, pocket hole drilling tools, including Kreg Tool's model K2,

M1, M2, Mini Kreg Jig and Rocket pocket hole jigs. The fact that the K2, M1, M2, Mini Kreg Jig and Rocket pocket hole jigs were made, sold and offered for sale more than one year prior to the date of the application of the '814 patent and the '988 patent, was highly material to the examination of the '814 patent. Nevertheless, no individual associated with the filing and prosecution of the '814 patent cited these material references during the prosecution of the '814 patent, as required under 37 C.F.R. § 1.56.

d. Park, and or one or more individuals associated with the filing and prosecution of the '814 patent, knew and failed to disclose, that prior to the date of application of the '988 patent, and more than one year prior to the date of application of the '814 patent, Kreg Tool had made, sold, and offered for sale, its model K2000 pocket hole jig. The fact that the K2000 pocket hole jig was made, sold and offered for sale prior to the date of the application of the '988 patent, and more than one year prior to the date of application of the '814 patent, was highly material to the examination of the '814 patent. Nevertheless, no individual associated with the filing and prosecution of the '814 patent cited these material references during the prosecution of the '814 patent, as required under 37 C.F.R. § 1.56.

e. Park, and or one or more individuals associated with the filing and prosecution of the '814 patent, knew and failed to disclose, that more than one year prior to the date of the application of the '814 patent, CMT USA Inc. had made, sold, and offered for sale, the CMT Pocket Pro Jig. The fact that the CMT Pocket Pro Jig was made, sold and offered for sale more than one year prior to the date of the application of the '814 patent, was highly material to the examination of the

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

'814 patent. Nevertheless, no individual associated with the filing and prosecution of the '814 patent cited these material references during the prosecution of the '814 patent, as required under 37 C.F.R. § 1.56.

## TENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

9. Kreg Tool reserves the right to assert any additional defenses that further investigation or discovery may indicate the existence of evidence sufficient to assert any such affirmative defense.

## COUNTERCLAIMS

### THE PARTIES

1. Counterclaimant Kreg Tool is a corporation organized under the laws of the State of Iowa, having its principal place of business at 201 Campus Drive, Huxley, Iowa 50124.

2. Counterclaim Defendant Joon Park has represented in a pleading filed with this Court, he is an individual having an address at 1320 Virginia Avenue, Glendale, California 91202.

### JURISDICTION AND VENUE

3. Subject matter jurisdiction in the Court is based on 28 U.S.C. §§ 2201(a), 1338(a) and 1331.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1331, 1332(a), 1391(b) and or 1400.

5. The counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, Title 35 of the United States Code.

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

6. Plaintiff and Counterclaim Defendant Joon Park ("Park") has charged Kreg Tool with committing acts of infringement of the '988 and '814 patents. A justiciable controversy exists between Counterclaim Defendant Park and Kreg Tool concerning Kreg Tool's alleged liability for infringement of the '988 and '814 patents, as well as the enforceability, validity and scope of the '988 and '814 patents.

7. Park has charged Kreg Tool with committing acts of infringement of U.S. Patent No. 7,374,373 (the "'373 patent"). A judiciable controversy exists between Park and Kreg Tool concerning Kreg Tool's alleged liability for infringement of the '373 patents, as well as the enforceability, validity and scope of the '373 patent.

**BACKGROUND FACTS**

8. On information and belief, Park does not make any products in the United States or elsewhere.

9. On information and belief, Park does not sell any products in the United States or elsewhere.

10. On information and belief, Park does not offer for sale any products in the United States or elsewhere.

11. On information and belief, Park does make any type of woodworking tool in the United States or elsewhere.

12. On information and belief, Park does not sell any type of woodworking tool in the United States or elsewhere.

13. On information and belief, Park does not offer for sale any type of woodworking tool in the United States or elsewhere.

14. On information and belief, Park does not make any type of pocket hole jig in the United States or elsewhere.

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

15. On information and belief, Park does not sell any type of pocket hole jig in the United States or elsewhere.

16. On information and belief, Park does not offer for sale any type of pocket hole jig in the United States or elsewhere.

17. On information and belief, Park does not make any product that practices any of the claims of the '988 patent in the United States or elsewhere.

18. On information and belief, Park does not offer for sale any product that practices any of the claims of the '988 patent in the United States or elsewhere.

19. On information and belief, Park does not sell any product that practices any of the claims of the '988 patent in the United States or elsewhere.

20. On information and belief, Park does not make any product that practices any of the claims of the '814 patent in the United States or elsewhere.

21. On information and belief, Park does not offer for sale any product that practices any of the claims of the '814 patent in the United States or elsewhere.

22. On information and belief, Park does not sell any product that practices any of the claims of the '814 patent in the United States or elsewhere.

23. On information and belief, Park does not make any product that practices any of the claims of the '373 patent in the United States or elsewhere.

24. On information and belief, Park does not offer for sale any product that practices any of the claims of the '373 patent in the United States or elsewhere.

25. On information and belief, Park does not sell any product that practices any of the claims of the '373 patent in the United States or elsewhere.

26. Park does not compete with Kreg Tool.

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

## FIRST COUNTERCLAIM
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

27. Kreg Tool restates all allegations in Paragraphs 1 through 26 of this Counterclaim.

**Non-infringement of the '988 Patent**

28. Kreg Tool has not infringed claim 1 of the '988 patent.

29. Kreg Tool has not infringed claim 2 of the '988 patent.

30. Kreg Tool has not infringed claim 3 of the '988 patent.

31. Kreg Tool has not infringed claim 4 of the '988 patent.

32. Kreg Tool has not infringed claim 5 of the '988 patent.

33. Kreg Tool has not infringed claim 6 of the '988 patent.

34. Kreg Tool has not infringed claim 7 of the '988 patent.

35. Kreg Tool has not infringed claim 8 of the '988 patent.

36. Kreg Tool has not infringed claim 9 of the '988 patent.

37. Kreg Tool has not infringed claim 10 of the '988 patent.

38. Kreg Tool has not infringed claim 11 of the '988 patent.

39. Kreg Tool has not infringed claim 12 of the '988 patent.

40. Kreg Tool has not infringed claim 13 of the '988 patent.

41. Kreg Tool has not infringed claim 14 of the '988 patent.

42. Kreg Tool has not infringed claim 15 of the '988 patent.

43. Kreg Tool has not infringed claim 16 of the '988 patent.

44. Kreg Tool has not infringed claim 17 of the '988 patent.

45. Kreg Tool has not infringed claim 18 of the '988 patent.

46. Kreg Tool has not infringed claim 19 of the '988 patent.

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

47. Kreg Tool has not infringed claim 20 of the '988 patent.

48. Kreg Tool has not infringed claim 21 of the '988 patent.

**<u>Non-infringement of the '814 Patent</u>**

49. Kreg Tool has not infringed claim 1 of the '814 patent.

50. Kreg Tool has not infringed claim 2 of the '814 patent.

51. Kreg Tool has not infringed claim 3 of the '814 patent.

52. Kreg Tool has not infringed claim 4 of the '814 patent.

53. Kreg Tool has not infringed claim 5 of the '814 patent.

54. Kreg Tool has not infringed claim 6 of the '814 patent.

55. Kreg Tool has not infringed claim 7 of the '814 patent.

56. Kreg Tool has not infringed claim 8 of the '814 patent.

57. Kreg Tool has not infringed claim 9 of the '814 patent.

58. Kreg Tool has not infringed claim 10 of the '814 patent.

59. Kreg Tool has not infringed claim 11 of the '814 patent.

60. Kreg Tool has not infringed claim 12 of the '814 patent.

**<u>Non-infringement of the '373 Patent</u>**

61. Kreg Tool has not infringed claim 1 of the '373 patent.

62. Kreg Tool has not infringed claim 2 of the '373 patent.

63. Kreg Tool has not infringed claim 3 of the '373 patent.

64. Kreg Tool has not infringed claim 4 of the '373 patent.

65. Kreg Tool has not infringed claim 5 of the '373 patent.

66. Kreg Tool has not infringed claim 6 of the '373 patent.

67. Kreg Tool has not infringed claim 7 of the '373 patent.

68. Kreg Tool has not infringed claim 8 of the '373 patent.

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

69. Kreg Tool has not infringed claim 9 of the '373 patent.

70. Kreg Tool has not infringed claim 10 of the '373 patent.

71. Kreg Tool has not infringed claim 11 of the '373 patent.

72. Kreg Tool has not infringed claim 12 of the '373 patent.

73. Kreg Tool has not infringed claim 13 of the '373 patent.

74. Kreg Tool has not infringed claim 14 of the '373 patent.

75. Kreg Tool has not infringed claim 15 of the '373 patent.

76. Kreg Tool has not infringed claim 16 of the '373 patent.

77. Kreg Tool has not infringed claim 17 of the '373 patent.

78. Kreg Tool has not infringed claim 18 of the '373 patent.

79. Kreg Tool has not infringed claim 19 of the '373 patent.

80. Kreg Tool has not infringed claim 20 of the '373 patent.

81. Kreg Tool has not infringed claim 21 of the '373 patent.

82. Kreg Tool has not infringed claim 22 of the '373 patent.

83. Kreg Tool has not infringed claim 23 of the '373 patent.

## SECOND COUNTERCLAIM
## DECLARATORY JUDGMENT OF INVALIDITY

84. Kreg Tool restates all allegations in Paragraphs 1 through 83 of this Counterclaim.

85. The asserted claims of the '988 patent are invalid for failure to comply with grounds specified in Title 35 of the United States Code as a condition of patentability, in particular 35 U.S.C. § 102.

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

86. The asserted claims of the '988 patent are invalid for failure to comply with grounds specified in Title 35 of the United States Code as a condition of patentability, in particular 35 U.S.C. § 103.

87. The asserted claims of the '988 patent are invalid for failure to comply with grounds specified in Title 35 of the United States Code as a condition of patentability, in particular 35 U.S.C. § 112.

88. The asserted claims of the '814 patent are invalid for failure to comply with grounds specified in Title 35 of the United States Code as a condition of patentability, in particular 35 U.S.C. § 102.

89. The asserted claims of the '814 patent are invalid for failure to comply with grounds specified in Title 35 of the United States Code as a condition of patentability, in particular 35 U.S.C. § 103.

90. The asserted claims of the '814 patent are invalid for failure to comply with grounds specified in Title 35 of the United States Code as a condition of patentability, in particular 35 U.S.C. § 112.

91. The asserted claims of the '373 patent are invalid for failure to comply with grounds specified in Title 35 of the United States Code as a condition of patentability, in particular 35 U.S.C. § 102.

92. The asserted claims of the '373 patent are invalid for failure to comply with grounds specified in Title 35 of the United States Code as a condition of patentability, in particular 35 U.S.C. § 103.

93. The asserted claims of the '373 patent are invalid for failure to comply with grounds specified in Title 35 of the United States Code as a condition of patentability, in particular 35 U.S.C. § 112.

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

**THIRD COUNTERCLAIM**
**DECLARATORY JUDGMENT OF INEQUITABLE CONDUCT**

94. Kreg Tool restates all allegations in Paragraphs 1 through 93 of this Counterclaim.

95. The '988 patent is unenforceable by virtue of, *inter alia*, inequitable conduct, as described with more particularity in Kreg Tool's Eighth Affirmative Defense, which is incorporated by reference as though fully set forth herein.

96. The '814 patent is unenforceable by virtue of, *inter alia*, inequitable conduct, as described with more particularity in Kreg Tool's Ninth Affirmative Defense, which is incorporated by reference as though fully set forth herein.

97. The sworn statement signed by Park in the application of the '373 patent, on or about June 21, 2005, stated in pertinent part, "I have reviewed and understand the content of the attached specification, including the claims; that I do not know and do not believe the same was ever known or used in the United States of America before my invention thereof, or patented or described in any printed publication in any country before my invention thereof or more than one year prior to this application; that the same was not in public use or on sale in the United States of America more than one year prior to this application.... That I acknowledge my duty to disclose information of which I am aware which is material to the examination of this application as defined in Title 37 CFR, Section 1.56(a)".

98. Park disclosed no prior art to the examiner in the prosecution of the '373 patent.

99. Even though he is the inventor of those patents, Park failed to disclose the '988 patent and the '814 patent to the examiner. The '988 and '814 patents were highly material to the examination of the '373 patent. Nevertheless, no individual associated with the filing and





Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

prosecution of the '373 patent cited these material references during the prosecution of the '373 patent, as required under 37 C.F.R. § 1.56.

100. Park, and/or one or more individuals associated with the filing and prosecution of the '373 patent, knew and failed to disclose, that more than one year prior to the date of the application of the '373 patent, Kreg Tool had made, sold, and offered for sale, pocket hole drilling machines, including Kreg Tool's model DB50, DB55 and DK1100. The fact that the DB50, DB55 and DK1100 pocket hole drilling machines were made, sold and offered for sale more than one year prior to the date of the application of the '373 patent was highly material to the examination of the '373 patent. Nevertheless, no individual associated with the filing and prosecution of the '373 patent cited these material references during the prosecution of the '373 patent, as required under 37 C.F.R. § 1.56.

101. With respect to the '373 patent, Kreg Tool is informed and believes and, on that basis, alleges that Park's '373 patent is unenforceable as a result of the inequitable conduct of Park in the prosecution of the '373 patent.

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

**FOURTH COUNTERCLAIM**
**DECLARATORY JUDGMENT OF EXCEPTIONAL CASE**

102. Kreg Tool restates all allegations in Paragraphs 1 through 101 of this Counterclaim.

103. The '988 patent has two independent claims, claim 1 and claim 12.

104. As of the filing date of this pleading, Park has no evidentiary basis to allege that either of the independent claims of the '988 patent are being infringed.

105. Claim 1 of the '988 patent has a clear limitation that requires a "gaging structure between said base and said guide carrier".

106. Claim 12 of the '988 patent has a clear limitation that requires a "measuring structure selectively positionable between said base and said guide carrier".

107. On information and belief, at no time prior to the filing of this action, did Park identify the "gaging structure between said base and said guide carrier" as set forth in claim 1 of the '988 patent, and compare that structure with a specific structure made, used, sold, offered for sale, or imported into the United States by Kreg Tool to determine if Kreg Tool used a structure that is the same as, or equivalent of, the structure in the '988 patent.

108. On information and belief, at no time prior to the filing of this action, did Park identify the "measuring structure selectively positionable between said base and said guide carrier" as set forth in claim 12 of the '988 patent, and compare that structure with a specific structure made, used, sold, offered for sale, or imported into the United States by Kreg Tool to determine if Kreg Tool used a structure that is the same as, or equivalent of, the structure in the '988 patent.

109. On information and belief, at no time prior to the filing of this action, did Park make any effort to determine whether pocket hole jigs or any other woodworking tools incorporating the elements of the claims in the '988 patent were known prior to November 15, 2001.

110. On information and belief, at no time prior to the filing of this action, did Park make any effort to determine whether pocket hole jigs or any other woodworking tools incorporating the elements of the claims in the '814 patent were known prior to November 15, 2001 or September 23, 2003.

111. On information and belief, at no time prior to accusing Kreg Tool of infringement of the '373 patent did Park make any effort to determine whether a pocket hole

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

drilling machine, or any other woodworking tools incorporating the elements of the claims in the '373 patent were known prior to June 23, 2004.

112. Park failed to perform an adequate pre-filing investigation prior to initiating this action.

113. The failure of Park to perform the analysis set forth in the previous paragraphs renders this case exceptional under 35 U.S.C. § 285.

114. The failure of Park to conduct an adequate pre-filing investigation prior to initiating this action renders this case exceptional under 35 U.S.C. § 285.

115. Park's allegations of infringement of claims 1 and 12 of the '988 patent without any supporting evidentiary basis renders this case exceptional under 35 U.S.C. § 285.

116. Park's inequitable conduct as set forth in Kreg Tool's Third Counterclaim renders this case exceptional under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

Wherefore, Kreg Tool prays for the following relief:

A. That the Complaint be dismissed with prejudice.

B. That Plaintiff take nothing by its Complaint;

C. That the Court enter judgment that:

1. Kreg Tool has not infringed U.S. Patent No. 6,637,988;

2. Kreg Tool has not infringed U.S. Patent No. 7,134,814;

3. Kreg Tool has not infringed U.S. Patent No. 7,374,373;

4. Kreg Tool has not contributed to the infringement of U.S. Patent No. 6,637,988;

5. Kreg Tool has not contributed to the infringement of U.S. Patent No. 7,134,814;

6. Kreg Tool has not contributed to the infringement of U.S. Patent No. 7,374,373;

7. Kreg Tool has not induced the infringement of U.S. Patent No. 6,637,988;

8. Kreg Tool has not induced the infringement of U.S. Patent No. 7,134,814;

9. Kreg Tool has not induced the infringement of U.S. Patent No. 7,374,373;

10. That U.S. Patent No. 6,637,988 is invalid and unenforceable;

11. That U.S. Patent No. 7,134,814 is invalid and unenforceable;

12. That U.S. Patent No. 7,374,373 is invalid and unenforceable;

D. This case be rendered exceptional pursuant to 35 U.S.C. § 285

E. That Kreg Tool be awarded its reasonable costs and attorneys' fees.

F. That the Court award Kreg Tool Country such other relief as the Court deems just and proper.

Respectfully submitted,

GORDON & REES LLP

Dated: July 10, 2008

s John L. Haller
John L. Haller,

-and -

Frank S. Farrell
F.S. FARRELL, LLC

Counsel for Defendant
CAS ENTERPRISES, INC.
D B/A KREG TOOL COMPANY

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101