1  F.S. FARRELL, LLC
   Frank S. Farrell, Minnesota Att. No. 28447
2  7101 York Avenue South, Suite 153
   Edina, MN 55435
3  952-921-3260
   952-216-0106 FAX
4  frank@fsfarrell.com

5  GORDON & REES LLP
   John L. Haller, California Bar No. 61392
6  101 West Broadway, Suite 1600
   San Diego, CA  92101
7  619-696-6700
   619-696-7124 FAX
8  jhaller@gordonrees.com, sgill@gordonrees.com

9  Attorneys for Defendant,
   CAS Enterprises, Inc. dba Kreg Tool Company

10

11                    UNITED STATES DISTRICT COURT

12                  SOUTHERN DISTRICT OF CALIFORNIA

13

14  JOON PARK, AN INDIVIDUAL,          )  **CIVIL NO. 08-CV-0385 DMS NLS**
                                       )
15                      PLAINTIFF,     )  **DEFENDANT CAS ENTERPRISES'**
                                       )  **THIRD AMENDED ANSWER,**
16         vs.                         )  **AFFIRMATIVE DEFENSES AND**
                                       )  **COUNTERCLAIMS**
17  CAS ENTERPRISES, INC.              )
    AN IOWA CORPORATION                )
18  D/B/A KREG TOOL COMPANY            )
                                       )
19                      DEFENDANT.     )
   _____)
20                                     )
    AND RELATED COUNTER CLAIMS.        )
21  _____)

22

23         CAS Enterprises, Inc. d/b/a Kreg Tool Company (hereinafter "Kreg Tool") through its

24  undersigned counsel, answers the allegations of Plaintiff's First Amended and Supplemental

25  Complaint (hereinafter "the Complaint") filed by Plaintiff Joon Park (hereinafter "Park") as

26  follows.  Except as expressly stated hereafter, Kreg Tool denies each allegation contained in the

27  Complaint.

28

                                          -1-

**THE PARTIES**

1.    In response to Paragraph 1 of the Complaint, Kreg Tool lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore can neither admit nor deny the same.

2.    Kreg Tool admits the allegations in Paragraph 2 of the Complaint.

**JURISDICTION**

3.    Kreg Tool admits that the Court has jurisdiction over actions arising under the Patent Laws.  Except as admitted, Kreg Tool denies the allegations of Paragraph 3 of the Complaint.

**BACKGROUND FACTS**

4.    In response to Paragraph 4 of the Complaint, Kreg Tool admits that U.S. Patent No. 6,637,988 (hereinafter "the '988 patent") is entitled as alleged and was issued as alleged.  Kreg Tool is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4 of the Complaint, and therefore denies the same.

5.    In response to Paragraph 5 of the Complaint, Kreg Tool admits that U.S. Patent No. 7,134,814 (hereinafter "the '814 patent") is entitled as alleged and was issued as alleged.  Kreg Tool is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 5 of the Complaint, and therefore denies the same.

6.    In response to Paragraph 6 of the Complaint, Kreg Tool admits that U.S. Patent No. 7,374,373 (hereinafter "the '373 patent") is entitled as alleged and was issued as alleged.  Kreg Tool is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6 of the Complaint, and therefore denies the same.

7.    In response to Paragraph 7 of the Complaint, Kreg Tool admits that one of its attorneys contacted Park and offered to buy the '988 and '814 patents.  Kreg Tool denies the remaining allegations of Paragraph 8 of the Complaint.

8.    In response to Paragraph 8 of the Complaint, Kreg Tool admits that Park informed Kreg Tool that Park believed Kreg Tool's Model DB110 pocket hole drilling machine infringed the '373 patent.  Kreg Tool also admits that Park has alleged that Kreg Tool's DB 55 pocket hole

1   drilling machine infringes the '373 patent.  Kreg Tool denies the remaining allegations of

2   Paragraph 8 of the Complaint.

3        9.    In response to Paragraph 9 of the Complaint, Kreg Tool admits that it has

4   commenced sales of the Model K4.  Kreg Tool denies the remaining allegations of Paragraph 8

5   of the Complaint.

6   **INFRINGEMENT ALLEGATIONS**

7        10.    In response to Paragraph 10 of the Complaint, Kreg Tool incorporates its answers

8   in Paragraphs 1 through 9 above.

9        11.    Kreg Tool denies the allegations of Paragraph 11 of the Complaint.

10       12.    Kreg Tool denies the allegations of Paragraph 12 of the Complaint.

11       13.    Kreg Tool denies the allegations of Paragraph 13 of the Complaint.

12       14.    Kreg Tool denies the allegations of Paragraph 14 of the Complaint.

13       15.    Kreg Tool denies the allegations of Paragraph 15 of the Complaint.

14       16.    Kreg Tool denies the allegations of Paragraph 16 of the Complaint.

15  **AFFIRMATIVE DEFENSES**

16  **FIRST AFFIRMATIVE DEFENSE**

17  **(Invalidity, 35 U.S.C. § 102)**

18       1.    The '988 patent the '814 patent and the '373 patent shall hereinafter be

19  collectively referred to as "The Patents-in-Suit".  The Patents-in-Suit, and at least one claim

20  thereof, are invalid for failure to meet at least one of the requirements of patentability set forth in

21  the patent laws, including, but not limited to, 35 U.S.C. § 102.

22  **SECOND AFFIRMATIVE DEFENSE**

23  **(Invalidity, 35 U.S.C. § 103)**

24       2.    The Patents-in-Suit, and at least one claim thereof, are invalid for failure to meet

25  at least one of the requirements of patentability set forth in the patent laws, including, but not

26  limited to, 35 U.S.C. § 103.

27

28

-3-

**THIRD AFFIRMATIVE DEFENSE**

**(Invalidity, 35 U.S.C. § 112)**

3.     The Patents-in-Suit, and each claim thereof, are invalid for failure to meet at least one of the requirements of patentability set forth in the patent laws, including, but not limited to, 35 U.S.C. § 112.

**FOURTH AFFIRMATIVE DEFENSE**

**(35 U.S.C. § 287)**

4.     Plaintiff's claims for relief are barred, in whole or in part, pursuant to 35 U.S.C. § 287.

**FIFTH AFFIRMATIVE DEFENSE**

**(Laches)**

5.     Plaintiff's claims for relief are barred, in whole or in part, by the doctrines of waiver, estoppel, acquiescence and/or laches.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

6.     The Complaint is barred, in whole or in part, for failing to state a claim upon which relief can be granted.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Misuse)**

7.     Plaintiff's enforcement of the asserted patents constitutes patent misuse.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Inequitable Conduct '988 patent)**

8.     With respect to the Park's claim of infringement of the '988 patent, Kreg Tool is informed and believes and, on that basis, alleges that Park's '988 patent is unenforceable because of the actions of Park and/or his agent in the prosecution of the application that led to the issuance of the '988 patent, failed to comply with their duty of candor and good faith in their dealing with the United States patent and Trademark Office and failed to and did not disclose to the United States Patent and Trademark Office prior art known to that individual which prior art

-4-

1  was material to the patentability of the '988 patent.  The failure to deal with candor and good

2  faith, and the failure to disclose material prior art in the prosecution of the '988 patent, were

3  made with intent to deceive the United States Patent and Trademark Office into issuing the '988

4  patent.  Kreg Tool alleges that said inequitable conduct consisted of intentionally

5  misrepresenting and failing to disclose material prior art with the intent to deceive the United

6  States Patent and Trademark Office so that the United States Patent and Trademark Office would

7  issue the '988 patent, including without limitation the following:

8            a) In addition to Park's considerable experience in prosecuting patent

9               applications before the United States Patent and Trademark Office, the sworn

10              statement signed by Park on or about November 15, 2001, stated in pertinent

11              part, "I have reviewed and understand the content of the attached

12              specification, including the claims; that I do not know and do not believe the

13              same was ever known or used in the United States of America before my

14              invention thereof, or patented or described in any printed publication in any

15              country before my invention thereof or more than one year prior to this

16              application; that the same was not in public use or on sale in the United States

17              of America more than one year prior to this application; …. That I

18              acknowledge my duty to disclose information of which I am aware which is

19              material to the examination of this application as defined in Title 37 C.F.R.,

20              § 1.56(a)".

21           b) Park, and/or one or more individuals associated with the filing and

22              prosecution of the '988 patent knew of and failed to disclose U.S. Patent

23              5,579,571 ('571 patent) to the examiner.  Park is the inventor of the '571

24              patent.  The '571 patent was material to the examination of the '988 patent.

25              Nevertheless, no individual associated with the filing and prosecution of the

26              '988 patent cited these material references during the prosecution of the '988

27              patent, as required under 37 C.F.R. § 1.56.

28

c)   Park, and/or one or more individuals associated with the filing and
     prosecution of the '988 patent, knew of and failed to disclose, that more than
     one year prior to the date of the application of the '988 patent, Kreg Tool had
     made, sold, and offered for sale, pocket hole drilling tools, including Kreg
     Tool's model K2, M1, M2, Mini Kreg Jig and Rocket pocket hole jigs.  The
     fact that the K2, M1, M2, Mini Kreg Jig and Rocket pocket hole jigs were
     made, sold and offered for sale more than one year prior to the date of the
     application of the '988 patent, was  material to the examination of the '988
     patent.  Nevertheless, no individual associated with the filing and prosecution
     of the '988 patent cited these material references during the prosecution of
     the '988 patent, as required under 37 C.F.R. § 1.56.

d)   Park, and/or one or more individuals associated with the filing and
     prosecution of the '988 patent, knew of and failed to disclose, that prior to the
     date of  the application of the '988 patent, Kreg Tool had made, sold, and
     offered for sale, its model K2000 pocket hole jig.  The fact that the K2000
     pocket hole jig was made, sold and offered for sale prior to the date of the
     application of the '988 patent, was material to the examination of the '988
     patent.  Nevertheless, no individual associated with the filing and prosecution
     of the '988 patent cited these material references during the prosecution of
     the '988 patent, as required under 37 C.F.R. § 1.56.

e)   Park's knowledge of material prior art and his sworn statement to the United
     States Patent and Trademark Office regarding his understanding of his duty to
     disclose information he was aware of which was material to the prosecution
     of  the application and his experience in prosecuting patent applications and
     his failure to disclose known prior art which was material to the prosecution
     of the application from which the '988 patent issued over the entire course of
     the prosecution of such patent evidences Park's intent to deceive the United
     States Patent and Trademark Office so they would issue the '988 patent.

-6-

# NINTH AFFIRMATIVE DEFENSE

## (Inequitable Conduct '814 patent)

9.     With respect to the Park's claim of infringement of the '814 patent, Kreg Tool is informed and believes and, on that basis, alleges that Park's '814 patent is unenforceable because of the actions of Park and/or his attorneys in the prosecution of the application that led to the issuance of the '814 patent, failed to comply with their duty of candor and good faith in their dealing with the United States patent and Trademark Office and failed to and did not  disclose to the United States Patent and Trademark Office prior art known to that individual which prior art was material to the patentability of the '814 patent.  The failure to deal with candor and good faith, and the failure to disclose material prior art in the prosecution of the '814 patent, were made with intent to deceive the United States Patent and Trademark Office into issuing the '814 patent.  Kreg Tool alleges that said inequitable conduct consisted of intentionally misrepresenting and failing to disclose material prior art with the intent to deceive the United States Patent and Trademark Office so that the United States Patent and Trademark Office would issue the '814 patent, including without limitation the following:

       a)  In addition to Park's considerable experience in prosecuting patent applications before the United States Patent and Trademark Office, the sworn statement signed by Park on or about September 23, 2003, stated in pertinent part, "I acknowledge the duty to disclose information which is material to patentability 37 CFR § 1.56, including for continuation-in-part applications, material information which became available between the filing date of the prior application and the national or PCT international filing date of the continuation-in-part application."

       b)  Park, and/or one or more individuals associated with the filing and prosecution of the '814 patent knew of and failed to disclose U.S. Patent 5,579,571 ('571 patent) to the examiner.  Park is the inventor of the '571 patent.  The '571 patent was material to the examination of the '814 patent. Nevertheless, no individual associated with the filing and prosecution of the

-7-

1   '814 patent cited these material references during the prosecution of the '814

2   patent, as required under 37 C.F.R. § 1.56.

3  c) Park, and/or one or more individuals associated with the filing and

4   prosecution of the '814 patent, knew of and failed to disclose, that more than

5   one year prior to the date of the application of the '814 patent, Kreg Tool had

6   made, sold, and offered for sale, pocket hole drilling tools, including Kreg

7   Tool's model K2, M1, M2, Mini Kreg Jig and Rocket pocket hole jigs.  The

8   fact that the K2, M1, M2, Mini Kreg Jig and Rocket pocket hole jigs were

9   made, sold and offered for sale more than one year prior to the date of the

10   application of the '814 patent and the '988 patent, was material to the

11   examination of the '814 patent.  Nevertheless, no individual associated with

12   the filing and prosecution of the '814 patent cited these material references

13   during the prosecution of the '814 patent, as required under 37 C.F.R. § 1.56.

14  d) Park, and/or one or more individuals associated with the filing and

15   prosecution of the '814 patent, knew of and failed to disclose, that prior to the

16   date of  application of the '988 patent, and more than one year prior to the

17   date of application of the '814 patent, Kreg Tool had made, sold, and offered

18   for sale, its model K2000 pocket hole jig.  The fact that the K2000 pocket hole

19   jig was  made, sold and offered for sale prior to the date of the application of

20   the '988 patent, and more than one year prior to the date of application of the

21   '814 patent, was material to the examination of the '814 patent.  Nevertheless,

22   no individual associated with the filing and prosecution of the '814 patent

23   cited these material references during the prosecution of the '814 patent, as

24   required under 37 C.F.R. § 1.56.

25  e) Park, and/or one or more individuals associated with the filing and

26   prosecution of the '814 patent, knew and failed to disclose, that more than one

27   year prior to the date of the application of the '814 patent, CMT USA Inc. had

28   made, sold, and offered for sale, the CMT Pocket Pro Jig.  The fact that the

-8-

1    CMT Pocket Pro Jig was made, sold and offered for sale more than one year

2    prior to the date of the application of the '814 patent, was material to the

3    examination of the '814 patent.  Nevertheless, no individual associated with

4    the filing and prosecution of the '814 patent cited these material references

5    during the prosecution of the '814 patent, as required under 37 C.F.R. § 1.56.

6    f)   Park's knowledge of material prior art and his sworn statement to the United

7    States Patent and Trademark Office regarding his understanding  of his duty to

8    disclose information he was aware of which was material to the prosecution of

9    the application and his experience in prosecuting patent applications and his

10   failure to disclose known prior art which was material to the prosecution of

11   the application from which the '814 patent issued over the entire course of the

12   prosecution of such patent evidences Park's intent to deceive the United States

13   Patent and Trademark Office so they would issue the '814 patent.

14                       **TENTH AFFIRMATIVE DEFENSE**

15                       **(Inequitable Conduct '373 patent)**

16   10.    With respect to the Park's claim of infringement of the '373 patent, Kreg Tool is

17   informed and believes and, on that basis, alleges that Park's '373 patent is unenforceable because

18   of the actions of Park and/or his attorneys in the prosecution of the application that led to the

19   issuance of the '373 patent, failed to comply with their duty of candor and good faith in their

20   dealing with the United States patent and Trademark Office and failed to and did not  disclose to

21   the United States Patent and Trademark Office prior art known to that individual which prior art

22   was material to the patentability of the '373 patent.  The failure to deal with candor and good

23   faith, and the failure to disclose material prior art in the prosecution of the '373 patent, were

24   made with intent to deceive the United States Patent and Trademark Office into issuing the '373

25   patent.  Kreg Tool alleges that said inequitable conduct consisted of intentionally

26   misrepresenting and failing to disclose material prior art with the intent to deceive the United

27   States Patent and Trademark Office so that the United States Patent and Trademark Office would

28   issue the '373 patent, including without limitation the following:

a)  The sworn statement signed by Park in the application of the '373 patent,  on or about June 21, 2005, stated in pertinent part, "I have reviewed and understand the content of the attached specification, including the claims; that I do not know and do not believe the same was ever known or used in the United States of America before my invention thereof, or patented or described in any printed publication in any country before my invention thereof or more than one year prior to this application; that the same was not in public use or on sale in the United States of America more than one year prior to this application…. That I acknowledge my duty to disclose information of which I am aware which is material to the examination of this application as defined in Title 37 CFR, § 1.56(a)".

b)  Park disclosed no prior art to the examiner during the course of the prosecution of the '373 patent.

c)  Park knew of and failed to disclose the '988 patent and the '814 patent to the examiner prosecuting the application which later issued as the '373 patent even though he was the named inventor on such patents.  The '988 and '814 patents were material to the examination of the '373 patent.  Nevertheless, no individual associated with the filing and prosecution of the '373 patent cited these prior art references during the prosecution of the '373 patent, as required under 37 C.F.R. § 1.56.

d)  Park, and/or one or more individuals associated with the filing and prosecution of the '373 patent, knew of and failed to disclose, that more than one year prior to the date of the application of the '373 patent, Kreg Tool had made, sold, and offered for sale, pocket hole drilling machines, including Kreg Tool's model DB50, DK100 and DK1100.  The fact that the DB50, DK100 and DK1100 pocket hole drilling machines were made, sold and offered for sale more than one year prior to the date of the application of the '373 patent was material to the examination of the '373 patent.  Nevertheless,

-10-

1   no individual associated with the filing and prosecution of the '373 patent

2   cited these material references during the prosecution of the '373 patent, as

3   required under 37 C.F.R. § 1.56.

4   e)  Park's knowledge of material prior art and his sworn statement to the United

5   States Patent and Trademark Office regarding his understanding of his duty to

6   disclose information he was aware of which was material to the prosecution

7   of the application and his experience in prosecuting patent applications and

8   his failure to disclose known prior art which was material to the prosecution

9   of the application from which the '373 patent issued over the entire course of

10   the prosecution of such patent evidences Park's intent to deceive the United

11   States Patent and Trademark Office so they would issue the '373 patent.  The

12   '373 patent is unenforceable as a result of the inequitable conduct of Park in

13   the prosecution of the '373 patent.

14   **ELEVENTH AFFIRMATIVE DEFENSE**

15   **(Reservation of Rights)**

16   11.  Kreg Tool reserves the right to assert any additional defenses that further

17   investigation or discovery may indicate the existence of evidence sufficient to assert any such

18   affirmative defense.

19   **COUNTERCLAIMS**

20   **THE PARTIES**

21   1.  Counterclaimant Kreg Tool is a corporation organized under the laws of the State

22   of Iowa, having its principal place of business at 201 Campus Drive, Huxley, Iowa 50124.

23   2.  Counterclaim Defendant Joon Park has represented in a pleading filed with this

24   Court, he is an individual having an address at 1320 Virginia Avenue, Glendale, California

25   91202.

26   **JURISDICTION AND VENUE**

27   3.  Subject matter jurisdiction in the Court is based on 28 U.S.C. §§ 2201(a),

28   1338(a) and 1331.

-11-

1      4.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1331, 1332(a),

2  1391(b) and/or 1400.

3      5.      The counterclaims arise under the Declaratory Judgment Act, 28 U.S.C.

4  §§ 2201-2202, and the patent laws of the United States, Title 35 of the United States Code.

5      6.      Plaintiff and Counterclaim Defendant Joon Park ("Park") has charged Kreg Tool

6  with and is in fact suing Kreg Tool in this court for committing alleged acts of infringement of

7  the '988 '814 and '373 patents.  A justifiable controversy exists between Counterclaim

8  Defendant Park and Kreg Tool concerning Kreg Tool's alleged liability for infringement of the

9  '988 '814 and '373 patents, as well as the enforceability, validity and scope of the '988 '814 and

10  '373 patents.

11                   **BACKGROUND FACTS**

12      7.      On information and belief, Park does not make any products in the United States

13  or elsewhere.

14      8.      On information and belief, Park does not sell any products in the United States or

15  elsewhere.

16      9.      On information and belief, Park does not offer for sale any products in the United

17  States or elsewhere.

18      10.     On information and belief, Park does make any type of woodworking tool in the

19  United States or elsewhere.

20      11.     On information and belief, Park does not sell any type of woodworking tool in the

21  United States or elsewhere.

22      12.     On information and belief, Park does not offer for sale any type of woodworking

23  tool in the United States or elsewhere.

24      13.     On information and belief, Park does not make any type of pocket hole jig in the

25  United States or elsewhere.

26      14.     On information and belief, Park does not sell any type of pocket hole jig in the

27  United States or elsewhere.

28

1      15.     On information and belief, Park does not offer for sale any type of pocket hole jig

2  in the United States or elsewhere.

3      16.     On information and belief, Park does not make any product that practices any of

4  the claims of the '988 patent in the United States or elsewhere.

5      17.     On information and belief, Park does not offer for sale any product that practices

6  any of the claims of the '988 patent in the United States or elsewhere.

7      18.     On information and belief, Park does not sell any product that practices any of the

8  claims of the '988 patent in the United States or elsewhere.

9      19.     On information and belief, Park does not make any product that practices any of

10  the claims of the '814 patent in the United States or elsewhere.

11      20.     On information and belief, Park does not offer for sale any product that practices

12  any of the claims of the '814 patent in the United States or elsewhere.

13      21.     On information and belief, Park does not sell any product that practices any of the

14  claims of the '814 patent in the United States or elsewhere.

15      22.     On information and belief, Park does not make any product that practices any of

16  the claims of the '373 patent in the United States or elsewhere.

17      23.     On information and belief, Park does not offer for sale any product that practices

18  any of the claims of the '373 patent in the United States or elsewhere.

19      24.     On information and belief, Park does not sell any product that practices any of the

20  claims of the '373 patent in the United States or elsewhere.

21      25.     Park does not compete with Kreg Tool.

22                               **FIRST COUNTERCLAIM**

23            **DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

24      26.     Kreg Tool restates all allegations in Paragraphs 1 through 26 of this

25  Counterclaim.

26      **Non-infringement of the '988 Patent**

27      27.     Kreg Tool has not infringed claim 1 of the '988 patent.

28      28.     Kreg Tool has not infringed claim 2 of the '988 patent.

29.   Kreg Tool has not infringed claim 3 of the '988 patent.

30.   Kreg Tool has not infringed claim 4 of the '988 patent.

31.   Kreg Tool has not infringed claim 5 of the '988 patent.

32.   Kreg Tool has not infringed claim 6 of the '988 patent.

33.   Kreg Tool has not infringed claim 7 of the '988 patent.

34.   Kreg Tool has not infringed claim 8 of the '988 patent.

35.   Kreg Tool has not infringed claim 9 of the '988 patent.

36.   Kreg Tool has not infringed claim 10 of the '988 patent.

37.   Kreg Tool has not infringed claim 11 of the '988 patent.

38.   Kreg Tool has not infringed claim 12 of the '988 patent.

39.   Kreg Tool has not infringed claim 13 of the '988 patent.

40.   Kreg Tool has not infringed claim 14 of the '988 patent.

41.   Kreg Tool has not infringed claim 15 of the '988 patent.

42.   Kreg Tool has not infringed claim 16 of the '988 patent.

43.   Kreg Tool has not infringed claim 17 of the '988 patent.

44.   Kreg Tool has not infringed claim 18 of the '988 patent.

45.   Kreg Tool has not infringed claim 19 of the '988 patent.

46.   Kreg Tool has not infringed claim 20 of the '988 patent.

47.   Kreg Tool has not infringed claim 21 of the '988 patent.

**Non-infringement of the '814 Patent**

48.   Kreg Tool has not infringed claim 1 of the '814 patent.

49.   Kreg Tool has not infringed claim 2 of the '814 patent.

50.   Kreg Tool has not infringed claim 3 of the '814 patent.

51.   Kreg Tool has not infringed claim 4 of the '814 patent.

52.   Kreg Tool has not infringed claim 5 of the '814 patent.

53.   Kreg Tool has not infringed claim 6 of the '814 patent.

54.   Kreg Tool has not infringed claim 7 of the '814 patent.

55.   Kreg Tool has not infringed claim 8 of the '814 patent.

| | | |
|---|---|---|
| 1 | 56. | Kreg Tool has not infringed claim 9 of the '814 patent. |
| 2 | 57. | Kreg Tool has not infringed claim 10 of the '814 patent. |
| 3 | 58. | Kreg Tool has not infringed claim 11 of the '814 patent. |
| 4 | 59. | Kreg Tool has not infringed claim 12 of the '814 patent. |

5   **<u>Non-infringement of the '373 Patent</u>**

| | | |
|---|---|---|
| 6 | 60. | Kreg Tool has not infringed claim 1 of the '373 patent. |
| 7 | 61. | Kreg Tool has not infringed claim 2 of the '373 patent. |
| 8 | 62. | Kreg Tool has not infringed claim 3 of the '373 patent. |
| 9 | 63. | Kreg Tool has not infringed claim 4 of the '373 patent. |
| 10 | 64. | Kreg Tool has not infringed claim 5 of the '373 patent. |
| 11 | 65. | Kreg Tool has not infringed claim 6 of the '373 patent. |
| 12 | 66. | Kreg Tool has not infringed claim 7 of the '373 patent. |
| 13 | 67. | Kreg Tool has not infringed claim 8 of the '373 patent. |
| 14 | 68. | Kreg Tool has not infringed claim 9 of the '373 patent. |
| 15 | 69. | Kreg Tool has not infringed claim 10 of the '373 patent. |
| 16 | 70. | Kreg Tool has not infringed claim 11 of the '373 patent. |
| 17 | 71. | Kreg Tool has not infringed claim 12 of the '373 patent. |
| 18 | 72. | Kreg Tool has not infringed claim 13 of the '373 patent. |
| 19 | 73. | Kreg Tool has not infringed claim 14 of the '373 patent. |
| 20 | 74. | Kreg Tool has not infringed claim 15 of the '373 patent. |
| 21 | 75. | Kreg Tool has not infringed claim 16 of the '373 patent. |
| 22 | 76. | Kreg Tool has not infringed claim 17 of the '373 patent. |
| 23 | 77. | Kreg Tool has not infringed claim 18 of the '373 patent. |
| 24 | 78. | Kreg Tool has not infringed claim 19 of the '373 patent. |
| 25 | 79. | Kreg Tool has not infringed claim 20 of the '373 patent. |
| 26 | 80. | Kreg Tool has not infringed claim 21 of the '373 patent. |
| 27 | 81. | Kreg Tool has not infringed claim 22 of the '373 patent. |
| 28 | 82. | Kreg Tool has not infringed claim 23 of the '373 patent. |

-15-

1

## SECOND COUNTERCLAIM

2

### DECLARATORY JUDGMENT OF INVALIDITY

3    83.    Kreg Tool restates all allegations in Paragraphs 1 through 82 of this

4  Counterclaim.

5    84.    The asserted claims of the '988 patent are invalid for failure to comply with

6  grounds specified in Title 35 of the United States Code as a condition of patentability, in

7  particular 35 U.S.C. § 102.

8    85.    The asserted claims of the '988 patent are invalid for failure to comply with

9  grounds specified in Title 35 of the United States Code as a condition of patentability, in

10  particular 35 U.S.C. § 103.

11    86.    The asserted claims of the '988 patent are invalid for failure to comply with

12  grounds specified in Title 35 of the United States Code as a condition of patentability, in

13  particular 35 U.S.C. § 112.

14    87.    The asserted claims of the '814 patent are invalid for failure to comply with

15  grounds specified in Title 35 of the United States Code as a condition of patentability, in

16  particular 35 U.S.C. § 102.

17    88.    The asserted claims of the '814 patent are invalid for failure to comply with

18  grounds specified in Title 35 of the United States Code as a condition of patentability, in

19  particular 35 U.S.C. § 103.

20    89.    The asserted claims of the '814 patent are invalid for failure to comply with

21  grounds specified in Title 35 of the United States Code as a condition of patentability, in

22  particular 35 U.S.C. § 112.

23    90.    The asserted claims of the '373 patent are invalid for failure to comply with

24  grounds specified in Title 35 of the United States Code as a condition of patentability, in

25  particular 35 U.S.C. § 102.

26    91.    The asserted claims of the '373 patent are invalid for failure to comply with

27  grounds specified in Title 35 of the United States Code as a condition of patentability, in

28  particular 35 U.S.C. § 103.

-16-

92.    The asserted claims of the '373 patent are invalid for failure to comply with grounds specified in Title 35 of the United States Code as a condition of patentability, in particular 35 U.S.C. § 112.

## THIRD COUNTERCLAIM

## DECLARATORY JUDGMENT OF INEQUITABLE CONDUCT

93.    Kreg Tool restates all allegations in Paragraphs 1 through 93 of this Counterclaim.

94.    The '988 patent is unenforceable by virtue of, *inter alia,* inequitable conduct, as described with more particularity in Kreg Tool's Eighth Affirmative Defense, which is incorporated by reference as though fully set forth herein.

95.    The '814 patent is unenforceable by virtue of, *inter alia,* inequitable conduct, as described with more particularity in Kreg Tool's Ninth Affirmative Defense, which is incorporated by reference as though fully set forth herein.

96.    The '373 patent is unenforceable by virtue of, *inter alia,* inequitable conduct, as described with more particularity in Kreg Tool's Tenth Affirmative Defense, which is incorporated by reference as though fully set forth herein.

## FOURTH COUNTERCLAIM

## DECLARATORY JUDGMENT OF EXCEPTIONAL CASE

97.    Kreg Tool restates all allegations in Paragraphs 1 through 96 of this Counterclaim.

98.    The '988 patent has two independent claims, claim 1 and claim 12.

99.    As of the filing date of this pleading, Park has no evidentiary basis to allege that either of the independent claims of the '988 patent are being infringed.

100.    Claim 1 of the '988 patent has a clear limitation that requires a "gaging structure between said base and said guide carrier".

101.    Claim 12 of the '988 patent has a clear limitation that requires a "measuring structure selectively positionable between said base and said guide carrier".

102.   On information and belief, at no time prior to the filing of this action, did Park identify the "gaging structure between said base and said guide carrier" as set forth in claim 1 of the '988 patent, and compare that structure with a specific structure made, used, sold, offered for sale, or imported into the United States by Kreg Tool to determine if Kreg Tool used a structure that is the same as, or equivalent of, the structure in the '988 patent.

103.   On information and belief, at no time prior to the filing of this action, did Park identify the "measuring structure selectively positionable between said base and said guide carrier" as set forth in claim 12 of the '988 patent, and compare that structure with a specific structure made, used, sold, offered for sale, or imported into the United States by Kreg Tool to determine if Kreg Tool used a structure that is the same as, or the equivalent of, the structure in the '988 patent.

104.   On information and belief, at no time prior to the filing of this action, did Park make any effort to determine whether pocket hole jigs or any other woodworking tools incorporating the elements of the claims in the '988 patent were known prior to November 15, 2001.

105.   On information and belief, at no time prior to the filing of this action, did Park make any effort to determine whether pocket hole jigs or any other woodworking tools incorporating the elements of the claims in the '814 patent were known prior to November 15, 2001 or September 23, 2003.

106.   On information and belief, at no time prior to accusing Kreg Tool of infringement of the '373 patent did Park make any effort to determine whether a pocket hole drilling machine, or any other woodworking tools incorporating the elements of the claims in the '373 patent were known prior to June 23, 2004.

107.   Park failed to perform an adequate pre-filing investigation prior to initiating this action.

108.   The failure of Park to perform the analysis set forth in the previous paragraphs renders this case exceptional under 35 U.S.C. § 285.

109.    The failure of Park to conduct an adequate pre-filing investigation prior to initiating this action renders this case exceptional under 35 U.S.C. § 285.

110.    Park's allegations of infringement of claims 1 and 12 of the '988 patent without any supporting evidentiary basis renders this case exceptional under 35 U.S.C. § 285.

111.    Park's inequitable conduct as set forth in Kreg Tool's Third Counterclaim renders this case exceptional under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

Wherefore, Kreg Tool prays for the following relief:

A.    That the Complaint be dismissed with prejudice.

B.    That Plaintiff take nothing by its Complaint;

C.    That the Court enter judgment that:

    1.    Kreg Tool has not infringed U.S. Patent No. 6,637,988;

    2.    Kreg Tool has not infringed U.S. Patent No. 7,134,814;

    3.    Kreg Tool has not infringed U.S. Patent No. 7,374,373;

    4.    Kreg Tool has not contributed to the infringement of U.S. Patent No. 6,637,988;

    5.    Kreg Tool has not contributed to the infringement of U.S. Patent No. 7,134,814;

    6.    Kreg Tool has not contributed to the infringement of U.S. Patent No. 7,374,373;

    7.    Kreg Tool has not induced the infringement of U.S. Patent No. 6,637,988;

    8.    Kreg Tool has not induced the infringement of U.S. Patent No. 7,134,814;

    9.    Kreg Tool has not induced the infringement of U.S. Patent No. 7,374,373;

    10.    That U.S. Patent No. 6,637,988 is invalid and unenforceable;

    11.    That U.S. Patent No. 7,134,814 is invalid and unenforceable;

    12.    That U.S. Patent No. 7,374,373 is invalid and unenforceable;

D.    This case be rendered exceptional pursuant to 35 U.S.C. § 285.

E.    That Kreg Tool be awarded its reasonable costs and attorneys' fees.

-19-

1      F.      That the Court award Kreg Tool Country such other relief as the Court deems just

2    and proper.

                                        Respectfully submitted,
3

4    Dated:  November 13, 2008           */s/ John L. Haller*
                                        _____

5                                        GORDON & REES LLP
                                        John L. Haller, California Bar No. 61392
6                                        101 West Broadway, Suite 1600
                                        San Diego, CA  92101
7                                        619-696-6700
                                        619-696-7124 FAX
8                                        jhaller@gordonrees.com

9                                        F.S. FARRELL, LLC
                                        Frank S. Farrell, Minnesota Att. No. 28447
10                                        7101 York Avenue South, Suite 153
                                        Edina, MN 55435
11                                        952-921-3260
                                        952-216-0106 FAX
12                                        frank@fsfarrell.com

13                                        Counsel for Defendant
                                        CAS ENTERPRISES, INC.
14                                        D/B/A KREG TOOL COMPANY

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        -20-

## CERTIFICATE OF E-FILE SERVICE

I hereby certify that on November 13, 2008, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's electronic filing system.

Paul E. Adams
THE ADAMS LAW FIRM
550 West C Street
Suite 2000
San Diego, CA  92101
e-mail: adamspatentlaw@gmail.com

F.S. FARRELL, LLC
Frank S. Farrell, Minnesota Att. No. 28447
7101 York Avenue South, Suite 153
Edina, MN 55435
952-921-3260
952-216-0106 FAX
frank@fsfarrell.com

*/s/ Sharee L. Gill*
Sharee L. Gill

DEFENDANT CAS ENTERPRISES' THIRD AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
CIVIL NO. 08-CV-0385 DMS NLS

FSFA/1051305/6122736v.1