GORDON & REES LLP
John L. Haller, California Bar No. 61392
101 West Broadway, Suite 1600
San Diego, CA  92101
619-696-6700
619-696-7124 FAX
jhaller@gordonrees.com

F.S. FARRELL, LLC
Frank S. Farrell, Minnesota Att. No. 28447
7101 York Avenue South, Suite 153
Edina, MN 55435
952-921-3260
952-216-0106 FAX
frank@fsfarrell.com

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOON PARK, AN INDIVIDUAL,<br><br>PLAINTIFF,<br><br>VS.<br><br>CAS ENTERPRISES, INC.<br>AN IOWA CORPORATION<br>D/B/A KREG TOOL COMPANY<br><br>DEFENDANT. | CIVIL NO. 08-CV-0385 DMS NLS<br><br>**DEFENDANT AND COUNTER-CLAIMANT'S OBJECTIONS TO MAGISTRATE JUDGE'S JULY 31, 2009 ORDER GRANTING IN PART AND DENYING IN PART PARK'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD BY KREG TOOL ON THE GROUND OF ATTORNEY-CLIENT PRIVILEGE** |

Defendant and Counterclaimant's CAS Enterprises, Inc., an Iowa corporation, dba Kreg Tool Company respectfully files and serves pursuant to FRCP 72(a) this specific objection to the Order of the Magistrate Judge dated July 31, 2009 granting in part and denying in part Park's Motion to Compel Production of Documents withheld by Kreg Tool on the grounds of Attorney-Client Privilege.  Defendant hereby also files, in support of these objections 1) Plaintiff's Motion under Rule 37 to Compel Production of Documents withheld by Kreg Tool on the grounds of Attorney-Client Privilege; 2) Defendant's Opposition to Plaintiff's Motion to Compel; 3) Plaintiff's Reply to Defendant's Opposition; and 4) Order Granting in part and denying in part

Park's Motion to Compel Production of Documents Withheld by Kreg Tool on the Grounds of Attorney-Client Privilege.

**Specific Objection No. 1.**

Defendant respectfully and specifically objects to the Magistrate Judge's Order that "this court will not recognize the privilege between a non-attorney patent agent and client, independent of any involvement by an attorney"[1]

**Argument**:

It is now well-recognized that the [Attorney-Client] privilege protects communications between an inventor and its patent counsel. See *Hercules Inc. v. Exxon Corp.*, 434 F. Supp. 136, 146-47 (D. Del. 1977) (privilege applies to patent agents); see also *Zenith Radio v. Radio Corp. of America,* 121 F. Supp. 792, 794 (D. Del. 1954) (communications to employees of patent attorneys privileged to same extent as though made to patent attorneys.

Recently, the United States Court of Appeals for the Federal Circuit held in *In Re Spalding Sports Worldwide, Inc.,* 03 F.3d 800 (Fed. Cir. 2000) (decided after the Federal Circuit accepted a writ of mandamus from a federal district court ruling that privilege claims did not extend to patent prosecution matters). The Federal Circuit also held that privilege issues related to patent prosecution at the USPTO bear an essential relationship to matters exclusively within the Federal Circuit's jurisdiction and are governed by Federal Circuit jurisprudence. *Id.* At 803.

The "Attorney Client" privilege should be available equally to communications of registered U.S. Patent Agents and Registered U.S. Patent Attorneys in order not to frustrate the congressional scheme of providing registrations of both *Stryker Corp. v. Intermedics Orthopedics, Inc.*, 145 F.R.D. at 304.

Defendant hereby incorporates its argument in Opposition to Plaintiff's Motion under Rule 37 to Compel Production of Documents.

///

///

---

[1] Order granting in part and denying in part Parks Motion to Compel Production of Documents withheld by Kreg Tool on the Grounds of Attorney-Client Privilege, Page 7, line 6.

**Specific Objection No. 2.**

Defendants respectfully specifically object to the Magistrate Judge's Order that "the Attorney-Client Privilege does not attach to communications between a non-attorney patent agents and the client, Kreg Tool must product the documents under sub-section (a) and (b) [of Group 2].[2]

**Argument:**

To the extent that the attorney-client privilege extends to a prosecuting patent attorney for work relating to a patent application on behalf of a client under the patent attorney statutory authority as representative of the client and in furtherance of the expectations of the client, such documents should not be produced.

Defendant hereby incorporates its argument in Opposition to Plaintiff's Motion under Rule 37 to Compel Production of Documents.

## CONCLUSION

Defendant respectfully and specifically objects to the Magistrate Judge Order that there is no privilege between a non-attorney patent agent and the client independent of the involvement of an attorney.  It is contrary to the scheme of the United States Patent Laws.  The Patent Agent serves in the same capacity, with the same objectives and the same client expectations of privilege as that of a Patent Attorney.  Protection of the Patent Agent-client relationship will advance, not retard, the objectives of the United States Patent Laws.

Respectfully submitted

Dated:  August 10, 2009

*/s/ John L. Haller*
GORDON & REES LLP
John L. Haller, California Bar No. 61392
101 West Broadway, Suite 1600
San Diego, CA  92101
619-696-6700
619-696-7124 FAX
jhaller@gordonrees.com

F.S. FARRELL, LLC
Frank S. Farrell, Minnesota Att. No. 28447

---

[2] Order Granting in part and denying in part Park's Motion to Compel production of documents withheld by Kreg Tool on the grounds of Attorney-Client Privilege, page 8, line 1.

1  
2  
3  
4  
5  
6  

7101 York Avenue South, Suite 153  
Edina, MN 55435  
952-921-3260  
952-216-0106 FAX  
frank@fsfarrell.com  

Counsel for Defendants  
CAS ENTERPRISES, INC.  
D/B/A KREG TOOL COMPANY  

- 4 -

**CERTIFICATE OF E-FILE SERVICE**

I hereby certify that on August 10, 2009, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

>Paul E. Adams
>THE ADAMS LAW FIRM
>550 West C Street
>Suite 2000
>San Diego, CA  92101
>e-mail:  adamspatentlaw@gmail.com

There are no other parties/attorneys to be served that are not ECF users.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and executed on August 10, 2009, in the City of San Diego, State of California.

>*/s/ John L. Haller*
>John L. Haller