# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOON PARK,<br><br>    Plaintiff,<br><br>vs.<br><br>CAS ENTERPRISES, INC dba KREG TOOL COMPANY,<br><br>    Defendant.<br><br>AND ALL RELATED COUNTERCLAIMS. | CASE NO. 08-cv-0385 DMS (NLS)<br><br>**ORDER RE OBJECTIONS TO MAGISTRATE JUDGE'S ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |

This matter comes before the Court on the parties' objections to Magistrate Judge Nita L. Stormes' Order granting in part and denying in part Plaintiff's motion to compel production of documents withheld by Kreg Tool on attorney-client privilege grounds. (Docs. 79, 86, 92.)

## I.

## BACKGROUND

Plaintiff's motion to compel sought production of four groups of documents. Group 1 documents consist of communications between employees of Kreg Tool. Group 2 documents were split into three subsets: Group 2(a) comprises communications between patent agent Shawn Dempster and Kreg Tool; 2(b) comprises communications about patent matters that do not include a patent agent

1  or attorney; and 2(c) comprises communications between Shawn Dempster, Kreg Tool, and attorney
2  Frank Farrel. Group 3 documents consist of communications between Shawn Dempster and Kreg Tool
3  with copies of the same to an attorney.  Group 4 documents consist of communications between a
4  patent attorney and client regarding ex parte patent prosecution matters.

5  In chambers on July 17, 2009, the Magistrate Judge denied Plaintiff's motion to compel as to
6  Groups 1 and 4, but reserved on Groups 2 and 3. (Doc. 79.) On July 31, 2009, the Magistrate Judge
7  granted the motion to compel as to Groups 2(a) and 2(b), but reserved on 2(c) and 3 pending a
8  declaration from Defendant's attorney that the communications were made for the purpose of
9  obtaining legal advice. (Doc. 86.) At that time, the Magistrate Judge also clarified her ruling on Group
10 1 and 4 documents.  On August 7, 2009, defense counsel submitted a declaration regarding Groups
11 2(c) and 3.  (Doc. 87.)  On August 17, 2009, the Magistrate Judge ruled that those documents are
12 privileged and denied the remainder of Plaintiff's motion to compel.  (Doc. 92.)

13 On August 10, 2009, prior to the Magistrate Judge's rulings on Groups 2(c) and 3, Defendant
14 filed objections to the Magistrate Judge's July 31 order.  (Doc. 88.)  Plaintiff did not respond to the
15 objections and Defendant filed a reply on August 21, 2009.  (Doc. 94.)  On August 24, 2009, Plaintiff
16 filed its own objections to the Magistrate Judge's rulings and responded to Defendant's objections.
17 (Doc. 95.)  Defendant responded to Plaintiff's objections on August 31, 2009, and Plaintiff replied
18 on September 8, 2009. (Docs. 97 & 98.)  Given the complicated procedural history involved, the
19 Court will review all the objections, despite questions regarding the timeliness of Defendant's original
20 objections and Plaintiff's opposition to those objections.  The Court, however, declines to review
21 objections raised for the first time in a reply brief.

**II.**

**LEGAL STANDARD**

24 A magistrate judge's decision on a non-dispositive issue is reviewed by the district court under
25 the "clearly erroneous or contrary to law" standard.  28 U.S.C. § 636(b)(1)(A); *United States v.*
26 *Raddatz*, 447 U.S. 667, 673 (1980).  "A finding is 'clearly erroneous' when although there is evidence
27 to support it, the reviewing court on the entire record is left with the definite and firm conviction that
28 a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

1  In contrast, the "contrary to law" standard permits independent review of purely legal determinations
2  by a magistrate judge. *See, e.g., Medical Imaging Centers of America, Inc. v. Lichtenstein*, 917 F.
3  Supp. 717, 719 (S.D. Cal. 1996). Thus, the district court should exercise its independent judgment
4  with respect to a magistrate judge's legal conclusions. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D.
5  Ohio 1992).

### III.

### DISCUSSION

8  The issues before the Court involve application of the attorney-client privilege. The attorney-
9  client privilege exists when: (1) legal advice of any kind is sought, (2) from a professional legal adviser
10 in his or her capacity as such, (3) the communications relate to that purpose, (4) are made in
11 confidence, (5) by the client, (6) are, at the client's instance, permanently protected, (7) from disclosure
12 by the client or by the legal adviser, (8) unless the protection is waived. *United States v. Martin*, 278
13 F.3d 988, 1000 (9th Cir. 2002) (citing 8 Wigmore, Evidence § 2292, at 554 (McNaughton rev. 1961)).
14 Confidentiality is not lost if a third party is privy to the communication, provided the third-party is the
15 client's agent or representative and is present for the purpose of facilitating communications with the
16 attorney. *See e.g., Upjohn Co. v. United States*, 449 U.S. 383, 394 (1981).

17 **A.    Defendant's Objections**

18 Defendant raises two objections to Judge Stormes' order. First, Defendant argues that case law
19 and USPTO regulations recognize a patent agent-client privilege. Second, Defendant argues that such
20 a privilege applies on the facts of this case.

21 The Magistrate Judge noted a split in authority in the lower courts as to the applicability of the
22 attorney-client privilege to patent agents. On the one hand, some courts have held that no privilege
23 attaches because patent agents are not attorneys, and the attorney-client privilege is rooted "both
24 historically and philosophically, in the special role that lawyers have, by dint of their qualifications and
25 license, to give legal advice." *See e.g., Agfa Corp. v. Creo Prods. Inc.,* 2002 U.S. Dist LEXIS 14269,
26 *5 (D. Mass.). On the other hand, some courts have held that (a) the privilege attaches because of the
27 function that patent agents perform before the USPTO, and (b) finding no privilege would frustrate
28 congressional intent. *See, e.g., Polyvision v. Smart Techs., Inc.,* 2006 U.S. Dist. LEXIS 12688, *7-8

(E.D. Mich.). USPTO regulations forbid practicing patent attorneys and agents from "reveal[ing] a confidence or secret of a client." 37 C.F.R. § 10.1(r). "'Confidence' refers to information protected by the attorney-client or agent-client privilege under applicable law." *Id.,* at § 10.57(a).

As the Magistrate Judge correctly noted, the starting point for determining whether the Group 2(a) and (b) documents are protected is *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 803 (Fed. Cir. 2000) (Federal Circuit law controls issue of privilege if it pertains to patent law and will only arise in context of patent case). In that case, the court decided whether the attorney-client privilege applied to an invention record for the patent-in-suit. *Id.* at 805. It held that "an invention record constitutes a privileged communication, as long as it is provided to an attorney 'for the purpose of securing primarily legal opinion, or legal services, or assistance in a legal proceeding.'" *Id.* (quoting *Knogo Corp. v. United States*, 213 U.S.P.Q. 936, 940 (Ct. Cl. Trial Div. 1980). Because the invention record was submitted to the corporate legal department for the purpose of obtaining legal advice, the court found it was privileged. *Id.* at 806-07.

*Spalding's* central inquiry "is whether the communication is one that was made by a client to an attorney for the purpose of obtaining legal advice or services." *Id.* at 805. *Spalding* does not equate patent agents with attorneys. Under certain circumstances, however, non-attorneys may play a role in such communications. For example, the communications are privileged if a patent agent is working for an attorney. *Baxter Healthcare Corp. v. Fresenius Med. Care Holding, Inc.*, 2009 U.S. Dist. LEXIS 20467, *4 (N.D. Cal.) Similarly, communications by a client's agent to an attorney made for the purpose of securing legal advice or assistance for the client are privileged. *Upjohn Co. v. United States*, 449 U.S. 383, 394 (1981).

The attorney client privilege does not apply here because the communications at issue were made between a non-attorney patent agent and Defendant's CEO. Defendant's patent attorney was not privy to the communications. The patent agent was not employed in Defendant's legal department or by Defendant's patent attorney; rather, the patent agent was an independent contractor retained by Defendant. Under these circumstances, the Court agrees with the Magistrate Judge's Order requiring production of those documents contained in Groups 2(a) and (b). Defendant's objections are overruled.

**B.      Plaintiff's Objections**

   *1.      Group 1*

Plaintiff argues the Group 1 documents are not privileged because they are communications between lay persons, and the description of the documents is insufficient to make a proper evaluation of the asserted attorney-client privilege. (Pl. Obj. at 3-4.) Specifically, Plaintiff argues that Frank Farrell's declaration is insufficient under *AT&T Corp. v. Microsoft Corp.*, 2003 U.S. Dist. LEXIS 8710 (N.D. Cal. 2003), and that the Magistrate Judge must review the documents *in camera* or order declarations from the participating corporate employees. (Pl. Reply at 4-5.)

Communications between employees are privileged if they are about matters for which "the parties intend to seek legal advice." *AT&T*, 2003 U.S. Dist. LEXIS 8710 at *7. The Magistrate Judge found that the Group 1 documents were privileged because they were made at the direction of counsel so that Kreg Tool could obtain legal advice about its patent applications and Park's patents. (Doc. 86 at 9.) *AT&T* neither requires a certain level of specificity nor an *in camera* review of documents. Rather, the court in *AT&T* was satisfied, like Magistrate Judge Stormes, that the communications were about matters upon which the parties intended to seek legal advice. *AT&T*, 2003 U.S. Dist. LEXIS 8710 at *7-*8. Here, the record establishes that Group 1 documents were made at the direction of counsel to obtain legal advice. (Doc. 69-2, Farrell Decl. ¶ 10.) Thus, the Magistrate Judge's ruling is not clearly erroneous and Plaintiff's objections are overruled.

   *2.      Group 2(c)*

Plaintiff argues the Group 2(c) documents are not privileged because Shawn Dempster was not under the control and supervision of Frank Farrell. This argument appears to be made on Plaintiff's mistaken assumption that Frank Farrell was not involved in the communications. However, as Plaintiff later acknowledges, attorney Farrell was part of those communications. However, review of the privilege log for the Group 2(c) documents shows that several documents were filed with or came from the USPTO. These documents are in the public domain and are not subject to the attorney-client privilege. Therefore, documents 189, 193-94, 205, and 239 are subject to production. The remaining documents were made for the purpose of giving legal advice and therefore are protected by the privilege.

*3.    Group 3*

Plaintiff argues the Group 3 documents are not privileged because merely copying attorney Farrell on the communication does not bring such communications within the privilege. Here, Farrell was copied on the communications because the communications involved the giving of legal advice. (Doc. 87, Farrell Dec. ¶ 5). While some cases have held that draft documents are not privileged, more recent decisions have found that drafts generally are privileged. *See In re Rivastigmine Patent Litig.* (MDL No. 1661), 237 F.R.D. 69, 85-86 (S.D.N.Y. 2006). This includes drafts of documents that ultimately may be filed with the USPTO. *Id.* Thus, the Court adopts the Magistrate Judge's ruling that the draft documents are privileged. Plaintiff's objections are overruled.

*4.    Group 4*

Plaintiff argues the Group 4 documents are not privileged because they relate to *ex parte* patent prosecutions. However, as discussed above, the central inquiry is whether the communication is made for the purpose of obtaining legal advice. *In re Spalding*, 203 F.3d at 805. Here, the privilege log indicates the documents are emails regarding patent prosecution. The Magistrate Judge found the communications were made for the primary purpose of seeking legal advice. The Magistrate Judge's finding is not clearly erroneous. Plaintiff's objections are therefore overruled.

## IV.
## CONCLUSION

For the reasons stated above, Defendant's objections are overruled and Defendant is ordered to produce documents listed in Groups 2(a) and (b). Plaintiff's objections are overruled, except that Defendant is ordered to produce the following Group 2(c) documents: 189, 193-94, 205, and 239.

**IT IS SO ORDERED.**

DATED: October 27, 2009

_____
HON. DANA M. SABRAW
United States District Judge