# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOON PARK, an individual,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>CAS ENTERPRISES, INC., an Iowa<br>corporation, d/b/a KREG TOOL COMPANY,<br><br>　　　　　　　Defendants. | Civil No.08cv385 DMS (NLS)<br><br>**ORDER GRANTING PLAINTIFF'S RULE 16(b) MOTION TO AMEND SCHEDULING ORDER FOR LEAVE TO SUBSTITUTE DESIGNATED DAMAGE EXPERT**<br><br>[Doc. No. 121] |
| CAS ENTERPRISES, INC., an Iowa<br>corporation, d/b/a KREG TOOL COMPANY,<br><br>　　　　　　　Counterclaimant,<br>v.<br><br>JOON PARK, an individual,<br><br>　　　　　　　Counterdefendant. | |

　　　　Plaintiff Joon Park moves to substitute his previously-disclosed damages expert, Gary Lande, with a new damages expert, Chris Fogel. Park states that Mr. Lande has withdrawn from serving as an expert in this case because he does not feel capable of serving as an expert due to his deteriorating memory. Defendant CAS Enterprises (Kreg Tool) objects to the withdrawal because Park's counsel, Paul Adams, knew of Mr. Lande's condition at the time of his expert designation, did not act with due diligence to attempt to replace Mr. Lande, and any designation of a new expert would unfairly prejudice Kreg Tool.

The court has reviewed all the pleadings and the file in this case, and for the following reasons, **GRANTS** Park's motion to designate a new expert.

**Background.**

The Scheduling Order in this case provided that experts be designated by May 18, 2009. Sched. Ord. ¶ 14. Park did not designate his damages expert, Gary Lande, until July 13, 2009. Adams Decl. ¶ 6. Mr. Lande prepared Park's initial report with Mr. Adams' assistance, and Park timely served it on Kreg Tool on September 4, 2009. Adams Decl. ¶ 7. Mr. Adams subsequently forwarded Kreg Tool's expert report to Mr. Lande, and the two of them discussed preparing a rebuttal report. Adams Decl. ¶ 8. Mr. Adams says that at that time, Mr. Lande told him that "he was having a difficult time concentrating on the report and gathering his thoughts for a rebuttal because he was having difficulty recalling what he had read. He stated that he was worried about his memory and his ability to serve as a competent expert witness." *Id.*

After Park served the rebuttal report on October 2, 2009, Mr. Lande called Mr. Adams and asked for additional documents and case law. Adams Decl. ¶ 10. As Mr. Adams explained his thoughts on Kreg Tool's expert report, Mr. Lande "stated that he was confused." *Id.* Then, "[o]n several subsequent occasions, [Mr. Adams] sent Mr. Lande additional materials that [Adams] had earlier sent in which he said he did not receive or had misplaced the documents." *Id.*

On the morning of Sunday, October 18, 2009, Mr. Lande called Mr. Adams and told him that after reviewing the documents again, he did not believe he was capable to testify at the October 22 deposition and that he should withdraw from serving as an expert in light of the condition of his memory. Adams Decl. ¶ 11. Mr. Lande called Mr. Adams again later that day, and told him that several years earlier "he had been informally diagnosed with Alzheimer's . . . but that he now believed that his memory was deteriorating rapidly." *Id.* He told Mr. Adams he did not believe he could properly testify. *Id.* Mr. Adams then sent an email to Frank Farrell, one of Kreg Tool's attorneys, to tell him that the October 22 deposition would have to be cancelled and that Mr. Lande was considering withdrawing from the case. *Id.*

Mr. Adams and Mr. Farrell spoke the next day. Mr. Farrell asked whether Mr. Adams knew that at the time he engaged Mr. Lande that he had a deteriorating memory condition. Adams Decl. ¶ 12. Mr.

Adams told Mr. Farrell that he knew early on that Mr. Lande had "memory problems," but Mr. Adams attributed that condition to Mr. Lande's age. *Id.* Mr. Adams told Mr. Farrell he would let him know by October 21 whether he intended to proceed with Mr. Lande as Park's expert. Adams Decl. Ex. 1.

Upon learning of Mr. Lande's potential withdrawal, Kreg Tool asked this court to order Mr. Lande to appear for his deposition so that Kreg Tool could conduct a limited inquiry regarding his medical condition and determine to what extent that condition precludes him from continuing to serve as an expert in this case. After holding a telephonic conference with the parties' counsel, the court ordered that the deposition go forward. It also ordered the parties to brief Park's motion to withdraw and re-designate an expert.[1] In conjunction with the motion, the court ordered:

> At a minimum, Mr. Lande shall provide a letter from his treating physician stating the nature of his medical condition and if, in that doctor's opinion, Mr. Lande can serve as an expert witness. Additional medical records may be produced in conjunction with the motion to substitute the expert, subject to the Protective Order already in place in this case.

Oct. 21 Order, p.2.

Kreg Tool deposed Mr. Lande on October 22, 2009. The transcript of that deposition has been filed under seal. Park, in his moving papers, says the only relevant question and answer in the deposition goes as follows:

> Q. Sure. Have you discussed your condition with Adams since being retained in this case?
>
> A. Yes. When it became apparent to me somewhere along the line that I couldn't do it because my memory was so damn bad.

Transcript, 17:21-25. Kreg Tool says that "Mr. Lande showed no signs of serious mental incapacity that would make him unable to serve as an expert witness." Opp'n, p.2.

Park never filed a letter from Mr. Lande's treating physician nor any other medical record stating the nature of Mr. Lande's medical condition or a doctor's opinion that Mr. Lande could not serve as an expert witness. Park explains Mr. Lande has declined to submit a letter: "Mr. Lande does not wish to have any such physician determination on record, even if maintained in confidence." Reply, p.3.

---

[1] Park filed the reply to his motion, due November 10, 2009, on November 13, 2009. Kreg Tool filed an objection to Park's late-filed reply and asks the court to strike Park's reply because it is untimely. While the court does not condone Park's actions, in this instance, it will not strike the reply and has taken it under submission along with Park's other papers.

**Legal Standard.**

The Federal Rules of Civil Procedure state that "good cause" is required to amend a scheduling order. Fed. R. Civ. P. 16(b)(4).

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment). . . . Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)(citations omitted); *see also Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Worldtech Sys., Inc. v. Integrated Network Solutions, Inc.,* 2008 WL 4145440 at *1-2 (E.D. Cal. Sep. 3, 2008).

In examining a request to amend a scheduling order, a court should examine four factors: (1) degree of prejudice or surprise to the opposing party if the court modifies the order; (2) the opposing party's ability to cure the prejudice; (3) the proposed modification's impact on the orderly and efficient conduct of the trial; and (4) the moving party's willfulness or bad faith. *Galdamez v. Potter*, 415 F.3d 1015, 1020 (9th Cir. 2005).

**Discussion.**

Park argues that a re-designation is appropriate here because Kreg Tool will not suffer any prejudice, especially in light of the trial date being pushed out 120 days,[2] and Park acted diligently and in good faith to make the amendment. Further, Park offers this concession in seeking to designate the new expert:

> **Park agrees to rely solely on the expert report of September 2, 2009 served by Mr. Lande and his rebuttal report served on October 4, 2009.**

Reply, p.2 (emphasis in original). Kreg Tool argues that substitution at this late stage is highly prejudicial, Park has not presented any objective evidence as grounds for the substitution, and Park did not seek the amendment with due diligence.

---

[2] At the time Park filed his papers the trial date had not yet been moved. Park noted, however, that a continuance of the trial would provide Kreg Tool more than adequate time to complete discovery with the new expert.

This motion became fully briefed on November 16, 2009. Since that time, the district judge entered an order continuing pretrial dates for approximately 120 days. This court finds that the continuance of the pretrial dates, along with Park's concession that his new expert, Chris Fogel, will rely solely on Mr. Lande's expert report of September 2, 2009 and rebuttal report of October 4, 2009, will alleviate any potential prejudice to Kreg Tool by the substitution of Park's damages expert. While Mr. Adams may not have acted as diligently as he could have in seeking this amendment, the court finds that he did not act in bad faith. Despite early warnings that Mr. Lande might not be a competent expert witness for Park, the court accepts Mr. Adams' representation that he thought Mr. Lande could proceed as an expert witness despite some limitations on his memory. While the court understands Kreg Tool's frustration with the delay, there is no reason to doubt Mr. Adams' sworn testimony that he believed Mr. Lande could manage despite his health concerns, and Mr. Lande's sworn testimony that he only more recently realized that he could not perform as an expert witness. Additionally, there is no evidence of willfulness or bad faith on the part of Park or his counsel.

Further, the prejudice to Kreg Tool in having to reopen expert discovery to proceed with an expert deposition pales in comparison to the prejudice Park would face in having to proceed without a damages expert. Accordingly, Park may designate Chris Fogel as his new damages expert. Mr. Fogel may not, however, espouse any other opinions or theories not found in Mr. Lande's expert reports. It would be both prejudicial and unduly burdensome to Kreg Tool to allow submission of new expert reports with new theories and opinions. It would also be unduly prejudicial to Kreg Tool to allow Park to prepare new expert reports after having had the benefit of Kreg Tool's expert reports for several months.

While the court finds that Park and his counsel did not act in bad faith to replace Mr. Lande at this late date, the court will not tolerate willful disobedience of its orders. This court ordered Park to provide, at a minimum, a letter from Mr. Lande's treating physician stating the nature of his medical condition and if, in that doctor's opinion, Mr. Lande can serve as an expert witness, as well as any additional medical records to support Park's motion to substitute the expert. Park disobeyed that order. Further, Park has failed to either (1) provide a declaration from Mr. Lande explaining his refusal or inability to comply with the order; or (2) move to reconsider the order in light of Park's concession that

the Lande Expert Reports shall be adopted by the new expert without any new theories or opinions. In light of these failures and lack of objective evidence on which to grant the withdrawal of Mr. Lande, the basis for Park's motion to substitute the expert is not due to Mr. Lande's debilitating medical condition, but rather, to his failure to cooperate as an expert witness and unilateral withdrawal from this case. Given this new basis for the motion to substitute, Kreg Tool has incurred unnecessary fees and costs in conducting the limited deposition of Mr. Lande and opposing this motion. To alleviate the prejudice to Kreg Tool, this court orders Park to pay the costs and fees incurred for the Lande deposition and for drafting the opposition and objections to this motion.

**Order.**

For good cause shown, the court **GRANTS** Park's motion to amend the Scheduling Order to designate a new expert and **ORDERS**:

1. The court deems Chris Fogel to be Park's new damages expert. Mr. Fogel shall adopt the initial and rebuttal expert reports of Mr. Lande in their entirety, and his opinions and theories and the bases for those opinions and theories shall be limited to those expressed in Mr. Lande's September 2, 2009 and October 4, 2009 expert reports.

2. If Kreg Tool seeks to depose Mr. Fogel, the parties shall arrange for that deposition to occur by **December 18, 2009**, with each party to bear its own costs for the deposition.

3. No later than **December 7, 2009**, Kreg Tool shall submit a declaration of fees and costs incurred for their taking the limited deposition of Gary Lande and for opposing and objecting to this motion. Park may file a response to that declaration no later than **December 14, 2009**. The court will take the matter under submission.

**IT IS SO ORDERED.**

DATED: November 19, 2009

Hon. Nita L. Stormes
U.S. Magistrate Judge