UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOON PARK,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br><br><br>CAS ENTERPRISES, INC dba KREG TOOL COMPANY,<br><br>　　　　　　　　　　　Defendant.<br><br>AND ALL RELATED COUNTERCLAIMS. | CASE NO. 08-cv-0385 DMS (NLS)<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANT'S MOTION FOR STAY OF DISCOVERY ORDER PENDING APPEAL; AND**<br><br>**(2) GRANTING TEMPORARY STAY PENDING MOTION FOR STAY FILED WITH THE COURT OF APPEALS**<br><br>[Doc.144] |

　　　　Pending before the Court is Defendant's motion to stay this Court's Order compelling production of certain documents. For the reasons set forth below, Defendant's motion is denied. The Court, however, grants a temporary stay to allow Defendant to file a motion to stay with the Federal Circuit.

**I.**

**BACKGROUND**

　　　　At issue are documents comprising communications between patent agent Shawn Dempster and Defendant Kreg Tool. On June 10, 2009, Plaintiff filed a motion to compel certain documents that

Defendant claimed were privileged under a patent agent-client privilege. (Doc. 62.) On July 31, 2009, Magistrate Judge Stormes held that there is no patent agent-client privilege, absent any involvement by an attorney, and granted Plaintiff's motion to compel. (Doc. 86). Defendant objected to the Magistrate Judge's ruling. (Doc. 88.) This Court agreed with the Magistrate Judge, overruled Defendant's objections, and ordered Defendant to produce the documents. (Doc. 120.)

On November 4, 2009, Plaintiff filed another motion to compel with the Magistrate Judge requesting, among other things, the documents previously ordered produced. (Doc. 125.) Plaintiff also filed an *ex parte* application to shorten time on the motion to compel. (Doc. 124.) That same day, Defendant filed a Notice of Appeal, appealing this Court's decision to the Court of Appeals for the Federal Circuit. (Doc. 128.) Defendant also opposed the *ex parte* application arguing that this Court had been divested of jurisdiction regarding the discovery Order and further, that the discovery Order was automatically stayed. Questioning whether this Court was in fact divested of jurisdiction to enforce its own Order, the Magistrate Judge ordered Defendant to either produce the documents, oppose Plaintiff's motion to compel, or file a motion to stay pending appeal. (Doc. 132.) Defendant filed the instant motion on November 13, 2009. (Doc. 144.) Plaintiff filed an opposition (Doc. 162) and Defendant filed a reply. (Doc. 166.) Since the filing of the instant motion, the Court granted Defendant's *ex parte* motion to extend the pretrial and trial dates by four months. (Doc. 156.)

## II.

## DISCUSSION

Defendant initially argues that this Court's Order compelling production of documents was automatically stayed upon Defendant's filing of the Notice of Appeal and that jurisdiction over the subject matter of the appeal passed to the appellate court. *See McClatchy Newspapers v. Central Valley Typographical Union No. 46*, 686 F.2d 731, 734 (9th Cir. 1982) ("When a judgment is appealed, jurisdiction over the case passes to the appellate court."). However, Defendant does not cite any authority for the proposition that the Court is precluded from enforcing its own order. *See* 20 *Moore's Federal Practice* § 308.11 (Matthew Bender 3d ed.) ("There is a crucial difference between expanding an order after a notice of appeal has been filed and enforcing the order. When a matter is on appeal, the district court is precluded from expanding the order appealed from, but not from

enforcing it."). Rather, the Federal Rules of Appellate Procedure direct parties to request stays pending appeal from either the district court or the court of appeals. Fed. Rule App. Proc. 8(a).

Because this Court retains jurisdiction to enforce its discovery Order and the matter is not automatically stayed, the Court must address whether a stay pending appeal is appropriate. Four factors are examined when determining whether a stay should issue: (1) whether the movant will suffer irreparable injury absent a stay, (2) whether the stay will substantially injure the other parties to the proceeding, (3) the likelihood of success on appeal, and (4) the public interest. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). These factors are addressed in turn.

Defendant argues it will suffer irreparable injury absent a stay because disclosure of the privileged documents will preclude review of the issue. But if this Court has erred in ordering production of the documents, the Federal Circuit may vacate any adverse judgment and remand "for a new trial in which the protected material and its fruits are excluded from evidence." *Mohawk Indus., Inc., v. Carpenter*, 558 U.S. ___, 2009 U.S. LEXIS 8942 at *17 (2009). Accordingly, Defendant has an adequate remedy and will not be irreparably injured absent a stay. *Id*.

Defendant next argues that a stay will not substantially injure Plaintiff because the appeal will be fully briefed and heard by late April 2010, and trial in this matter will not commence until June 2010. Defendant, however, overlooks the motion deadline in March 2010, which will occur prior to completion of the briefing and argument on appeal. In addition, Plaintiff has already addressed motions for summary judgment without benefit of the documents in question, and additional motions for summary judgment remain pending before the Court as well. The possibility also remains that the Federal Circuit will not have resolved the issue before the scheduled trial date. Plaintiff would then be forced to trial without the documents, absent a continuance of the trial. A stay of the discovery Order may therefore prejudice Plaintiff.

Defendant next argues it is likely to succeed on appeal because there is a split of authority regarding whether a patent agent-client privilege exists. While the split of authority makes for an interesting appellate issue, Defendant has not established that it is likely to succeed on appeal.

Finally, Defendant argues the "public interest" weighs in favor of granting a stay because there are over 9,000 registered patent agents who have an interest in the outcome of the appeal. As Plaintiff

1  notes, however, patent agents have continued to work effectively without guidance on this issue.

2      Defendant has failed to show that a stay of the discovery Order pending appeal is warranted;
3  however, given the potential sensitivity of the documents at issue and the "public interest" arguably
4  at stake, the Federal Circuit may conclude that this Court's discovery Order falls within that "small
5  class" of orders that are subject to "collateral order appeal."  See *Mohawk Indus.,* 2009 U.S. LEXIS
6  8942 at * 11-13.

### III.
### CONCLUSION

    For these reasons, a temporary stay is granted to allow Defendant to file a motion to stay with the Federal Circuit.  Defendant shall file its motion to stay with the Federal Circuit by December 31, 2009, and file with this Court a status re stay and appeal by January 15, 2010.

**IT IS SO ORDERED.**

DATED:  December 18, 2009

_____
HON. DANA M. SABRAW
United States District Judge