UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOON PARK,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br><br>CAS ENTERPRISES, INC dba KREG TOOL COMPANY,<br><br>　　　　　　　　　Defendant.<br><hr>AND ALL RELATED COUNTERCLAIMS. | CASE NO. 08-cv-0385 DMS (NLS)<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND**<br><br>**(2) DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE AS MOOT**<br><br>[Docs. 102, 110 & 145] |

Pending before the Court is Defendant's motion for summary judgment of non-infringement, and Plaintiff's cross-motion for partial summary judgment of validity and infringement regarding United States Patent No. 7,374,373 ('373 Patent). Plaintiff also moved to strike testimony and exhibits submitted by Defendant in opposition to Plaintiff's cross-motion. The motions came on for hearing on December 18, 2009. Paul Adams appeared and argued on behalf of Plaintiff Joon Park. Frank Farrell and John Haller appeared and argued on behalf of Defendant CAS Enterprises, Inc., dba Kreg Tool Company. For the reasons set forth below, Defendant's motion is granted and Plaintiff's motions are denied as moot.

# I.

# BACKGROUND

Three patents are at issue in this case: United States Patent Nos. 6,637,988 ('988 Patent), 7,134,814 ('814 Patent) and 7,374,373 ('373 Patent). All three patents are part of a family of patents, covering woodworking tools for drilling pocket holes. On February 29, 2008, Plaintiff filed the initial complaint in this matter, alleging infringement of the '988 and '814 Patents. Defendant filed an Answer and Counterclaim on June 18, 2008. Defendant filed First and Second Amended Answers and Counterclaims on July 10, 2008 and July 17, 2008, respectively, adding the '373 Patent. Plaintiff filed a motion to dismiss, arguing that Defendant lacked standing to counterclaim on the '373 Patent. The Court denied the motion, and Plaintiff filed a First Amended Complaint, in which Plaintiff alleges that Defendant infringes: (1) '988 Patent claims 1, 12, and 20; (2) '814 Patent claims 1, 2, 4, 5, 6, 9, 10, and 11; and (3) '373 Patent claim 14.

On April 14, 2009, the Court held a Markman hearing, and on June 9, 2009, the Court issued its Order construing the disputed claim terms. (Doc. 63., hereinafter "Markman Order".) On June 12, 2009, the Court denied Defendant's motion for summary judgment based on invalidity of the three patents. (Doc. 64.) On July 27, 2009, the Court denied Plaintiff's motion for reconsideration of the Markman Order.

Defendant filed the present motion on September 25, 2009 (Doc. 102). Plaintiff filed an opposition (Doc. 108), and Defendant filed a reply (Doc. 112). Plaintiff filed his cross-motion on October 14, 2009 (Doc. 110). Defendant filed an opposition (Doc. 136), and Plaintiff filed a reply (Doc. 146). Plaintiff filed the motion to strike on November 13, 2009 (Doc. 145). Defendant filed an opposition (Doc. 167) and Plaintiff filed a reply (Doc. 173.).

# II.

# LEGAL STANDARD

"Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1380 (Fed. Cir. 2005) (citing Fed. R. Civ. P. 56(c)). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions

of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982). The moving party carries the initial burden of demonstrating that summary judgment is proper. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). To meet this burden, the moving party must identify the pleadings, depositions, affidavits, or other evidence that it "believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies this initial burden, then the burden shifts to the opposing party to show that summary judgment is not appropriate. *Id.* at 324. The opposing party's evidence is to be believed, and all justifiable inferences are to be drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). To avoid summary judgment, the opposing party cannot rest solely on conclusory allegations. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Instead, it must designate specific facts showing there is a genuine issue for trial. *Id.* More than a "metaphysical doubt" is required to establish a genuine issue of material fact." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

### III.

### DISCUSSION

The instant motion addresses the '373 Patent, which covers a high-production, automated pocket hole drilling machine. The accused products are Defendant's DB55 and DB110 pocket hole drilling machines. Plaintiff alleges Defendant's products infringe Claim 14 of the '373 Patent. Claim 14 is dependent on claims 5 and 13. The disputed claim for purposes of this motion is Claim 13 which provides:

> The apparatus as claimed in claim 5, further comprising a clamp which is movable to secure the workpiece, wherein said actuator provides a first point, a second point and a third point, wherein the movement of said actuator from said first point to second point causes clamping the workpiece by said clamp and the movement of said actuator from said second point to third point causes said drilling module to move to cut the pocket-hole in the workpiece by said first motor.

During claim construction, the parties disputed the scope of movement of the actuator between the first, second, and third points. The Court noted that "one of the invention's stated objectives is to "improve[] clamping" over the prior art. (*Id.,* col. 1, lines 40-41.) 'Improved clamping' suggests that attention be paid to clamping the workpiece before other features of the invention are activated." The

Court rejected Plaintiff's claim that the drilling module could move when the actuator moves between the first point and second point. Thus, the Court construed the limitation to mean "movement of the actuator from the first to the second point causes the clamp to engage the workpiece without movement of the drilling module, while movement of the actuator from the second to the third point causes movement of the drilling module." (Markman Order at 24-25.)

In the accused product, the clamp and drilling module move simultaneously. It is clear from viewing the product lodged with the Court that the clamp and drilling module move together. This conclusion is also supported by Defendant's expert. (Witt Decl.) Thus, as Plaintiff concedes, Defendant's product does not literally infringe the '373 Patent. The issue, therefore, is whether the accused product infringes under the doctrine of equivalents.

A determination of infringement, or in this case non-infringement, "requires a two-step analysis. 'First, the claim must be properly construed to determine its scope and meaning. Second, the claim as properly construed must be compared to the accused device or process.'" *Terlep v. Brinkmann Corp.*, 418 F.3d 1379, 1381 (Fed. Cir. 2005) (quoting *Carroll Touch, Inc. v. Electro Mech. Sys., Inc.*, 15 F.3d 1573, 1576 (Fed. Cir. 1993)). The first step is a question of law, and the second step is ordinarily a question of fact. *Nystrom v. Trex Co., Inc.*, 424 F.3d 1136, 1141 (Fed. Cir. 2005). Infringement will not be shown unless the plaintiff demonstrates "'the presence of every element or its substantial equivalent in the accused device.'" *Terlep*, 418 F.3d at 1384-85 (quoting *Wolverine World Wide, Inc. v. Nike, Inc.*, 38 F.3d 1192, 1199 (Fed. Cir. 1994)). Infringement can be found under the doctrine of equivalents where the accused product performs substantially the same function, in substantially the same way, to reach the same result. *Graver Tank & Mfg. Co. v. Linde Air Products Co.*, 339 U.S. 605, 308 (1950). Equivalence is assessed on a limitation-by-limitation basis, not from the perspective of the invention as a whole. *Freedman Seating Co. v. Am. Seating Co.*, 420 F.3d 1350, 1358 (Fed. Cir. 2005). The doctrine of equivalents cannot be used when it would entirely vitiate a claim limitation. *Carnegie Mellon University v. Hoffman-LaRoche Inc.*, 541 F.3d 1115, 1129 (Fed. Cir. 2008).

The Federal Circuit has stated:

> There is no set formula for determining whether a finding of equivalence would vitiate a claim limitation, and thereby violate the all limitations rule. Rather, courts must

> consider the totality of the circumstances of each case and determine whether the alleged equivalent can be fairly characterized as an insubstantial change from the claimed subject matter without rendering the pertinent limitation meaningless.

*Freedman Seating*, 420 F.3d at 1359.

Plaintiff argues Defendant's products infringe under the function/way/result test. Plaintiff argues that the important aspect of the patent is that the workpiece is clamped before the drill bit tip comes in contact with the workpiece. Under the function/way/result test, Plaintiff argues the ultimate "result" is to "ensure the workpiece is firmly clamped, followed by a rapid drill bit tip contact with the workpiece to create a crisp pocket hole with a low cycle time." The function is "controlling the timing of contact of the drill bit tip with the workpiece by setting (1) the distance between the workpiece and drill bit tip; (2) the average speed at which the drill bit moves toward the workpiece; and (3) initial movement of the drill motor." The way is through a linkage between the lever, drill bit and clamp.

Defendant correctly argues that adopting Plaintiff's equivalents argument would vitiate the claim limitation that "movement of the actuator from the first to the second point causes the clamp to engage the workpiece *without movement of the drilling module*." (Markman Order at 25) (emphasis added). Although the patent as a whole may disclose a machine that controls distance, speed, and initiation time of the clamping structure and drill motor, the focus of Defendant's motion is on the limitation at issue. Claim 13 of the '373 Patent discloses an actuator which provides three distinct points. One action, clamping the workpiece, occurs when the actuator moves between points one and two. A separate action, moving the drilling module, occurs when the actuator moves between points two and three. Defendant's products do not contain three points; rather the clamp and the drilling module move at the same time.

Plaintiff, making similar arguments as those rejected by the Court during claim construction, argues the delay between clamping the structure and moving the drilling module could be only a fraction of a second, and that nothing in the patent "would disclaim an operation of the lever in which the drilling module moves simultaneously with the movement from the first point to the second point so long as the clamping action is complete prior to contact of the drill bit with the workpiece." This argument is unpersuasive. The patent describes a two-step process in which the drilling module does not move until after the workpiece is clamped and the actuator is moving between points two and

three. Plaintiff's equivalents arguments entirely read out the claim limitations that create three distinct points, and in which the clamp moves first without movement of the drilling module.

Defendant's position is also supported by its recent Notice of Allowance from the United States Patent Office (USPTO), which allows a patent that covers Defendant's DB110 product.[1] (Farrell Decl., Ex. D.) Defendant's application originally was rejected by the USPTO as being anticipated by the '373 Patent. (Newman Decl., Ex. 4.) Defendant filed a Request for Continued Examination arguing that the '373 Patent teaches away from Defendant's proposed patent because the '373 Patent requires a two-step clamp assembly that clamps the workpiece first, then moves the drill when a handle is moved. (Newman Decl., Ex. 16.) Defendant argued its invention was not taught by the '373 Patent because its clamp assembly and drill are configured to move simultaneously. (*Id.*) The patent examiner found Defendant's arguments persuasive and stated that the '373 Patent "does not disclose 'a handle operatively coupled to the clamp assembly and the drill to simultaneously move the drill collet along the longitudinal axis and to move the clamp pad in the direction substantially perpendicular to the work surface' as claimed in [Defendant's patent application.]" The patent examiner found that the '373 Patent does not anticipate Defendant's patent and that the prior art does not render Defendant's patent claim obvious. (Farrell Decl., Ex. D.)

Thus, the patent examiner specifically examined Defendant's product in light of the '373 Patent and found a non-anticipated and non-obvious distinction between the two patent claims that warranted granting Defendant's patent. This is additional evidence that the products are not equivalent. *See Hoganas AB v. Dresser Indus.*, 9 F.3d 948, 954 (Fed. Cir. 1993) (noting that the USPTO's grant of a patent for the accused product with knowledge of the patent at issue in the case meant the accused product was nonobvious with respect to the patented product and was relevant to the equivalence issue); *General Atomics v. Axis-Shield ASA*, 440 F. Supp. 2d 1083, 1096 (N.D. Cal. 2006) ("When the PTO grants a patent that covers an accused product with knowledge of the asserted patents, a court may consider it as evidence that the product is not equivalent to the invention disclosed by the asserted patents."). Accordingly, based upon the undisputed facts in the record, Defendant is entitled to

---

[1] The patent does not cover the DB55 which is a pneumatically driven machine, rather than an electrically driven machine, but the lever sequence at issue is the same in both products.

1 | summary judgment of non-infringement.

## IV.
## CONCLUSION

For these reasons, Defendant's motion for summary judgment of non-infringement of the '373 Patent is granted. Plaintiff's motions are denied as moot.

**IT IS SO ORDERED.**

DATED: December 29, 2009

_____
HON. DANA M. SABRAW
United States District Judge