# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOON PARK, an individual,<br><br>           Plaintiff,<br>v.<br><br>CAS ENTERPRISES, INC., an Iowa corporation, d/b/a KREG TOOL COMPANY,<br><br>           Defendants.<br><br>CAS ENTERPRISES, INC., an Iowa corporation, d/b/a KREG TOOL COMPANY,<br><br>           Counterclaimant,<br>v.<br><br>JOON PARK, an individual,<br><br>           Counterdefendant. | Civil No.08cv385 DMS (NLS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>[Doc. No. 148] |

      Plaintiff Joon Park moves the court for evidentiary sanctions to exclude specific testimony and documents due to defendant Kreg Tool's alleged discovery violations regarding Kreg Tool's DB50 machine. Park also requests attorneys fees and costs for bringing this motion. Kreg Tool opposes, arguing that the evidentiary sanctions are not warranted because it properly initially disclosed and properly amended its disclosures to reflect the recently produced information. The court has considered all arguments in support of and in opposition to this motion, and for the following reasons, **DENIES** the motion for sanctions.

# RELEVANT BACKGROUND.

## Scheduling Order.

The parties held a Rule 26(f) conference and filed a report of their meeting on August 15, 2008. In that report the parties confirmed that they would exchange initial disclosures on August 11, 2008. The court held an Early Neutral Evaluation and issued a scheduling order on August 19, 2008. In that order the court set the fact discovery deadline for August 7, 2009 and the expert discovery deadline for October 30, 2009.[1]

On November 16, 2009 the court issued an order extending the remaining pretrial dates. Under the amended schedule, the last date to file dispositive motions is March 19, 2010. The pretrial conference is set for May 21, 2010 and the first day of trial is set for June 21, 2010.

## Discovery on the Foreman DB50 Machine.

Kreg Tool claims that it offered the Foreman DB50 machine for sale in 2002 and 2003. Whether the DB50 existed and in what form it existed is relevant to whether it constitutes relevant prior art to the patent at issue, Park's '373 patent. Kreg Tool asserts that it previously produced and disclosed evidence of the DB50 to Park. In its final invalidity contentions, Kreg Tool identified these documents regarding the DB50: press release, manual, sales sheet, catalogs and invoice, picture, DB50 video, and invoices. Farrel Decl. Ex F. In other discovery, Kreg Tool produced financial records for the DB50 that date back to the July-September 2002 quarter.

In his business plan of January 2005, Park includes a picture and description of the DB50. Farrell Decl. Ex. E, pp.5-6. At his deposition Park testified that he knew about the DB50:

```
Q.    [P]age 6 of your business plan, is that a picture of a Foreman - a Kreg
      Tool Foreman DB50?
A.    Yes.
Q.    Where did you obtain that picture?
A.    From Internet.
Q.    From the Kreg Tool website?
A.    Yes.
***
Q.    So you knew about the DB50 back in - in late 2004/January 2005, correct?
A.    Yes.
***
```

---

[1] The court did extend the fact discovery deadline for certain discovery that was subject to a motion to compel, and will extend it again to the extent any appellate court order confirms the required production of any outstanding discovery.

| | | |
|---|---|---|
| 1 | Q. | And you downloaded that picture from the website and put it in your business plan? |
| 2 | A. | Yes, I did. |
| | Q. | Okay. What else did you learn about the DB50 from reviewing the Kreg Tool website? |
| 3 | | |
| | A. | Nothing much, except the - the functionality of this one is a jig - compared the jig is more likely a semi-automatic machine, yes. |
| 4 | | |
| | Q. | So you gained in - so you learned information about how the DB50 operates from viewing the Kreg Tool website? |
| 5 | | |
| | A. | Briefly when I see the picture, yes, I can imagine what is the functionality of the machine. |
| 6 | | |

7  Farrell Decl. Ex. G.

8  On January 28, 2009, Park's counsel, Paul Adams, wrote a letter to Frank Farrell, Kreg Tool's

9  counsel, acknowledging that the DB50 machines may be prior art depending on the details of the

10  construction and operation of the machines.  Newman Decl. Ex. 1.  In that letter Mr. Adams offers to

11  dismiss the infringement count based on the '373 patent if Mr. Farrell provides documentary evidence

12  that the DB50 machine was sold in 2002 and has the features described in the "manual." *Id.* According

13  to Adams, the evidence that had been produced up until that date did not convince him that the DB50

14  constituted prior art.

15  Kreg Tool showed a video of the DB50 in open court at the Markman hearing in April 2009.  In

16  that video at approximately time markers 0:12, 0:40, 1:28, and 1:40, Todd Sommerfeld, Kreg Tool's

17  President, refers to the machine in the video as the Foreman DB50 pocket hole drilling machine.  In July

18  2009, Park's counsel, Paul Adams, reviewed the DB50 video on his own.  While Adams acknowledged

19  in a letter to Kreg Tool's counsel, Frank Farrell, that the video explained the features of the DB50

20  machine, he argued that it did not necessarily show that the DB50 was prior art because it did not

21  explain the feature that would determine whether the DB50 anticipates or renders obvious the subject

22  matter of claim 14 in the '373 patent.  Farrell Decl. Ex. H.

23  **Summary Judgment Motions.**

24  On September 25, 2009, Kreg Tool filed a motion for summary judgment for non-infringement

25  of the '373 patent. [Doc. No. 102.]  Park filed a cross motion for partial summary judgment of non-

26  invalidity and infringement on the '373 patent on October 14, 2009. [Doc. No. 110.]  In that motion, he

27  argues that Kreg Tool's proffered testimony and documentary evidence that the DB50 is prior art fails to

28  raise a genuine issue of material fact that it is, in fact, prior art.  Park says that only two witnesses have

testified about the DB50: Brad Witt, Kreg Tool's technical expert in this case, and Todd Sommerfeld, the President of Kreg Tool. Park points out that at Witt's deposition, Witt admitted that he had never owned, seen or used a DB50 machine. Park explains that Sommerfeld, who discussed the DB50 in a video that aired at the Markman hearing, displayed only the DB55 machine in the video and never actually showed the DB50 machine. As for the documentary evidence produced regarding the DB50--sales receipts, operating manual, press release and advertisements--Park argues that none of them demonstrate the DB50 to be prior art. Ultimately, Park argues that there is no evidence the DB50 ever existed, and ultimately compares it to a "video of Sasquatch or the Loch Ness Monster, [where] actual proof of the DB50 is apparently impossible to capture on film." Park's MSJ, p.10.

On November 6, 2009, Kreg Tool filed its opposition to Park's cross summary judgment motion. [Doc. No. 136.] To refute Park's claim of the "imaginary" DB50, Kreg Tool included the following additional evidence of the existence of the DB50:

- Declaration by Brad Lilienthal, Kreg Tool's Vice President of Sales and Marketing. The declaration states he prepared press releases for the DB50 in 2002 and that Kreg Tool designed and manufactured it by August 1, 2002. He attaches a copy of an invoice and inventory record for a particular DB50 and a picture of a particular DB50 machine. Farrell Decl. Ex. B.

- Declaration by Mike Peachy, a Kreg Tool customer. Mr. Peachy states he bought a DB50 machine to use for his business in August 2002 and attaches a picture of the DB50 machine that he owns. Farrell Decl. Ex. C.

- Declaration by Charles Miller, a Kreg Tool customer. Mr. Miller states he bought a DB50 in July 2003 and attaches a picture of the DB50 machine that he owns. Farrell Decl. Ex. D.

- Kreg Tool attached copies of the sales orders for the products Mr. Peachy and Mr. Miller bought to its exhibits supporting its opposition to Park's cross summary judgment motion. *See* Doc. No. 136-11.

On December 29, 2009, District Judge Sabraw granted Kreg Tool's summary judgment motion for non-infringement of the '373 patent. He denied Park's cross summary judgment motion and motion to strike the supplemental evidence as moot.

/ / /

/ / /

/ / /

/ / /

**Park's Motion for Sanctions and Kreg Tool's Amended Disclosures.**

Park filed this motion for sanctions on November 13, 2009.[2] He argues that because Kreg Tool did not supplement its disclosures during the open discovery period, the court should not consider the supplemental evidence in either dispositive motions or at trial. On November 16, 2009, Kreg Tool amended its Rule 26(e) disclosures to include the newly-proffered evidence. In that notice Kreg Tool said the amendment was necessary given Park's new contention in his summary judgment papers that were filed after the close of discovery. Kreg Tool also noted that in its Rule 26 initial disclosures it had disclosed Brad Lilienthal as a witness who could testify as to "Kreg Tool's design, manufacture and sale of Kreg Tool's products, as well as prior art to the asserted patents." Notice, Farrell Decl. Ex. A.

### DISCUSSION

Park's motion for sanctions is based on Kreg Tool's discovery conduct. Even though Judge Sabraw has now denied Park's summary judgment motion and corresponding motion to strike the supplemental evidence as moot, those denials do not necessarily moot the issue in this motion, which is whether Kreg Tool engaged in discovery misconduct. Therefore, this court must still determine whether Kreg Tool violated any discovery rules.

**Duty to Supplement Disclosures.**

Federal Rule of Civil Procedure 26(a) requires the parties to make initial disclosures that include an identification of witnesses and categories of documents that each side will rely on in the case. Rule 26(e) requires the parties to supplement their Rule 26(a) disclosures and their discovery responses if "the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. Proc. 26(e)(1)(A).

Parties who run afoul of Rule 26 may face sanctions as specified in Rule 37:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. Proc. 37(c)(1). The exclusion sanction is "self-executing" and "automatic." *Yeti by Molly*

---

[2] Also on November 13, 2009, Park filed with Judge Sabraw a motion to strike the supplemental evidence from Kreg Tool's opposition to Park's cross summary judgment motion. Judge Sabraw denied that motion as moot.

*Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (referencing the Advisory Committee's Notes to Rule 37(c)(1) (1993 Amendments)). However, "[t]wo express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the party can prove that its failure to disclose the required information is substantially justified or harmless." *Id*. at 1106-07 ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness"). The Ninth Circuit "give[s] particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." *Id.* The following factors are used to guide the court's discretion:

> 1) the public's interest in expeditious resolution of litigation;
> 2) the court's need to manage its docket;
> 3) the risk of prejudice to the defendants;
> 4) the public policy favoring disposition of cases on their merits; and
> 5) the availability of less drastic sanctions.

*Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997).

In patent cases, disclosure and supplementation of prior art references are also governed by 35 U.S.C. § 282:

> In actions involving the validity or infringement of a patent the party asserting invalidity or noninfringement shall give notice in the pleadings or otherwise in writing to the adverse party at least thirty days before the trial, of the country, number, date, and name of the patentee of any patent, the title, date, and page numbers of any publication to be relied upon as anticipation of the patent in suit…

35 U.S.C. § 282. The Federal Rules of Civil Procedure and § 282 co-exist. *ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 551 (Fed. Cir. 1998). But when the court has set a scheduling order to govern discovery and pretrial procedures, the scheduling order governs that case. *Id.* While section 282 "sets a minimum period for the identification of prior art to be introduced as evidence of anticipation, a specific judicial directive for the timing of discovery establishes the procedures to which the parties are bound." *Id.* Though § 282 and the scheduling may differ as to timing, they share a common goal: "The purpose of both the Federal Rules and § 282 is to prevent unfair and prejudicial surprise." *Abbott Labs. v. Syntron Bioresearch, Inc.*, 2001 U.S. Dist. LEXIS 26339, *6 (S.D. Cal. 2001).

**<u>Kreg Tool's Supplemental Disclosures.</u>**

Park argues that Kreg Tool has not met its burden to prove that its supplemental disclosure was harmless or substantially justified. He says Kreg Tool fails to explain how it earlier searched for the

DB50 machines without success but then found four DB50 machines in its inventory after the close of discovery.  *See Lilienthal Decl.*  Further, Park argues that Kreg Tool does not explain how it searched its sales records during discovery yet did not locate the two newly-disclosed customers until opposing the cross summary judgment motion.  *See Peachy and Miller Decls*.  Kreg Tool counters that the timing of producing the supplemental disclosures is harmless and is substantially justified because Kreg Tool produced them in response to Park's accusations that the DB50 machine never existed.

Kreg Tool was substantially justified in supplementing its previously-disclosed prior art machine evidence of the DB50 in response to Park's accusations that the DB50 machine never existed.  Park knew that Kreg Tool asserted the DB50 was prior art, and Kreg Tool did not intentionally conceal it as a prior art reference.  Kreg Tool disclosed the DB50 as prior art in the preliminary invalidity contentions and again in the final invalidity contentions.  Park, therefore, has been on notice of Kreg Tool's position regarding the DB50 since disclosures and documents were first exchanged in this lawsuit.  Further, Kreg Tool produced during the discovery period a significant amount of evidence regarding the DB50.  The fact that Kreg Tool relies on this previously-produced evidence--and not on the supplemental evidence--in support of its own summary judgment motion regarding validity of the '373 patent, shows that it believes the evidence produced during discovery is sufficient to demonstrate invalidity.  The supplemental evidence, therefore, was produced to counter Park's claim that, in light of all the evidence Kreg Tool produced, the DB50 never existed.

Further, Kreg Tool's production of the supplemental evidence is not so harmful as to warrant exclusion from trial.  Park already had extensive knowledge of the existence and operation of the DB50.  He included a picture of it in his business plan and testified that he knew about the DB50 and about how it worked.  Kreg Tool showed a video demonstrating the DB50 at the Markman hearing.  Further, Kreg Tool listed Mr. Lilienthal as a witness in its initial Rule 26 disclosures.  Finally, with Judge Sabraw recently granting Kreg Tool's motion for summary judgment for non-infringement without reliance on the supplemental discovery, the late production of that discovery was harmless.

The court, therefore, denies Park's motion for sanctions regarding the supplemental evidence Kreg Tool produced in its opposition to Park's summary judgment motion for non-invalidity and infringement on the '373 patent.  The court finds that Kreg Tool was substantially justified to provide

the supplemental disclosure when it did. Further, its production of that discovery was harmless to Park. Therefore, Kreg Tool did not engage in any discovery misconduct.

**Attorney's Fees.**

Because the court finds that Kreg Tool's supplemental disclosure did not amount to a discovery violation, the court denies Park's request for attorney's fees.

**IT IS SO ORDERED.**

DATED: January 4, 2010

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court