# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOON PARK,<br><br>    Plaintiff,<br><br>vs.<br><br>CAS ENTERPRISES, INC dba KREG TOOL COMPANY,<br><br>    Defendant.<br><br>AND ALL RELATED COUNTERCLAIMS. | CASE NO. 08-cv-0385 DMS (NLS)<br><br>**ORDER RE OBJECTION TO MAGISTRATE JUDGE'S ORDER AWARDING DEFENDANT ATTORNEY'S FEES** |

This matter comes before the Court on Plaintiff's objection to the Magistrate Judge's Order awarding Defendant $4,959.44 in attorney's fees.

## I.
## BACKGROUND

On October 21, 2009, Magistrate Judge Stormes held a telephonic discovery conference with the parties. At issue was Plaintiff's damages expert, Gary Lande, who had become unavailable for a deposition due to Alzheimer's Disease. Defendant desired to proceed with the deposition to determine Mr. Lande's capacity to serve as an expert witness. Magistrate Judge Stormes ordered Defendant to take a limited deposition of Mr. Lande on the subject of his mental condition. (Doc. 117.) Plaintiff

1  was ordered to file a motion to substitute his damages expert.

2      On October 29, 2009, Plaintiff filed a motion to substitute damages expert Chris Fogel for Mr.
3  Lande. (Doc. 121.) Defendant filed an opposition, (Doc. 137), and Plaintiff filed a reply. (Doc. 147.)
4  On November 19, 2009, Magistrate Judge Stormes granted Plaintiff's motion. (Doc. 157.) However,
5  the Magistrate Judge found that Plaintiff had willfully disobeyed a court order, and therefore ordered
6  Plaintiff to pay Defendant's fees and costs associated with the deposition of Mr. Lande and the
7  opposition to Plaintiff's motion to substitute his damages expert.

8      On December 7, 2009, Defendant filed a declaration of fees and costs for $11,873.68. (Doc.
9  170.) Plaintiff objected to three of the requested costs: $3,250 for attorney Frank Farrell, $2,800 for
10 patent agent Shawn Dempster, and $4,614.24 for local counsel's law firm Gordon and Rees. (Doc.
11 174.) On December 16, 2009, Magistrate Judge Stormes awarded Defendant $4,959.44 in fees and
12 costs. (Doc. 175.) The Magistrate Judge permitted the charge of $3,250 for Frank Farrell but rejected
13 the fees for Shawn Dempster and reduced the fees for Gordon and Rees to $500. On December 22,
14 2009, Plaintiff filed an objection to Magistrate Judge Stormes' Order. (Doc. 178.)

## II.

## LEGAL STANDARD

17     A magistrate judge's decision on a non-dispositive issue is reviewed by the district court under
18 the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *United States v.*
19 *Raddatz*, 447 U.S. 667, 673 (1980). "A finding is 'clearly erroneous' when although there is evidence
20 to support it, the reviewing court on the entire record is left with the definite and firm conviction that
21 a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).
22 In contrast, the "contrary to law" standard permits independent review of purely legal determinations
23 by a magistrate judge. *See, e.g., Medical Imaging Centers of America, Inc. v. Lichtenstein*, 917 F.
24 Supp. 717, 719 (S.D. Cal. 1996). Thus, the district court should exercise its independent judgment
25 with respect to a magistrate judge's legal conclusions. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D.
26 Ohio 1992).

27 / / /

28 / / /

## III.

## DISCUSSION

Plaintiff objects only to the award of $3,250 for 13 hours of attorney Frank Farrell's time. Mr. Farrell's declaration indicated the time was spent preparing for the deposition and working on the opposition brief. Plaintiff argues that 13 hours is excessive for two reasons: 1) because Mr. Farrell's law clerk expended 25 hours preparing an opposition to Plaintiff's motion to substitute his expert witness, and 2) because preparation for the deposition could not have been significant because the deposition itself lasted only 30 minutes.

Plaintiff made similar arguments to Magistrate Judge Stormes. The Magistrate Judge found that although the deposition was short, the subject matter was uncommon for deposition of a damages expert. Further, Mr. Farrell presumably had final review and authority over the opposition brief, which was nine pages long and supported by a declaration with six exhibits. Therefore, the court found that 13 hours was a reasonable amount of time to spend on the two projects.

The Magistrate Judge's ruling was not clearly erroneous. Magistrate Judge Stormes supported her reasoning, and the Court agrees with the finding that 13 hours was a reasonable amount of time under the circumstances.

## IV.

## CONCLUSION

Plaintiff's objection is overruled. Plaintiff is ordered to remit $4,959.44 to Frank Farrell, F.S. Farrell LLC, by no later than **March 31, 2010.**

**IT IS SO ORDERED.**

DATED: March 18, 2010

_____
HON. DANA M. SABRAW
United States District Judge