# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOON PARK, an individual,<br><br>　　　　　　Plaintiff,<br>v.<br><br>CAS ENTERPRISES, INC., an Iowa corporation, d/b/a KREG TOOL COMPANY,<br><br>　　　　　　Defendants. | Civil No.08cv385 DMS (NLS)<br><br>**ORDER GRANTING KREG TOOL'S MOTION TO COMPEL PLAINTIFF TO PRODUCE DOCUMENTS RELATED TO PLAINTIFF'S PATENT AGENT, ALLEN DICKE**<br><br>[Doc. No. 227] |
| CAS ENTERPRISES, INC., an Iowa corporation, d/b/a KREG TOOL COMPANY,<br><br>　　　　　　Counterclaimant,<br>v.<br><br>JOON PARK, an individual,<br><br>　　　　　　Counterdefendant. | |

　　　Plaintiff Joon Park filed a complaint against defendant Kreg Tool for infringement of its '988, '814 and '373 patents relating to pocket hole drilling jigs and machines. Park accused Kreg Tool's Model K3 and K4 jigs and the DB55 and DB110 machines of infringement. On March 19, 2010, Kreg Tool filed a motion to compel Park to produce documents related to his non-attorney patent agent, Allen Dicke. Park opposes the motion, arguing that the documents only relate to the '373 patent and that the '373 patent is no longer at issue. While the time to file a reply brief has not yet come due, the court deems it has sufficient information before it to decide this motion.

For the following reasons, the court **GRANTS** Kreg Tool's motion.

**Relevant Background.**

Kreg Tool sent a subpoena to Allen Dicke on July 10 and a second one on August 6, 2009. In a letter dated August 14, 2009, Park's counsel stated he would provide the documents once the court resolved the question of whether an attorney-client privilege exists with a non-attorney patent agent. That issue was then pending before this court in a motion filed by Park, where he sought to compel production of documents related to Kreg Tool's non-attorney patent agent, Shawn Dempster.

Judge Stormes had issued the first ruling on the patent agent-client privilege issue on July 31, 2009. Kreg Tool filed objections. Judge Sabraw overruled the objections on October 27, 2009. Kreg Tool filed a notice of appeal of that decision on November 4, 2009. On December 31, 2009, Kreg Tool filed a notice regarding its intent to dismiss the appeal and to produce the patent-agent client documents involving its own patent agent. On January 7, 2010, this court set January 14, 2010 as the a date of production for those documents. The Federal Circuit dismissed the appeal on January 8, 2010.

Park, meanwhile, had not followed through on his promise to produce the documents related to his patent agent, Allen Dicke. The parties met and conferred on Park's failure to produce on March 11, 17 and 18, 2010. Park now refuses to produce the documents because they all relate to the '373 patent, which he believes is no longer relevant because Judge Sabraw ruled that Kreg Tool does not infringe that patent. Kreg Tool counters that these documents are at least relevant to its claim for declaratory judgment of invalidity of the '373 patent. In fact, Kreg Tool has filed a motion for summary judgment that claim 5 of the '373 patent is invalid.

**Order.**

Park's counsel, Paul Adams, said that he obtained the subpoenaed documents from Allen Dicke and that he would "provide those documents to [defense counsel] informally and in response to the subpoena when Judge Sabraw rules on the question of whether an attorney-client privilege exists for a patent agent and his or her client." Aug. 14 Letter, Farrell Decl. Ex. D. Judge Sabraw has ruled on the privilege issue and Kreg Tool is not appealing that decision. To the extent these documents might relate only to the '373 patent, invalidity of the '373 patent remains a viable issue in this case. Mr. Adams should be held to his word to produce those documents.

The court, therefore, **GRANTS** Kreg Tool's motion and **ORDERS** that Mr. Adams produce the subpoenaed documents to Kreg Tool's counsel no later than **April 16, 2010**.

**IT IS SO ORDERED.**

DATED: April 9, 2010

*/s/ Nita L. Stormes*
Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court