# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOON PARK,<br><br>                              Plaintiff,<br><br>vs.<br><br><br>CAS ENTERPRISES, INC dba KREG TOOL COMPANY,<br><br>                              Defendant.<br>_____<br>AND ALL RELATED COUNTERCLAIMS. | CASE NO. 08-cv-0385 DMS (NLS)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO STRIKE EXHIBITS AND RELATED TESTIMONY**<br><br>**(2) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF CLAIM 1 OF THE '988 PATENT**<br><br>[Docs. 225 & 241] |

   Pending before the Court is Defendant's motion for summary judgment of invalidity of Claim 1 of U.S. Patent No. 6,637,988 ('988 Patent) under 35 U.S.C. § 102(b) as anticipated by U.S. Patent No. 2,843,167 ("Rushton"). Additionally, in response to several motions filed by Defendant, Plaintiff filed a motion to strike exhibits and related testimony that bears on the instant motion. The matters came on for hearing on May 7, 2010. Paul Adams appeared on behalf of Plaintiff. Timothy Zarley and Maha Sarah appeared on behalf of Defendant. For the reasons set forth below, both motions are denied.

/ / /

# I.

# BACKGROUND

Three patents are at issue: United States Patent Nos. 6,637,988 ('988 Patent), 7,134,814 ('814 Patent) and 7,374,373 ('373 Patent). All three patents are part of a family of patents, covering woodworking tools for drilling pocket holes. Because the facts are well known to the parties, the Court discusses only those facts that are relevant to the disposition of the subject motion.

The '988 patent issued on October 28, 2003. Claim 1 of the '988 patent provides:

> An adjustable pocket drilling fixture comprising:
>
> a base, a clamping face on said base, said clamping face defining a plane;
>
> a clamp body, a clamping face on said clamp body opposing said clamping face on said base;
>
> clamping structure interengaging said clamp body and said base, said clamping structure including a clamp actuator positioned adjacent said base to move said clamp body in a clamping direction;
>
> a guide carrier, at least one drill guide in said guide carrier, said drill guide having an axis which intersects said plane of said clamping face on said base, said guide carrier being slidably mounted on said base to move in a direction parallel to said plane; and
>
> gaging structure between said base and said guide carrier so that said guide carrier can be positioned at a predetermined distance from said base.

The '814 patent is a continuation-in-part of the '988 patent. When Plaintiff initially filed the application that matured into the '814 patent, claims 1 and 2 were identical to claim 1 of the '988 patent. (*Compare* Doc. 41-2, Newman Decl. Ex. 2D, at 62, *with* '988 Patent, Claim 1.) The patent examiner rejected claims 1 and 2 on two grounds relevant here: 1) for double patenting by the '988 patent, and 2) as anticipated by Rushton. (Farrell Decl. Ex. D. at 4.) Plaintiff thereafter amended claims 1 and 2 and obtained the '814 patent. (Farrell Decl. Ex. E.) The same patent examiner was involved in both the '988 and '814 patents, but he did not cite Rushton as prior art to the '988 patent.

Defendant filed the instant motion on March 19, 2010. (Doc. 225.) Plaintiff filed an opposition and Defendant filed a reply. (Docs. 237 & 245.) Plaintiff filed the motion to strike on April 23, 2010, and Defendant filed an opposition. (Docs. 241 & 259.)

/ / /

## II.

## DISCUSSION

**A.  Motion to Strike**

Plaintiff moves to strike reference to the Rushton patent because it is not listed in the prior art claim chart in Defendant's final invalidity contentions, as required by the patent local rules. Plaintiff, however, referenced Rushton in his claim construction brief earlier in this litigation and is clearly aware of the Rushton patent. Nonetheless, Plaintiff's concern is that Defendant did not elicit expert testimony regarding Rushton's effect on the validity of the '988 patent, and thus, Plaintiff will be prejudiced if expert testimony on the subject is now permitted. Defendant has indicated it does not intend to use expert testimony regarding Rushton, but rather that its use of Rushton is limited to charts made by Plaintiff. Given Defendant's proffer, the Court declines to strike use of the Rushton patent as prior art at this time. Accordingly, Plaintiff's motion to strike is denied without prejudice.[1]

**B.  Summary Judgment**

"Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1380 (Fed. Cir. 2005) (citing Fed. R. Civ. P. 56(c)). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982). The moving party carries the initial burden of demonstrating that summary judgment is proper. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). To meet this burden, the moving party must identify the pleadings, depositions, affidavits, or other evidence that it "believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies this initial burden, then the burden shifts to the opposing party to show that summary judgment is not appropriate. *Id.* at 324. The opposing party's evidence is to be believed, and all justifiable inferences are to be drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). To avoid summary judgment, the opposing party cannot rest solely on conclusory allegations. *Berg v.*

---

[1] Plaintiff also moves to strike photographs and documents that were submitted with two motions later withdrawn by Defendant. The Court denies the motion as moot.

*Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Instead, it must designate specific facts showing there is a genuine issue for trial. *Id.* More than a "metaphysical doubt" is required to establish a genuine issue of material fact." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**C.     Invalidity**

To prevail on a motion for summary judgment alleging patent invalidity, the moving party must overcome the statutory presumption that the patent is valid. *See* 35 U.S.C. § 282; *IPXL*, 430 F.3d at 1381. This is not an easy task. Indeed, the moving party can only overcome the presumption with "clear and convincing evidence" of patent invalidity. *Enzo Biochem, Inc. v. Gen-Probe Inc.*, 424 F.3d 1276, 1281 (Fed. Cir. 2005) (internal citation omitted). Consistent with the burden-shifting procedure for summary judgment, if the moving party, or challenger,

> provides evidence sufficient to establish a prima facie showing on an issue, the burden of production of evidence shifts to the patent owner. If the patent owner provides some contradictory evidence, then the trier of fact must resolve the conflict with the challenger, as noted, bearing the burden of persuasion by clear and convincing evidence.

1 Donald S. Chisum, Chisum on Patents § 3.04[1][b][v] (2005).

Here, Defendant asserts claim 1 of the '988 patent is invalid as being anticipated by the Rushton patent. "Anticipation under 35 U.S.C. § 102 means lack of novelty, and is a question of fact." *Brown v. 3M*, 265 F.3d 1349, 1351 (Fed. Cir. 2001). Determining whether a claim is anticipated involves two steps: (1) construing the claims, and (2) comparing the properly construed claims to the prior art. *In re Cruciferous Sprout Litigation*, 301 F.3d 1343, 1346 (Fed. Cir. 2002) (citations omitted). *See also* 1 Chisum, *supra*, § 3.02[1][g] (quoting *Key Pharmaceuticals, Inc. v. Hercon Labs. Corp.*, 161 F.3d 709 (Fed. Cir. 1998)) ("'First is construing the claim, a question of law for the court, followed by . . . a comparison of the construed claim to the prior art.'") "To anticipate, every element and limitation of the claimed invention must be found in a single prior art reference, arranged as in the claim." *Brown*, 265 F.3d at 1351 (citations omitted). *See also IPXL*, 430 F.3d at 1381 (quoting *Bristol-Myers Squibb Co. v. Ben Venue Labs, Inc.*, 246 F.3d 1368, 1373 (Fed. Cir. 2001)) (same). This is the same test for determining infringement, *i.e.*, "'[t]hat which infringes if later anticipates if earlier.'" *Brown*, 265 F.3d at 1351 (quoting *Polaroid Corp. v. Eastman Kodak Co.*, 789 F.2d 1556,

1573 (Fed. Cir. 1986)).

Defendant contends that because the original claims 1 and 2 of the '814 patent were identical to claim 1 of the '988 patent and were anticipated by Rushton, it follows that claim 1 of the '988 is also anticipated by Rushton. Plaintiff argues that the Examiner's findings are irrelevant because the Examiner was not analyzing the claims as subsequently construed by this Court.

During patent prosecution in the PTO, claims are given their broadest possible interpretation. *In re Zletz*, 893 F.2d 319, 321-322 (Fed. Cir. 1989). The reason is "that during patent prosecution when claims can be amended, ambiguities should be recognized, scope and breadth of language explored, and clarification imposed." *Id.* During litigation, patent claims are construed based on other considerations, such as the specification, prosecution history, prior art and other claims. *Atlantic Thermoplastics Co. v. Faytex Corp.*, 970 F.2d 834, 846 (Fed. Cir. 1992).

Here, the only evidence put forth by Defendant is from a determination made before the claims had been construed. However, the first step in a validity analysis is to interpret the claims. *TI Group Auto. Sys. (N. Am.), Inc. v. VDO N. Am., L.L.C.*, 375 F.3d 1126, 1139 (Fed. Cir. 2004). There is no basis to assume that the Examiner's findings of anticipation would be the same after the Court's construction. Defendant has not put forth clear and convincing evidence that Rushton anticipates each and every claim limitation of Claim 1 of the '988 patent as those limitations have been construed here. Accordingly, Defendant's motion is denied.

### III.
### CONCLUSION

For these reasons, Defendant's motion for summary judgment is denied. Plaintiff's motion to strike is denied without prejudice.

**IT IS SO ORDERED.**

DATED: May 13, 2010

HON. DANA M. SABRAW
United States District Judge