# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOON PARK,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CAS ENTERPRISES, INC dba KREG TOOL COMPANY,<br><br>　　　　　Defendant.<br><br>AND ALL RELATED COUNTERCLAIMS. | CASE NO. 08-cv-0385 DMS (NLS)<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF CLARK AND SOMMERFELD**<br><br>**(2) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF CLAIM 1 OF THE '373 PATENT**<br><br>[Docs. 222 & 240] |

　　　　Pending before the Court is Defendant's motion for summary judgment of invalidity of Claim 5 of U.S. Patent No. 7,374,373 ('373 Patent) under 35 U.S.C. § 102(a) and (b) as anticipated by Defendant's product, the Foreman DB50 Pocket Hole Drilling Machine. Also pending is Plaintiff's motion to strike several declarations filed by Scott Clark and Todd Sommerfeld. The matters came on for hearing on May 7, 2010. Paul Adams appeared on behalf of Plaintiff. Timothy Zarley and Maha Sarah appeared on behalf of Defendant. For the reasons set forth below, Defendant's motion is denied and Plaintiff's motion is granted in part.

# I.

# BACKGROUND

Three patents are at issue: United States Patent Nos. 6,637,988 ('988 Patent), 7,134,814 ('814 Patent) and 7,374,373 ('373 Patent). All three patents are part of a family of patents, covering woodworking tools for drilling pocket holes. Because the facts are well known to the parties, the Court discusses only those facts that are relevant to the disposition of the subject motion.

Plaintiff brought suit alleging that Defendant's DB55 and DB110 pocket hole drilling products infringed Claim 14 of the '373 patent. Claim 14 is dependent on Claim 13, which in turn is dependent on Claim 5. Defendant filed a counterclaim asserting that the '373 patent is invalid. Defendant now moves for summary judgment of invalidity of Claim 5 of the '373 patent. Claim 5 provides:

> An apparatus for drilling pocket-holes into a workpiece for use cooperatively with a step drill, comprising:
>
> a body, said body having a work surface defining a plane;
>
> a drilling module for cutting the pocket-hole, said drilling module having a first motor for driving a step-drill, wherein said drilling module is movable in a drilling direction from a first position to a second position by an actuator, wherein the step-drill intersects said plane;
>
> a guide module, said drilling module slidably mounted thereon, said drilling module engaging with respect to said guide module in said drilling direction; and
>
> an adjustable fence mounted on said work surface to position the workpiece so that the depth of drilling can be adjustable.

This Court previously held that the accused DB55 and DB110 products do not infringe the '373 patent. (Doc. 180.) The Court's order was based on the lever-sequence described in Claim 13 of the patent. Claim 13 provides:

> The apparatus as claimed in claim 5, further comprising a clamp which is movable to secure the workpiece, wherein said actuator provides a first point, a second point and a third point, wherein the movement of said actuator from said first point to second point causes clamping the workpiece by said clamp and the movement of said actuator from said second point to third point causes said drilling module to move to cut the pocket-hole in the workpiece by said first motor.

In Claim 13, "movement of the actuator from the first to the second point causes the clamp to engage the workpiece without movement of the drilling module, while movement of the actuator from the second to the third point causes movement of the drilling module." (Doc. 63 at 24-25.) In the

1 | accused products, the clamp and drilling module move simultaneously, and thus, do not infringe the
2 | patent either literally or under the doctrine of equivalents. (Doc. 180 at 4-7.)
3 |     After Defendant filed its motion for summary judgment of non-infringement of the '373 patent,
4 | Plaintiff filed a cross-motion for summary judgment of validity and infringement. (Doc. 110.) The
5 | Court denied Plaintiff's motion as moot after ruling that Defendant's products do not infringe the '373
6 | patent. (Doc. 180.) Plaintiff, therefore, did not oppose the instant motion on the merits, but instead
7 | argued the issue was moot because of the Court's previous ruling. However, because of the public
8 | interest in adjudicating issues of validity, *Cardinal Chem. Co. v. Morton Int'l*, 508 U.S. 83, 100 (1993),
9 | the Court finds that addressing the merits of Defendant's claims is warranted. While Plaintiff was
10 | permitted to, and did, file a supplemental brief, he did not oppose the motion on the merits; instead,
11 | Plaintiff argues the issue is moot because he intends to file for a reissue patent in the United States
12 | Patent and Trademark Office ("USPTO"). (Doc. 266.)

## II.

## DISCUSSION

**A.  Motion to Strike**

Plaintiff moves to strike declarations filed by Scott Clark and Todd Sommerfeld on the grounds that Clark and Sommerfeld, who were not designated as experts, are providing expert testimony. Sommerfeld's declarations were filed with motions later withdrawn by Defendant and the Court has already ruled on the motion involving the Clark declaration. Nevertheless, a ruling on the motion is warranted to guide the parties at trial.

Clark is a designer at Kreg Tool and co-inventor of the K3 device. Sommerfeld is the President of Kreg Tool and a named inventor of U.S. Patent No. 6,481,937. Defendant contends Clark and Sommerfeld are inventor lay witnesses who are testifying as to personal knowledge of their own products. Defendant further contends, citing *Sitrick v. Dreamworks,* LLC, 2006 U.S. Dist. LEXIS 97312, 64-66 (C.D. Cal. July 20, 2006), that Clark and Sommerfeld are free to compare their products with Park's patents. In *Sitrick*, the court allowed an inventor to testify about his own product and to compare it to the accused product. *Id.* There, however, the inventor was also the founder and managing director of the company that developed the accused product, and the court found that the

inventor's statement was one of fact based on personal knowledge. *Id.* The court did not permit the inventor to render opinions. *Id.* at 65 n.9. Likewise, Clark and Sommerfeld may testify as to the features of their own inventions, as well as to any other of Defendant's products for which they have personal knowledge. Clark and Sommerfeld, however, may not compare and contrast Defendant's products with Park's patents, nor offer ultimate opinions on issues such as anticipation, obviousness, and infringement. To do so "would allow Defendants to do an end-run around the expert witness requirements of Rule 26 (a)." *Sitrick*, 2006 U.S. Dist. LEXIS at 65 n.9.

**B.   Summary Judgment**

"Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1380 (Fed. Cir. 2005) (citing Fed. R. Civ. P. 56(c)). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982). The moving party carries the initial burden of demonstrating that summary judgment is proper. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). To meet this burden, the moving party must identify the pleadings, depositions, affidavits, or other evidence that it "believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies this initial burden, then the burden shifts to the opposing party to show that summary judgment is not appropriate. *Id.* at 324. The opposing party's evidence is to be believed, and all justifiable inferences are to be drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). To avoid summary judgment, the opposing party cannot rest solely on conclusory allegations. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Instead, it must designate specific facts showing there is a genuine issue for trial. *Id.* More than a "metaphysical doubt" is required to establish a genuine issue of material fact." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

/ / /

/ / /

/ / /

**C.     Invalidity**

To prevail on a motion for summary judgment alleging patent invalidity, the moving party must overcome the statutory presumption that the patent is valid. *See* 35 U.S.C. § 282; *IPXL*, 430 F.3d at 1381. This is not an easy task. Indeed, the moving party can only overcome the presumption with "clear and convincing evidence" of patent invalidity. *Enzo Biochem, Inc. v. Gen-Probe Inc.*, 424 F.3d 1276, 1281 (Fed. Cir. 2005) (internal citation omitted). Consistent with the burden-shifting procedure for summary judgment, if the moving party, or challenger,

> provides evidence sufficient to establish a prima facie showing on an issue, the burden of production of evidence shifts to the patent owner. If the patent owner provides some contradictory evidence, then the trier of fact must resolve the conflict with the challenger, as noted, bearing the burden of persuasion by clear and convincing evidence.

1 Donald S. Chisum, Chisum on Patents § 3.04[1][b][v] (2005).

Here, Defendant asserts claim 5 of the '373 patent is invalid as being anticipated by Defendant's DB50 Pocket Hole Drilling Machine. "Anticipation under 35 U.S.C. § 102 means lack of novelty, and is a question of fact." *Brown v. 3M*, 265 F.3d 1349, 1351 (Fed. Cir. 2001). Determining whether a claim is anticipated involves two steps: (1) construing the claims, and (2) comparing the properly construed claims to the prior art. *In re Cruciferous Sprout Litigation*, 301 F.3d 1343, 1346 (Fed. Cir. 2002) (citations omitted). *See also* 1 Chisum, *supra*, § 3.02[1][g] (quoting *Key Pharmaceuticals, Inc. v. Hercon Labs. Corp.*, 161 F.3d 709 (Fed. Cir. 1998)) ("'First is construing the claim, a question of law for the court, followed by . . . a comparison of the construed claim to the prior art.'") "To anticipate, every element and limitation of the claimed invention must be found in a single prior art reference, arranged as in the claim." *Brown*, 265 F.3d at 1351 (citations omitted). *See also IPXL*, 430 F.3d at 1381 (quoting *Bristol-Myers Squibb Co. v. Ben Venue Labs, Inc.*, 246 F.3d 1368, 1373 (Fed. Cir. 2001)) (same). This is the same test for determining infringement, *i.e.*, "'[t]hat which infringes if later anticipates if earlier.'" *Brown*, 265 F.3d at 1351 (quoting *Polaroid Corp. v. Eastman Kodak Co.*, 789 F.2d 1556, 1573 (Fed. Cir. 1986)).

Defendant contends that the DB50 contains each and every limitation of Claim 5 of the '373 patent. Defendant's evidence largely consists of a picture of the DB50 and a declaration of Brad Lilienthal, Vice President of Sales and Marketing at Kreg Tool. Defendant's motion does not discuss

the claims as construed by this Court and it provides only conclusory statements that each limitation is met. Based on this Court's review of the briefs and evidence submitted in support of Defendant's motion, triable issues of material fact exist regarding whether Claim 5 of the '373 patent is anticipated by the DB50. Accordingly, Defendant's motion for summary judgment is denied.

## III.
## CONCLUSION

For these reasons, Defendant's motion for summary judgment is denied and Plaintiff's motion to strike is granted in part.

**IT IS SO ORDERED.**

DATED: June 10, 2010

_____
HON. DANA M. SABRAW
United States District Judge