**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOON PARK, an individual, ) | |
| ) | Civil No.: 08-cv-0385 DMS/NLS |
| Plaintiff, ) | |
| ) | **PLAINTIFF'S OBJECTIONS TO** |
| v. ) | **DEFENDANT'S PROPOSED JURY** |
| ) | **INSTRUCTIONS** |
| CAS ENTERPRISES, INC., ) | |
| an Iowa Corporation d/b/a ) | |
| KREG TOOL COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

In the spirit of cooperation for providing this Court with a set of Joint Jury Instructions, Plaintiff has: (1) provided Defendant with a copy of the combined jury instructions on Thursday, July 15, 2010 identifying the positions of the parties as well as the agreed-upon language; (2) provided a second copy with Plaintiff's agreements to Defendant's portions along with discussion notes on Saturday, July 17, 2010; and (3) set up a conference call with Plaintiff for Sunday, July 18, 2010, to which counsel for Defendant declined to participate.

The only communication Plaintiff has received regarding the Joint Jury Instructions was a letter on Monday, July 19, 2010 (the date these instructions were due) giving a numbered list of what instructions Defendant would and would not agree to.  There was no discussion and no cooperation on the part of Defendant resulting in instructions that vary only slightly in some cases that only burdens the Court

Now Defendant has filed its objections to many of the instructions that Plaintiff agrees to with the exception of a few words -- such as inequitable conduct references or references to the K4 jig -- which this Court has already ruled to be excluded.

To simplify matters, Plaintiff will identify the portions of Defendant's "Alternative Instructions" (Docket No. 366) filed this date to which it objects and set forth its objections.

Defendant's Page 4, Summary of Contentions

Plaintiff agrees to the instruction with the exception of the language regarding unenforcability and deceptive intent (paragraph 3) which this Court has already ruled is a bifurcated matter.

Please see Plaintiff's instruction on Page 3 of its Proposed Jury Instructions which is identical with the exception of the language identified above and also noting Park's infringement contentions.

Defendant's Page 7, Patents at Issue

Plaintiff agrees to the instruction with the exception of the 6th paragraph identifying photos and drawings because the parties have never discussed which photos or drawings are to be included.

Please see Plaintiff's instruction on Page 4 of its Proposed Jury Instructions which is identical with the exception of that paragraph identified above.

Defendant's Page 9, Stipulations of Fact

Plaintiff agrees to the instruction with the exception of the last paragraph identifying the K4 Model because this Court has already ruled at the Motion in Limine hearing that no court orders, motions, patents or evidence regarding the Kreg Tool Model K4 is to be admitted under Rule 403. Plaintiff also notes the odd grammatical structure of the first paragraph.

Please see Plaintiff's instruction on Page 5 of its Proposed Jury Instructions which is identical with the exception of the last paragraph identified above. Plaintiff submits that its proposed language is clearer and grammatically correct.

Defendant's Pages 15 - 19, Summary of Contentions

Now that Defendant has put in the proper claim construction for the '373 in this instruction, Plaintiff agrees to the instruction in its entirety.

Please see Plaintiff's instruction at pages 7-11.

1   <u>Defendant's Pages 21 - 22, Construction of Means Plus Function Claims</u>

2       Plaintiff accepts Defendant's instruction.

3

4   <u>Defendant's Page 24, Open Ended or "Comprising Claims</u>

5       Plaintiff accepts Defendant's instruction.

6

7   <u>Defendant's Pages 28-29, Infringement Under the Doctrine of Equivalents</u>

8       Plaintiff objects to the bold paragraph as completely inapplicable to the present case and

9   notes that the last paragraphs in Defendant's instruction is repetitive.

10       Please see Plaintiff's instruction at pages 13-14 of its Proposed Instructions.

11

12   <u>Defendant's Pages 32 - 33, Willful Infringement</u>

13       Plaintiff objects because there are two patents at issue, not just one.  Plaintiff objects

14   because Defendant places the "unenforceability" issue before the jury although inequitable

15   conduct has been bifurcated.

16       <u>Plaintiff's Alternative (See pages 15-16 of Proposed Instructions)</u>

17       In this case, Park argues that Kreg Tool willfully infringed the '988 and '814 patents.

18       To prove willful infringement, Park must first persuade you that Kreg Tool infringed a

19   valid claim in either of the '988 or '814 patents.  The requirements for proving such infringement

20   were discussed in my prior instructions.

21       In addition, to prove willful infringement of the '988 or the '814 patents, Park must

22   persuade you that it is highly probable that prior to the filing date of the complaint[1], Kreg Tool

23   acted with reckless disregard of the claims of the Park '988 or '814 patents.

24       To demonstrate such reckless disregard, Park must satisfy a two-part test. The first part of

25

---

26   [1] This bracketed language should ordinarily be included as the Federal Circuit has
27   made clear that, in ordinary circumstances, willfulness will depend on an
   infringer's prelitigation conduct. *In re Seagate Technology, LLC*, 2007 U.S. App.
28   LEXIS 19768 (Fed. Cir. Aug. 20, 2007).

the test is objective. Park must persuade you that Kreg Tool acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. The state of mind of Kreg Tool is not relevant to this inquiry. Rather, the appropriate inquiry is whether the defenses put forth by Kreg Tool, fail to raise any substantial question with regard to infringement or validity. Only if you conclude that the defenses fail to raise any substantial question with regard to infringement or validity do you need to consider the second part of the test.

The second part of the test does depend on the state of mind of Kreg Tool. Park must persuade you that Kreg Tool actually knew, or it was so obvious that Kreg Tool should have known, that its actions constituted infringement of a valid patent.

In deciding whether Kreg Tool acted with reckless disregard for Park's patents, you should consider all of the facts surrounding the alleged infringement including, but not limited to whether Kreg Tool acted in a manner consistent with the standards of commerce in the woodworking tool industry, whether Kreg Tool relied on a legal opinion and whether Kreg Tool intentionally copied a product of Park covered by the patent.

**Authorities:**

N.D. Calif. Model Patent Jury Inst. B.3.11 (11/29/07)

*35 U.S.C. § 284; In re Seagate Tech., LLC*, 2007 U.S. App. LEXIS 19768 (Fed. Cir. Aug. 20, 2007); *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1345 (Fed. Cir. 2004) (*en banc*); *Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1346 (Fed. Cir. 2001); *WMS Gaming Inc. v. Int'l Game Tech.*, 184 F.3d 1339, 1354 (Fed. Cir. 1999); *Read Corp. v. Portec, Inc.*, 970 F.2d 816 (Fed. Cir. 1992); *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.,* 897 F.2d 508, 510 (Fed. Cir. 1990).

_____ Given          _____ Modified          _____ Denied


Defendant's Pages 36 - 37, Invalidity -- Burden of Proof

The instruction does not specify whether the prior art is applied under Section 102 or Section 103 thus causing confusion. The burden of proof instruction does not require identifying the prior art because that is specified in the next instruction.

1   Plaintiff's Alternative (See page 19 of Proposed Instructions)

2   I will now instruct you on the rules you must follow in deciding whether Kreg Tool has
3   proven that claims 1, 12 and 20 of the '988 patent or Claims 1, 2, 4, 5, 6, 9, 10, and 11 of the '814
4   patent and claim 5 of the '373 patent are invalid. Before discussing the specific rules, I want to
5   remind you about the standard of proof that applies to this defense. To prove invalidity of any
6   patent claim, Kreg Tool must persuade you that it is highly probable that the claim is invalid.

7   If the invalidity defense is based on prior art already considered by the Patent Office, the
8   burden of proof on the accused infringer increases, that is, the accused infringer has the added
9   burden of overcoming the deference that is due to a qualified government agency presumed to
10  have properly done its job, which includes one or more examiners who are assumed to have some
11  expertise in interpreting the references and to be familiar from their work with the level of skill in
12  the art and whose duty it is to issue only valid patents.

13  **Authorities:**
14  N.D. Calif. Model Patent Jury Inst. B.4.1 (11/29/07)
15  *Buildex, Inc. v. Kason Indus., Inc.*, 849 F.2d 1461, 1463 (Fed. Cir. 1988); *Hybritech, Inc. v.*
16  *Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1375 (Fed. Cir. 1986); *American Hoist & Derrick*
17  *Co. v. Sowa & Sons*, 725 F.2d 1350, 1360 (Fed. Cir. 1984); *PowerOasis, Inc. v. T-Mobile, USA,*
18  *Inc.*, 522 F.3d 1299 (Fed. Cir. 2008); *Anderson Corp. v. Pella Corp.*, 300 Fed.Appx. 893, 2008
19  WL 4927431 (C.A. Fed.).
20  _____ Given          _____ Modified            _____ Denied
21

22  Defendant's Page 40, Prior Art Defined
23  Park will accept Kreg Tool's alternative subject to the inclusion of the statement that Park
24  contends that the DB50, CMT Pocket Pro jig, A2H and A2H/A2F adaptor are not prior art.
25  Otherwise, see Plaintiff's alternative.
26  Plaintiff's Alternative (See page 22 of Proposed Instructions)
27  In this case, Kreg Tool contends the following patents and physical devices are prior art.
28  First, Kreg Tool contends that a Kreg Tool device called the A2H included a configuration

| | |
|---|---|
| 1 | having an air cylinder mounted on the horizontal portion of the base with a control valve mounted |
| 2 | on the vertical fixed guide carrier of the base ("Specially Configured A2H") is prior art, that is, |
| 3 | was offered for sale, sold or was publicly known or used prior to the filing date of the '988 patent, |
| 4 | November 15, 2001.  Park contends that Kreg Tool has not established that the Specially |
| 5 | Configured A2H is prior art.  Kreg Tool must establish that the Specially Configured A2H is prior |
| 6 | art by clear and convincing evidence which cannot be based on oral testimony alone; it must be |
| 7 | corroborated by documents (including photographs) or a physical device created |
| 8 | contemporaneously with the date of the alleged prior art event. |
| 9 |       Second, Park admits that the Kreg Tool Rocket and K2000 are prior art. |
| 10 |       Third, Kreg Tool contends that Kreg Tool Patent Nos. 5,676,500 ('500) and 6,481,937 |
| 11 | ('937) are prior art; Park admits that these two patents are prior art and that the '500 patent |
| 12 | discloses and describes at least as much as the Rocket jig and that the '937 patent discloses and |
| 13 | describes at least as much as the K2000 physical device.  Therefore, the physical devices are |
| 14 | cumulative. |
| 15 |       Fourth, Park admits that the Raines Patent No. 4,842,453 is prior art. |
| 16 |       Fifth, Kreg Tool contends that the DB50 is prior art to Claim 5 of the '373 patent. |
| 17 | **Authorities:** |
| 18 | *Deering v. Winona Harvester Works,* 155 U.S. 286, 300-301, 15 S.Ct. 118, 123-24 (1894); *Eibel* |
| 19 | *Process Co. v. Minnesota & Ontario Paper Co.,* 261 U.S. 45, 60, 43 S.Ct. 322, 327 (1923); |
| 20 | *Woodland Trust v Flowertree Nursery, Inc.,* 148 F.3d 1368, 1371 (Fed. Cir. 1998); *Finnigan* |
| 21 | *Corp. v. Int'l. Trade Comm'n.,* 180 F3d 1354, 1369 (Fed. Cir. 1999); *Juicy Whip, Inc. v. Orange* |
| 22 | *Bang, Inc.,* 292 F.3d 728, 741 (Fed. Cir. 2002); *Washburn & Moen Manuf"g. Co. v. Beat 'em all* |
| 23 | *Barbed-Wire Co.*, 143 U.S. 275, 284-85, 12 S.Ct. 443, 448 (1892) |
| 24 | \_\_\_\_\_ Given             \_\_\_\_\_ Modified                 \_\_\_\_\_ Denied |
| 25 | |
| 26 | Defendant's Page 43, Scope and Content of the Prior Art |
| 27 |       Plaintiff's alternative instruction is identical with the exception of the two references to |
| 28 | "the CMT Pocket Pro jig." |

Park has contended in his Final Infringement Contentions that Claims 4 and 11 of the '814 patent are entitled to the '988 filing date, which precedes the existence of the CMT Pocket Pro. Kreg Tool must prove otherwise, and Park will not concede that Claim 4 in particular, being a Section 112, Paragraph 6 claim, is not entitled to the '988 filing date.  Accordingly, Park will not admit that the CMT Pocket Pro is prior art to any claim in the '814 patent.

Please see page 23 of Plaintiff's Proposed Instructions.

Defendant's Page 47, Level of Ordinary Skill

Kreg Tool's contention as to the skill level is conjunctive in nature: design, manufacture, sale **and** use.  Park will not agree to Kreg Tool's contention.  Rather, Park contends that five years of design or manufacture or sale or use of woodworking tools is sufficient to qualify as a person having ordinary skill in the art.  There is no reason to strike Park's contentions in favor of Kreg Tool's.

Plaintiff's Alternative (See Page 25 of its Proposed Instructions)

The determination of whether a claimed invention is obvious is based on the perspective of a person of ordinary skill in the woodworking tools.  The person of ordinary skill is presumed to know all prior art that you have determined to be reasonably relevant.  The person of ordinary skill is also a person of ordinary creativity that can use common sense to solve problems.

Several times, in my instructions, I have referred to a person of ordinary skill in the field of woodworking. It is up to you to decide the level of ordinary skill in the field of woodworking.

When determining the level of ordinary skill in the art, you should consider all the evidence introduced at trial in making this decision, including evidence of:

1. the level of education and experience of persons actively working in the field at the time of the invention, including the inventor;
2. the types of problems encountered in the art at the time of the invention; and
3. the sophistication of the technology in the art at the time of the invention, including the rapidity with which innovations were made in the art at the time of the invention.

Kreg Tool contends that the level of ordinary skill in the field is a person with more than 5 years experience in the design, manufacture, sale and use of woodworking tools.

Park contends that the level of ordinary skill in the field is a person with more than 5 years experience in the design, manufacture, sale or use of woodworking tools.

**Authorities:**

AIPLA Model Jury Inst. 7.3 (2008)

*KSR Int'l Co. v. Teleflex Inc.*, 127 S.Ct. 1727, 1742-43 (2007); *Graham v. John Deere Co.,* 383 U.S. 1, 17-18 (1966); *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 666-67 (Fed. Cir. 2000); *Envtl Designs, Ltd. v. Union Oil Co.,* 713 F.2d 693, 696-97 (Fed. Cir. 1983).

_____ Given        _____ Modified              _____ Denied


<u>Defendant's Page 50, Enablement</u>

Plaintiff has taken Defendant's instruction in its entirety, subject to correction as to what the parties contend is one of ordinary skill in the art..

Please see page 17 of Plaintiff's Proposed Instructions.


<u>Defendant's Page 53, Damages -- Burden of Proof</u>

Kreg Tool admits that Park's instructions are "consistent" with Section B.5.1 of the jury instructions of the Northern District of California -- support for which is found in the litany of cases cited therewith. That Park seeks a reasonable royalty is hardly a contentious issue. Otherwise, Park's suggested language is almost identical to Kreg Tool's. Accordingly, Park will insist on his own alternative instruction which properly sets forth the measure of damages as a reasonable royalty.

<u>Plaintiff's Alternative (See page 26 of Proposed Instructions)</u>

I will instruct you about the measure of damages. In instructing you on damages, I am not suggesting which party should win on any issue; the instructions as to the measure of damages are given for your guidance in the event you find the evidence in favor of Park. If you find that Kreg Tool has infringed any valid claim of either the '988 or '814 patents, then you must then

determine the amount of money damages to be awarded to Park to compensate him for the infringement. In this case, Park seeks damages based on a reasonable royalty.

Park has the burden of proving damages by a preponderance of the evidence and is entitled to all damages that can be proven with reasonable certainty. Reasonable certainty does not require proof of damages with mathematical precision. Mere difficulty in ascertaining damages is not fatal to Park's right to recover. You may base your evaluation of reasonable certainty on opinion evidence.

The amount of those damages must be adequate to compensate Park for the infringement. A damages award should put the patent holder in approximately the financial position it would have been in had the infringement not occurred, but in no event may the damages award be less than a reasonable royalty. You should keep in mind that the damages you award are meant to compensate the patent holder and not to punish an infringer.

**Authorities:**

N.D. Calif. Model Patent Jury Inst. B.5.1 (11/29/07)

*Lucent v. Gateway*, 509 F.Supp.2d 912, 935-38 (S.D. Cal. 2007), *aff'd.*, 580 F.3d at 1325, 1327 (Fed. Cir. 2009) (Jury instructions, 2007 WL 906141 (S.D. Cal. 2007)); *Unisplay S.A. v. Am. Elec. Sign Co.*, 69 F.3d 512, 517 (Fed. Cir. 1995); *Dow Chem. Co. v. Mee Indus., Inc.*, 341 F.3d 1370, 1381-82 (Fed. Cir. 2003); *Grain Processing Corp. v. American Maize-Prod. Co.*, 185 F.3d 1341, 1349 (Fed. Cir. 1999); *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1108-1109 (Fed. Cir. 1996); *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1544, 1545 (Fed. Cir. 1995) (*en banc*).

_____ Given          _____ Modified          _____ Denied


Defendant's Page 57, Damages -- Reasonable Royalty -- Definition

Kreg Tool is once again attempting to tell the jury that its royalties paid to Allen IP and the Sommerfelds are not arms-length and thereby exclude them from consideration by the jury. The Court has already ruled on this matter, and it is improper for Kreg Tool to attempt to use jury instructions as a proxy for a lost motion in limine. Park must exclude Kreg Tool's proposed language as it is legally incorrect, incoherent, prejudiced and directly contrary to this Court's

orders.

<u>Plaintiff's Alternative (See page 28 of Proposed Instructions)</u>

A royalty is a payment made to a patent holder (Park) in exchange for rights to make, use or sell the claimed invention. A reasonable royalty is the payment that would have resulted from a hypothetical arm's length negotiation between Park and Kreg Tool taking place at the time when the infringing sales first began and with both parties operating under the assumption that the patent is valid and infringed.  In considering the nature of this negotiation, the focus is on what the expectations of Park and Kreg Tool would have been had they entered into an agreement at that time and acted reasonably in their negotiations.  In addition, you must assume that the persons negotiating on behalf of Park and Kreg Tool were willing to enter into an agreement; your role is to determine what that agreement would have been.  The test for damages is what royalty would have resulted from the hypothetical negotiation and not simply what either party would have preferred.  Finally, you must assume that both Park and Kreg Tool know all pertinent information (not including subsequent facts) at the time of the negotiation.

**Authorities:**

N.D. Calif. Model Patent Jury Inst. B.5.7 (11/29/07) (modified - underlined)

*Lucent v. Gateway*, 509 F.Supp.2d 912, 935-38 (S.D. Cal. 2007), *aff'd*., 580 F.3d at 1325, 1327 (Fed. Cir. 2009) (Jury instructions, 2007 WL 906141 (S.D. Cal. 2007)).

_____ Given          _____ Modified            _____ Denied


<u>Defendant's Pages 59 - 60, Laches</u>

Plaintiff has accepted Defendant's instruction in its entirety with the additions of the following which are <u>underlined</u>:

<u>Plaintiff's Alternative (See pages 29 - 30 of Proposed Instructions)</u>

Kreg Tool contends that Park is not entitled to recover damages for acts that occurred before it filed a lawsuit because: (1) Park delayed filing the lawsuit for an unreasonably long and inexcusable period of time, and (2) Kreg Tool has been or will be prejudiced in a significant way due to Park's delay in filing the lawsuit. This is referred to as laches. Kreg Tool must prove delay

and prejudice by a preponderance of the evidence.

<u>In this case, the delay in filing is from April 2007 and February 2008, or approximately 10 months</u>. Whether Park's delay was unreasonably long and unjustified is a question that must be answered by considering the facts and circumstances as they existed during the period of delay. There is no minimum amount of delay required to establish laches, <u>although in general delays of less then one year are not unreasonable or inexcusable</u>. If suit was delayed for six years, a rebuttable presumption arises that the delay was unreasonable and unjustified, and that material prejudice resulted. This presumption shifts the burden of proof to Park to come forward with evidence to prove that the delay was justified or that material prejudice did not result, and if Park presents such evidence, the burden of proving laches remains with Kreg Tool. Laches may be found for delays of less than six years if there is proof of unreasonably long and unjustifiable delay causing material prejudice to Kreg Tool. Facts and circumstances that can justify a long delay can include:

(1)   being involved in other litigation during the period of delay;

(2)   being involved in negotiations with Kreg Tool during the period of delay;

(3)   poverty or illness during the period of delay;

(4)   wartime conditions during the period of delay;

(5)   being involved in a dispute about ownership of the patent during the period of delay; or

(6)   minimal amounts of allegedly infringing activity by Kreg Tool during the period of delay.

If you find unreasonable and unjustified delay occurred, to find laches, you must also determine if Kreg Tool suffered material prejudice as a result of the delay. Prejudice to Kreg Tool can be evidentiary or economic. Whether Kreg Tool suffered evidentiary prejudice is a question that must be answered by evaluating whether delay in filing this case resulted in Kreg Tool not being able to present a full and fair defense on the merits to Park's infringement claim. Not being able to present a full and fair defense on the merits to an infringement claim can occur due to the loss of important records, the death or impairment of an important witness(es), the unreliability of

memories about important events because they occurred in the distant past, or other similar types of things. Economic prejudice is determined by whether or not Kreg Tool changed its economic position in a significant way during the period of delay resulting in losses beyond merely paying for infringement (such as if Kreg Tool could have switched to a noninfringing product if sued earlier), and also whether Kreg Tool's losses as a result of that change in economic position likely would have been avoided if Park had filed this lawsuit sooner. In all scenarios though, the ultimate determination of whether laches should apply in this case is a question of fairness, given all the facts and circumstances. Thus, you may find that laches does not apply if there is no evidence establishing each of the three elements noted above (unreasonable delay, lack of excuse or justification, and significant prejudice). You may also find that even though all of the elements of laches have been proved, it should not, in fairness, apply, given all the facts and circumstances in this case.

**Authorities:**

The Federal Circuit Bar Association Model Patent Jury Instructions, February 18, 2010

35 U.S.C. § 282; *Gasser Chair Co. v. Infanti Chair Mfg. Corp.*, 60 F.3d 770, 773-74 (Fed. Cir. 1995); *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1039 (Fed. Cir. 1992) (en banc); <u>*Cooperative Regionale de Vins de Champagne v. Chatam Intern. Inc.*, 1987 WL 123927 (S.D.N.Y.);</u> *Hampton v. Paramount Pictures Corp.*, 279 F.2d 100 (9th Cir. 1960).

\_\_\_\_\_ Given

\_\_\_\_\_ Modified

\_\_\_\_\_ Denied

Dated this 19th day of July, 2010.

          Respectfully submitted,

          THE ADAMS LAW FIRM


By   s: *Paul Adams*
      Paul Adams, (Bar No. 42,146)
      550 West C Street, Suite 2000
      San Diego, California 92101
      Telephone: 619-241-4810
      Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 19, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Frank S. Farrell, admitted *pro hac*
F.S. FARRELL, LLC
7101 York Avenue South, Suite 153
Edina, MN 55435
Telephone: 952-921-3260
Facsimile: 952-216-0106
frank@fsfarrell.com

John L. Haller
Charles V. Berwanger
Matthew G. Kleiner
Gordon & Rees LLP
101 West Broadway, Suite 1600
San Diego, CA 92101
ihaller@gordonrees.com

Timothy J. Zarley, admitted *pro hac*
Zarley Law Firm, PLC
400 Locust Street
Capital Square, Suite 200
Des Moines, IA 50309-2350
tzarley@zarleylaw.com

          s: *Paul Adams*
          Paul Adams

Plaintiff's Objections to Defendant's Proposed Instructions - Page 13